# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case Number: 3:23-cr-00048 |

**DECLARATION OF PROPOSED SPECIAL MASTER**

I, Joseph W. Grier, III, being first duly sworn, do depose and state as follows:

1. I am over 18 years of age and competent to provide testimony under oath.

2. I am an attorney at law admitted to practice before the state and federal courts in North Carolina and am a member of the law firm of Grier Wright Martinez, PA ("GWM"), with offices at 521 East Morehead Street, Suite 440, Charlotte, North Carolina 28202. I am in good standing with all courts in which I am admitted.

3. I am willing to serve as the Court-appointed special master in the above-captioned case (this "Case"), and GWM is willing to represent me as special master in this Case.

4. Neither I, GWM, nor any member or associate of GWM, insofar as I have been able to ascertain, has any connection with Defendant Greg E. Lindberg ("Defendant") or any entities affiliated with Defendant. Based on the list of victims provided to me by the U.S. Attorney's Office, neither I, GWM, nor any member or associate of GWM, insofar as I have been able to ascertain, represents any interest adverse to those of the Defendant's victims.

5. Both I and GWM have experience liquidating complex assets for the benefit of the victims of a fraudulent enterprise in situations that require cooperation with fiduciaries in related litigation, including, without limitation, the following appointments.

(a) *State of North Carolina ex rel. Roy Cooper, Attorney General vs. Peerless Real Estate Services, Inc., et a*l, 07-CVS-009006 (Wake County, NC, Superior Court) and related criminal cases before the U.S. District Court for the Western District of North Carolina: 3:08-cr-00163-FDW; 3:08-cr-0021-FDW; 3:08-cr-00100-FDW; and 3:08-cr-00165-FDW. I served as receiver for a group of entities that attempted, unsuccessfully and fraudulently, to develop resort property in the mountains of North Carolina. I obtained a forensic accounting of the expenditure of over $90 million of investor monies and filed a number of lawsuits to recover money. Five of the principals of the entities pled guilty to federal criminal charges, and the United States District Court for the Western District of North Carolina appointed me as a special master to assist the District Court in fashioning restitution orders for four of the five criminal defendants (3:08-cr-00163-FDW; 3:08-cr-0021-FDW; 3:08-cr-00100-FDW and 3:08-cr-00165-FDW). The orders appointing me as Special Master contemplated that the Special Master's responsibilities and powers would complement and work in harmony with my duties and powers as a Receiver in the State Court.

(b) *C.F.T.C. v. Mason*, 3:13-CV-196 (W.D.N.C.), and *U.S. v. Mason*, 3:14-CR-122 (W.D.N.C.). I served as receiver for an individual and a group of entities that operated a Ponzi Scheme under the guise of a legitimate foreign currency trading enterprise. After liquidating the available assets, I made meaningful distributions to more than 300 victims of the Ponzi Scheme. GWM worked with the U.S. Attorney's Office and the U.S. Probation Office to establish appropriate victim restitution amounts in connection with the individual defendant's criminal case, although I was not formally appointed special master in that criminal action.

(c) *In re TSI Holdings, LLC*, 17-30132 (Bankr. W.D.N.C.); *In re WSC Holdings, LLC*, 17-30338 (Bankr. W.D.N.C.); *In re SouthPark Partners, LLC*, 17-30339 (Bankr. W.D.N.C.); and *In re Sharon Road Properties, LLC*, 17-30363 (Bankr. W.D.N.C.). I was appointed chapter 7 bankruptcy trustee for various entities used to commit one of the longest-running Ponzi Schemes that duped hundreds of victims of more than $30,000,000. I recovered sufficient funds to pay victims not only all principal invested but also an interest component, reflecting a rare instance where Ponzi Scheme victims were paid in full, plus interest. The perpetrator of the scheme committed suicide shortly before the bankruptcy cases were filed such that no companion criminal action ensued; however, the liquidation efforts required coordination and cooperation with the personal representative of the perpetrator's decedent's estate.

