# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case Number: 3:23-cr-00048 |

**DECLARATION OF PROPOSED SPECIAL MASTER'S FINANICAL ADVISOR**

I, T. Scott Avila, being first duly sworn, do depose and state as follows:

1. I am over 18 years of age and competent to provide testimony under oath.

2. I am a founding partner of Paladin Management Group, LLC ("Paladin"). I have more than twenty-five years of experience in providing financial advisory services to clients in a variety of industries, and have frequently been appointed Chief Restructuring Officer of such businesses. I have served as the Chief Restructuring Officer in numerous Chapter 11 bankruptcy proceedings.

3. I am willing to serve as the Court-appointed financial advisor to the special master in the above-captioned case (this "Case"), and Paladin is willing to assist me as the financial advisor in this Case.

4. Neither I, Paladin, nor any professional or associate of Paladin, insofar as I have been able to ascertain, has any connection with Defendant Greg E. Lindberg ("Defendant") or any entities affiliated with Defendant. Based on the list of victims provided to me by the U.S. Attorney's Office, neither I, Paladin, nor any professional or associate of Paladin insofar as I have been able to ascertain, represents any interest adverse to those of the Defendant's victims.

5. Both I and Paladin have experience monetizing complex assets for the benefit of the victims and stakeholders in a variety of in situations, including fraudulent enterprises that require cooperation with fiduciaries in related litigation and negotiations with a variety of third-parties. I have served as the Chief Restructuring Officer in 20 Chapter 11 Bankruptcy proceedings, where I monetized assets for the benefit of various stakeholders.

- AmeriFirst Financial, (Bankr. D. Del.)
- Apex Parks Group (Bankr. D. Del.)
- Arecont Vision (Bankr. D. Del.)
- Beaulieu Group (Bankr. N.D. GA)
- Coast Crane Company (Bankr. W.D. WA)
- Easterday Farms & Easterday Ranches (Bankr. E.D. WA)
- Elephant Bar Restaurants (Bankr. C.D . Ca.)
- First River Energy (Bankr. W.D. Tex.)
- Fluid Truck, Inc. (Bankr. D. Del.)
- General Media (Bankr. D. Del.)
- Global Motor Sports Group (Bankr. D. Del.)
- ICG Communications (Bankr. D. Del.)
- Imperial Toy (Bankr. N.D . CA.)
- ISE Corporation (Bankr. S.D . CA.)
- Kent & Spiegel Direct (Bankr. C.D . CA.)
- MD America Energy (Bankr. S. D. Tex.)
- Point Blank Solutions (Bankr. D. Del.)
- Republic Metals Corporation (Bankr. S.D . NY.)
- Sexy Hair Concepts (Bankr. C.D . CA.)
- Stempel Manufacturing (Bankr. N. D. Tex.)

6. I have also served as the Chief Restructuring Officer in matters that involved monetizing assets for the benefit of victims and stakeholders, which entailed fraudulent actions by the Company's management teams and shareholders.

(a) *United Sates v. Easterday* (4:21-cr-06012) (District Court, E.D. Washington). Easterday defrauded Tyson Foods, Inc. and another company out of $244 million. I was retained by Easterday Farms and Easterday Ranches ("the Entities") as the court approved Chief Restructuring officer to oversee the monetization of all the Entities' assets. This was the largest single sale of agriculture land in the US, and along with the sale of other assets resulted in a substantial recovery to victims.

(b) *United Sates v. David H. Brooks* (10-cv-4750) (District Court, E.D. New York). Mr. Brooks was convicted of multiple offenses relating to securities fraud, mail and wire fraud, and obstruction of justice. I was retained by Point Blank Solutions, Inc as the court approved Chief Restructuring Officer to monetize the business entities and for the benefit of victims (creditors and shareholders). Additionally, I worked with the Securities and Exchange Commission, and the United States Department of Justice throughout the entire forfeiture and restitution process. Total forfeiture was more than $143 million, and provided for a full recovery to secured and unsecured creditors and a substantial recovery to shareholders.

7. The foregoing experiences, in addition to other appointments or representations where Paladin or Paladin professionals served in various similar fiduciary capacities, or advised stakeholders to the same, leads me to conclude that I am competent to serve as the Financial Advisor to the special master in this Case and that Paladin is competent to assist me and the special master.

8. If appointed as Financial Advisor in this Case, I would seek to be compensated at my normal hourly rate, and I would not seek a commission in addition to the hourly fees. Likewise, Paladin would charge for its time assisting me as Financial Advisor at Paladin's customary hourly rates and seek reimbursement for reasonable and necessary expenses incurred by Paladin during such representation. Paladin's current fee schedule (which is subject to adjustment in the ordinary course of business) is as follows:

| Attorney/Legal Assistant | Hourly Rate Ranges | |
|---|---|---|
| Scott Avila | $825.00 | $825.00 |
| Partners | $625.00 | $675.00 |
| Managing Directors | $550.00 | $595.00 |
| Directors | $475.00 | $525.00 |
| Associates | $425.00 | $450.00 |
| Para-Professionals | $225.00 | $225.00 |

9. I have read the foregoing declaration and declare that it is true and correct to the best of my information, personal knowledge, and belief.

Dated: December 19, 2024

T. Scott Avila