**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG,<br><br>*Defendant*. | No. 5:19-CR-22-MOC<br><br>No. 3:23-CR-48-MOC |

**DEFENDANT GREG E. LINDBERG'S AND THE UNITED STATES' JOINT MOTION TO BIFURCATE SENTENCING HEARING**

Defendant Greg E. Lindberg and the United States, through undersigned counsel, jointly move the Court to bifurcate the sentencing hearing in this matter. In support of this Motion, Mr. Lindberg and the United States set forth the following facts:

1. In March 2019, Mr. Lindberg was indicted by a grand jury in the Western District of North Carolina along with several co-defendants and charged in the "Public Corruption" case. *See United States v. Lindberg, et al.*, Case No. 5:19-cr-22 (W.D.N.C. 2019) (Dkt. Entry No. 3). Following his initial conviction and the reversal of that conviction by the Fourth Circuit Court of Appeals, Mr. Lindberg was convicted at his retrial in May 2024.

2. In February 2023, Mr. Lindberg was charged in a thirteen count Indictment in the "Financial" case. *See United States v. Lindberg*, Case No. 3:23-cr-48 (W.D.N.C. 2023) (Dkt. Entry No. 1).

3. Mr. Lindberg pled guilty to Count One (conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment advisor fraud) and Count Thirteen (money laundering conspiracy) in the Financial case, pursuant to a written plea agreement. As part of his plea agreement, Mr. Lindberg agreed to pay restitution to victims of the conduct charged in the Indictment and to the appointment of a Special Master to "identify, receive, apportion, and

distribute funds for restitution, and perform any other related tasks as ordered by the Court." Fin. Dkt. Entry No. 40.

4. On the day of his plea hearing, Mr. Lindberg voluntarily surrendered to begin serving his federal sentence. Mr. Lindberg has been incarcerated at the Gaston County Jail since November 12, 2024. He also spent 633 days in jail after his initial Public Corruption conviction and prior to the appellate decision.

5. On December 5, 2024, the United States and Mr. Lindberg jointly moved the Court to enter an order appointing a Special Master. Fin. Dkt. Entry No. 54. The Court entered an Order appointing Joseph W. Grier, III, as Special Master on January 23, 2025. Fin. Dkt. Entry No. 56.

6. On June 17, 2025, the final Presentence Report was filed in connection with Case Nos. 5:19-cr-22 and 3:23-cr-48.

7. The parties jointly recommend that Mr. Lindberg be sentenced in both matters at a consolidated sentencing hearing, and the Court has indicated that it will consolidate Mr. Lindberg's cases for sentencing.

8. The restitution issues involved in this case are complex and involve hundreds of millions of dollars and multiple classes of potential victims. It is anticipated that the restitution issues in this case may require a lengthy hearing or hearings.

9. Although the final Presentence Report has been prepared for more than nine months, the Special Master only recently filed its initial report regarding restitution providing recommendations relating to the identification of restitution victims and restitution amounts and seeking the entry of a preliminary order of restitution after consideration of any objections filed to the Report. The Special Master requested that the Court allow interested parties 30 days to file any

objections to that Report. Mr. Lindberg, the United States, and the Special Master will likely need some additional time to analyze any objections to the Report.

10. In addition, once the Court has determined which parties are due restitution and in what amounts, the Special Master will have additional work to complete to craft recommendations to the Court regarding other matters regarding restitution, such as payment priority.

11. Other than the restitution aspects of this case, Mr. Lindberg is ready for sentencing in both cases.

12. Mr. Lindberg and the United States respectfully request that the Court bifurcate the sentencing hearing in this case from any hearing(s) involving issues of restitution. Specifically, the parties request that the Court schedule the sentencing hearing after it enters a preliminary restitution order but before any necessary hearings to finalize restitution. This approach will allow the sentencing hearing to move forward and for the final details regarding restitution to be determined sometime thereafter.

13. Title 18, United States Code, Section § 3664(d)(5) provides that "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." Although Section 3664(d)(5) contains a 90-day time period, courts have held that "a sentencing court maintains its authority to impose restitution outside of the 90-day window in § 3664(d)(5)." *United States v. Dalicandro*, 711 Fed. Appx. 38, 41 (2d Cir. 2017) (unpublished disposition); *Dolan v. United States*, 560 U.S. 605, 608 (2010) ("a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution – at least where, as here, the sentencing court

made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount").

