**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 26-1749**

---

In re: ELEONORA L. ZETTELER, LLM, In her capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V.; J. ROBERT VAN FAASSEN, LLM, In his capacity as insolvency practitioner in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V.,

      Petitioners.

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Charlotte.  (3:23-cr-00048-MOC-DCK-8888)

---

Submitted:  June 12, 2026                                    Decided:  June 13, 2026
Amended:  June 15, 2026

---

Before KING, RUSHING, and HEYTENS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.  Judge King wrote a separate opinion concurring in part and dissenting in part.

---

Jeffrey E. Oleynik, D.J. O'Brien III, Kate E. Giduz, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP, Greensboro, North Carolina, for Petitioners.  Michael L. Martinez, GRIER WRIGHT MARTINEZ, PA, Charlotte, North Carolina, for Respondent Joseph W. Grier, III.  Greg E. Lindberg, Respondent Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioners Eleonora L. Zetteler, LLM and J. Robert van Faassen, LLM in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V. (Conservatrix), have filed a petition for writ of mandamus pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, alleging that Conservatrix is a crime victim entitled to restitution. Specifically, petitioners seek a writ of mandamus vacating the district court's preliminary restitution order and judgment related to the financial crimes of Defendant Greg E. Lindberg and directing the district court to issue a revised order identifying Conservatrix as a victim and ordering restitution in the amount of €215,356,806.

Conservatrix is a Dutch life insurance company that, in 2017, was facing insolvency. The Dutch Central Bank (DNB), which oversees Dutch insurance companies, ordered the sale of shares in the company. The sales were purchased by Trier Holding B.V., an entity owned and controlled by Lindberg. At the time of purchase, Lindberg agreed to replenish shortfalls in Conservatrix's capital position with core equity contributions and to maintain a minimum solvency capital ratio (SCR) of 135%. After the purchase, Lindberg contributed approximately €18.4 million and entered into a reinsurance agreement with Colorado Bankers Life Insurance Company (CBL) to recapitalize Conservatrix. Under the reinsurance agreement, Conservatrix paid €100 million to CBL, a company which was also owned by Lindberg. CBL was put into rehabilitation in June 2019 and disavowed the reinsurance agreement at that time. Soon after, Conservatrix's SCR fell below the 135% threshold Lindberg had agreed to. Lindberg did not replenish the shortfall. Conservatrix

2

won a judgment against Lindberg in the Dutch Arbitration Institute for over $166 million related to his failure to fulfill the terms of his agreement.

In 2024, Lindberg pleaded guilty to conspiracy to commit crimes in connection with the insurance business, wire fraud, investment advisor fraud, and money laundering. The criminal conspiracies to which Lindberg pleaded guilty spanned several years, including the time in which he was involved with Conservatrix.

As part of his plea, Lindberg agreed to pay restitution to his victims. The district court appointed a special master to identify the victims and the amounts owed in restitution.

The Special Master spent 15 months evaluating the claims of alleged institutional victims. As part of that process, the Special Master spoke with Petitioners' counsel multiple times and reviewed information submitted by Petitioners. Ultimately, the Special Master submitted a report describing the criteria a person or entity must meet to qualify as a victim, identifying the victims, and assigning restitution amounts to each. The Special Master considered Petitioners' arguments but concluded that Conservatrix did not qualify as a victim because any loss in value for the company was not due to Lindberg's "self-serving investment activities, the crux of the harm outlined in the Indictment," and because any misrepresentations made by Lindberg were related to his promises to replenish Conservatrix's capital and maintain its SCR rather than to "masking [Lindberg's] affiliated investments or asset management strategies."

Petitioners filed a timely objection to the Special Master's report, asserting Conservatrix's rights as an alleged victim under federal law, including the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. *See* 18 U.S.C. § 3771(d)(3). Lindberg and a

3

number of other alleged victims also objected to the report. The Special Master issued a supplement addressing the responses. With regard to Conservatrix, the Special Master's recommendation was unchanged.

The district court entered the Special Master's proposed preliminary order of restitution on May 28, 2026, excluding Conservatrix as recommended by the Special Master. Because the district court "denie[d] the relief sought" by Conservatrix, Petitioners filed the instant petition in our Court. 18 U.S.C. § 3771(d)(3).

The Crime Victims' Rights Act enumerates certain rights to be afforded victims of federal crimes. 18 U.S.C. § 3771(a). Among these is the right to receive restitution. A person or entity seeking to assert rights under the CVRA must first raise the issue in the district court; if the district court denies relief, the purported victim may petition the court of appeals for a writ of mandamus. *Id.* § 3771(d)(3). In deciding a CVRA mandamus petition, a court of appeals "shall apply ordinary standards of appellate review." *Id.*; *see In re Brown*, 932 F.3d 162, 172 (4th Cir. 2019) (reviewing for abuse of discretion).

