# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

GREG E. LINDBERG,

      Defendant.

Case No. 3:23-CR-48-MOC

## SPECIAL MASTER'S RESPONSE TO MOTION FOR RECONSIDERATION

NOW COMES Joseph W. Grier, III, as special master appointed pursuant to 18 U.S.C. § 3664(d)(6) (the "Special Master"), by and through counsel, who hereby files this response to the *Objection and Motion for Reconsideration of Cell 1.16's Rehabilitator to the Preliminary Order of Restitution and Judgment* (Doc No. 171) filed by the Commissioner of the Vermont Department of Financial Regulation, Kaj Samsom, solely in his capacity as Rehabilitator of Vista Life & Casualty Reinsurance Company's Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Cell 1.16"), and hereby respectfully represents to the Court as follows:

1. The Special Master stands by the positions taken by the Special Master in his initial *Report and Recommendations Regarding Restitution* (Doc. No. 106) concerning Cell 1.16, incorporated by reference into the Special Master's *Supplement to Report and Recommendations Regarding Restitution* (Doc. No. 146). In particular, the Special Master's position on why Cell 1.16 should not be awarded restitution in this case is summarized in Appendix 2 to the initially filed restitution report (*see* Doc. No. 106-3 at 22–24).

2. Recently, another party (referred to herein for brevity as "Conservatrix") submitted a petition for writ of mandamus, asking the Fourth Circuit to compel this Court to award Conservatrix restitution in this case or at least reconsider the Court's Preliminary Restitution Order

excluding Conservatrix from the restitution award contained therein.  In denying Conservatrix's

petition with prejudice, the Fourth Circuit stated as follows:

> Petitioners fail to sufficiently connect the harm suffered by Conservatrix with
> Lindberg's criminal conduct. Direct harm to a victim, giving rise to an entitlement
> to restitution under the CVRA, requires the harm to be "closely related to the
> conduct inherent to the offense, rather than merely tangentially linked." *In re
> McNulty*, 597 F.3d 344, 352 (6th Cir. 2010). Petitioners have described Lindberg's
> failure to replenish the company's capital and to maintain [certain ratios] as agreed.
> But Petitioners do not identify facts closely tying those failures to Lindberg's
> criminal activities. Without more, we cannot find the district court to have abused
> its discretion in excluding Conservatrix from its restitution order and judgment.

*See* Doc. No. 203, at 4–5.

3.      Similar reasoning applies here.  While the defendant appears to have failed to honor

commitments made to parties affiliated with Cell 1.16, Cell 1.16 fails to identify with specificity

where the defendant "mask[ed the defendant's] affiliated investments or asset management

strategies." *See* Doc. No. 203, at 3.  Rather, the defendant has alleged to the Special Master that

the person(s) at Vista Life & Casualty Reinsurance Company who turned over control of its

investing activities to the defendant were well apprised of the defendant's affiliated loan investing

strategy, such that there was nothing for the defendant to hide.

4.      To the extent the Court disagrees with the Special Master's recommendation to

exclude Cell 1.16 from the restitution award in this case, the Special Master asks that the Court

provide the Special Master an opportunity to confirm that Cell 1.16's restitution amount is

calculated consistently with all other persons awarded restitution in this case.

THEREFORE, while the Special Master does not oppose the Court—during the ninety-

day period following the defendant's sentencing—further considering whether Cell 1.16 should or

should not receive restitution, the Special Master respectfully recommends that the Court not

award restitution to Cell 1.16 under the circumstances presented.

Respectfully submitted this 16th day of June, 2026.

/s/ *Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax: 704.332.0215
Email: mmartinez@grierlaw.com

*Attorneys for the Special Master*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned hereby certifies that: no artificial intelligence was knowingly employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 16th day of June, 2026.

/s/ *Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Special Master's Response to Motion for Reconsideration* were served on following the parties registered to receive automatic notices in this case through the ECF system through such system.

Respectfully submitted this 16th day of June, 2026.

/s/ *Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax: 704.332.0215
Email: mmartinez@grierlaw.com

3