(d) *S.E.C. v. Davis*, 3:16-CV-285 (W.D.N.C.), and *U.S. v. Davis*, 3:16-CR-312 (W.D.N.C.). GWM member A. Cotten Wright served as receiver for a group of entities created by an individual who duped investors by promising that their funds would be invested in conservative real estate acquisitions and related opportunities although the funds were actually used to purchase highly speculative assets and to support the fraudster's lavish lifestyle. In addition to pursuing avoidance actions, Ms. Wright, with the assistance of other attorneys at GWM, liquidated a unique portfolio of assets, including goldmining equipment in Nevada and

mountaintop real estate in Virginia. Ms. Wright was appointed as special master in the companion criminal action to, among other tasks, prepare a report and recommendation concerning victim restitution and manage ongoing communications with investors regarding the defendant's incarceration.

(e) *S.E.C. v. Woods*, 1:21-CV-3413 (N.D. Ga.), and *U.S. v. Woods*, 1:23-CR-64 (N.D. Ga.). Ms. Wright served as receiver for an entity used to commit a multi-decade Ponzi Scheme in which more than 400 investors invested approximately $130,000,000, resulting in net losses of more than $70,000,000. Ms. Wright, with the assistance of GWM, supervised the sale of a financial advisory firm that was actively conducting business in more than half a dozen states for the benefit of victims. Other assets that were liquidated included an ownership interest in the Chattanooga Lookouts Double-A minor league baseball team and fractional membership interests in various real estate projects, including a landfill. Those efforts by Ms. Wright and GWM resulted in a recovery of more than 32% for victims. Although not formally appointed as special master in the related criminal case, Ms. Wright assisted the U.S. Attorney's Office in calculating a recommended amount for victim restitution and communicated developments in the criminal proceeding to victims in connection with her responsibilities as receiver.

(f) *In re Garth Errol McGillewie, Jr.*, 2023E000755 (Union County, NC, Clerk of Superior Court). GWM member Michael L. Martinez was appointed as the Administrator CTA (replacing the widow-executrix) for the decedent's estate of the perpetrator of $100,000,000+ fraud on various equipment lenders and others through his company, Applied Machinery Rentals, LLC and certain affiliates. This appointment required that Mr. Martinez work with the bankruptcy trustees of related entities to trace funds, identify sources of recovery, and liquidate assets for the benefit of the victims.

6. The foregoing experiences, in addition to other appointments or representations where GWM or GWM's members served as trustee, receiver, or in other similar fiduciary capacities, or counsel to the same, leads me to conclude that I am competent to serve as the special master in this Case and that GWM is competent to serve as my counsel.

7. If appointed as special master in this Case, I would seek to be compensated at my normal hourly rate whether performing non-attorney services as special master or performing legal services as the attorney to the special master. I would not seek a commission in addition to the hourly fees. Likewise, GWM would charge for its time assisting me as special master at GWM's customary hourly rates and seek reimbursement for reasonable and necessary expenses incurred by GWM during such representation. GWM's current fee schedule (which is subject to adjustment in the ordinary course of business) is as follows:

| Attorney/Legal Assistant | Hourly Rate |
|---|---|
| Joseph W. Grier, III | $695.00 |
| A. Cotten Wright | $450.00 |
| Michael L. Martinez | $425.00 |
| Anna S. Gorman | $410.00 |
| Benjamin D. Rhodes | $275.00 |
| Brittany L. Franklin | $190.00 |

8. In addition to GWM serving as general counsel, I anticipate needing additional professionals to assist me if appointed as special master. For example, I would need financial advisors to help me assess, monitor, market, sell, and otherwise administer the Defendant's complex array of assets. I have interviewed Scott Avila of Paladin Management Group ("Paladin") and have researched Paladin's qualifications for potentially serving as the financial advisors to the special master in this Case. Based on my investigation, I believe that Mr. Avila and Paladin are competent to serve as the financial advisors to the special master in this Case.

9. I have read the foregoing declaration and declare that it is true and correct to the best of my information, personal knowledge, and belief.

Dated: December 19, 2024

Joseph W. Grier, III