14. The Supreme Court has specifically noted that when the amount of restitution is not known at the time of sentencing, "the court may enter an initial judgment imposing certain aspects of a defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment." *Manrique v. United States*, 581 U.S. 116, 118 (2017). In *Manrique*, the district court proceeded to sentence the defendant to 72 months imprisonment but postponed determining the victims' damages, which had not yet been ascertained. *Id.* at 119. The court held a restitution hearing approximately three months later, at which time it determined restitution and entered an amended judgment. *Id.* A number of courts have similarly bifurcated a defendant's sentencing hearing from the hearing to determine restitution.[1]

15. The Special Master does not object to the granting of this Motion.

16. If the Court grants the Motion to Bifurcate, the parties will confer and promptly provide the Court with some proposed available dates for the scheduling of the sentencing hearing.

[1] *See, e.g., Dolan*, 560 U.S. at 608-09 (court proceeded to sentence defendant and left the matter open for the determination of restitution, pending the receipt of additional information; restitution hearing was subsequently set approximately six months later); *United States v. Malcolm*, 1997 U.S. App. LEXIS 13892, at *16 (6th Cir. 1997) ("court acted within its discretion by bifurcating the proceeding" where the "district court explicitly stated that it would hold the issue of restitution over for a later hearing") (unpublished disposition); *United States v. Gushlak*, 728 F.3d 184, 188 (2d Cir. 2013) (sentencing defendant to 72 months imprisonment and ordering parties to submit briefing on restitution following sentencing; court ultimately issued restitution order approximately 18 months later); *Dalicandro*, 711 Fed. Appx. at 41 (at the sentencing hearing, court set a briefing schedule and separate hearing regarding restitution); *United States v. Jao*, 2024 U.S. Dist. LEXIS 211666, at *10-11 (D. Guam 2024) (issuing order bifurcating sentencing and restitution hearing where total amount of victim losses had not been determined by the U.S. Probation Officer).

17. Mr. Lindberg and the United States are contemporaneously submitting a proposed order via Cyberclerk.

This, the 3rd day of April, 2026.

Respectfully submitted,


Robert T. Smith (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
(202) 625-3500 – telephone
robert.smith1@katten.com

/s/ James F. Wyatt, III
James F. Wyatt, III
NC State Bar No. 13766
jwyatt@wyattlaw.net
Robert A. Blake
NC State Bar No. 20858
rblake@wyattlaw.net
WYATT & BLAKE, LLP
402 W. Trade Street
Suite 101
Charlotte, NC 28202
(704) 331-0767 – telephone
(704) 331-0773 – facsimile

Brandon N. McCarthy (*pro hac vice*)
Texas State Bar No. 24027486
Brandon.mccarthy@katten.com
Rachel M. Riley (*pro hac vice*)
Texas State Bar No. 24093044
Rachel.riley@katten.com
Ryan J. Meyer (*pro hac vice)*
Texas State Bar No. 24088053
Ryan.meyer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 N. Pearl Street
Suite 1100
Dallas, Texas 75201
(214) 765-3600 – telephone
(214) 765-3602 – facsimile

***Counsel for Defendant Greg E. Lindberg***

Daniel Ryan
Assistant United States Attorney
daniel.ryan@usdoj.gov

Dana Washington
Assistant United States Attorney
dana.washington@usdoj.gov
Assistant United States Attorney

UNITED STATES ATTORNEY'S OFFICE
227 W. Trade Street, Suite 1650
Charlotte, NC 28202
(704) 338-6222 – telephone
(704) 344-6629 – facsimile

Lyndie Freeman
Trial Attorney, Fraud Section
U.S. Department of Justice Criminal Division
lyndie.freeman@usdoj.gov
United States Department of Justice
1400 New York Ave, NW
Washington, DC 20005
(202) 514-2000 – telephone

***Counsel for the United States of America***

## ARTIFICIAL INTELIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024 Standing Order, which was published to the Bar of the Western District of North Carolina on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This, the 3rd day of April, 2026.

/s/ James F. Wyatt, III
James F. Wyatt, III
***Counsel for Defendant Greg E. Lindberg***