The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). Petitioner argues that Lindberg's criminal conspiracy forced the company into bankruptcy, resulting in losses to the company and its policyholders of more than $200 million.

Petitioners fail to sufficiently connect the harm suffered by Conservatrix with Lindberg's criminal conduct. Direct harm to a victim, giving rise to an entitlement to restitution under the CVRA, requires the harm to be "closely related to the conduct inherent

4

to the offense, rather than merely tangentially linked." *In re McNulty*, 597 F.3d 344, 352 (6th Cir. 2010). Petitioners have described Lindberg's failure to replenish the company's capital and to maintain its SCR as agreed. But Petitioners do not identify facts closely tying those failures to Lindberg's criminal activities. Without more, we cannot find the district court to have abused its discretion in excluding Conservatrix from its restitution order and judgment.

Accordingly, the petition for writ of mandamus is denied. The court dispenses with oral argument pursuant to Fed. R. App. P. 34(e)(2)(A).

DENIED

5

KING, Circuit Judge, concurring in part and dissenting in part:

I concur in our Court's denial of the petition for writ of mandamus filed by Eleonora L. Zetteler, LLM, and J. Robert van Faassen, LLM (the "petitioners"), in their capacities as Insolvency Practitioners in the Insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Conservatrix"), pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "CVRA"). But contrary to my fellow panelists, I would deny the petition for mandamus relief *without prejudice* and for differing reasons.

In my view, our Court should not address the merits of the petitioners' pending request for mandamus relief. Relevant in that regard, § 3771(d)(3) of Title 18 specifies that it is the district court that "shall take up and decide any *motion* asserting a victim's right forthwith." *Id.* (emphasis added).* If, however, "the district court denies the relief sought" by the motion, then — and only then — can the movant "petition the court of appeals for a writ of mandamus." *See In re: Brown*, 923 F.3d 162, 169 (4th Cir. 2019).

In these circumstances, no such "motion" was tendered to the district court. Rather, Conservatrix merely *objected* to the Special Master's recommendation pertaining to the issue of restitution (which the court adopted), without invoking § 3771. *See United States v. Lindberg*, No. 3:23-cr-00048 (W.D.N.C. May 4, 2026), ECF No. 130. Importantly, that "objection" to a non-judicial officer's report was not a "motion," and it certainly was never

---

* The panel opinion relates that, pursuant to the CVRA, "[a] person or entity seeking to assert rights under the CVRA must first raise the issue in the district court; if the district court denies relief, the purported victim may petition the court of appeals for a writ of mandamus." *See ante* at 4. But that recitation amounts to a material rewriting of § 3771(d)(3), which requires the filing of a "motion" asserting a victim's rights in the district court. As discussed herein, no such "motion" was ever filed in the district court.

one presented by Conservatrix to the district court that explicitly invoked the CVRA —

that is, § 3771.  *Cf. United States v. Sullivan*, 118 F.4th 170, 230-31 (2d Cir. 2024)

(recognizing that "the victim's assertion of its right is a 'motion,' regardless of whether it

is styled as a 'memorandum,' 'petition,' or 'application.'  After all, a motion is simply '[a]

written or oral application *requesting a court* to make a specified ruling or order" (citing

*Motion*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphasis added)); *see also* 56

*Am. Jur. 2d Motions, Rules, and Orders* § 1 (2020) (observing that "[t]he term 'motion'

generally means an *application made to a court or judge* to obtain a rule or order directing

some act to be done in the applicant's favor in a pending case." (emphasis added)).

Not only that, Judge Cogburn's Restitution Order of May 28 expressly contemplates

that any "interested part[ies]" can thereafter seek modification thereof "upon application."

*See United States v. Lindberg*, No. 3:23-cr-00048 (W.D.N.C. May 28, 2026), ECF No. 161

(explaining that "[t]his Order is subject to amendment by the Court sua sponte or upon

application by any interested party, including the Special Master. . . . The Court retains

jurisdiction over all matters covered by, or related to, this Order").  In that sense, if our

Court had today denied without prejudice the pending petition for a writ of mandamus,

Conservatrix could have filed a proper application — i.e., a motion presented to the district

court under § 3771(d)(3) — seeking therein the relief it solicits in these extraordinary

mandamus proceedings.  And if the district court had denied that motion, Conservatrix

could properly avail itself of the mandamus procedures set forth in § 3771(d)(3).

Rather than affording Conservatrix an opportunity to present such a motion under

the CVRA — for the district court to assess and resolve in the first instance — my fellow

7

panelists have decided these important issues (i.e., potential restitution owed by defendant Lindberg to Conservatrix totalling approximately € 215,000,000) in a rather summary fashion, and apparently with great prejudice to Conservatrix.  Pursuant to the foregoing, I would rule differently and deny the petition for mandamus relief *without prejudice*.

8