# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:23-CR-48-MOC |
| GREG E. LINDBERG, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE OBJECTION AND MOTION FOR RECONSIDERATION OF CELL 1.16'S REHABILITATOR (DOC. NO. 171)**

NOW COMES Defendant Greg E. Lindberg, by and through undersigned counsel, and respectfully moves this Court, pursuant to Rule 45(b) of the Federal Rules of Criminal Procedure, for a brief extension of time within which to file his Response in Opposition to the Objection and Motion for Reconsideration of Cell 1.16's Rehabilitator (Doc. No. 171) (the "Motion for Reconsideration"), and to deem the accompanying Response timely filed. In support, Defendant respectfully shows the Court as follows:

1. On June 9, 2026, the Commissioner of the Vermont Department of Financial Regulation, solely in his capacity as Rehabilitator of Vista Life & Casualty Reinsurance Company's Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Cell 1.16"), filed the Motion for Reconsideration of this Court's Preliminary Order of Restitution and Judgment.

2. Undersigned counsel assumed responsibility for the defense of this matter on or about June 9, 2026—the same day the Motion for Reconsideration was filed—and required a reasonable opportunity to review the restitution record, to confer with Defendant, and to prepare a response.

3. Defendant is presently incarcerated. Owing to the ongoing denial of computer and internet access at his place of detention—a matter that is itself the subject of proceedings now pending before this Court—Defendant's ability to assist in the preparation of his Response and to assemble the documentary materials necessary to support it has been materially impaired.

1

4.    The Response relies in part on contemporaneous correspondence that had previously been furnished to the Special Master but was not entered on the docket. Counsel required additional time to retrieve that correspondence and to prepare it for filing—as Exhibit A to the Response— so that it is properly made part of the record in this matter.

5.    As a result of these circumstances, and to the extent the accompanying Response is deemed filed one day beyond the applicable deadline of 6/16/2026, the delay is brief. It is not the product of bad faith, dilatory motive, or a lack of diligence, and it will not prejudice any party or delay these proceedings. The Court's consideration of the reconsideration question is, in any event, proceeding within the ninety-day period following sentencing referenced by the Special Master. *See* Doc. No. 206.

6.    This Court may extend the time to act "for good cause" on a motion made before the period expires, and, where the period has expired, "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1). Whether neglect is "excusable" is "at bottom an equitable" determination that considers "all relevant circumstances," including "the danger of prejudice" to the opposing party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, … and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). That the delay stemmed from the denial of access to a computer and to counsel's materials only reinforces good cause: the right of access to the courts requires that custodians afford incarcerated litigants "adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (requiring a showing that the deprivation hindered the litigant's pursuit of a nonfrivolous claim). Each consideration favors the brief accommodation requested here: the delay is a single day, no party is prejudiced, the proceedings are unaffected, the reasons for the delay are substantial, and Defendant has acted in good faith and with diligence.

7.    Pursuant to the Local Rules of this Court, undersigned counsel has not had time to confer given the access issues with Defendant Greg E. Lindberg and to avoid further delaying the filings. All filings need to be printed, and hand delivered to Defendant Greg E. Lindberg and then with suitable modifications from the printed documents manually typed into the electronic version before they are filed. Given the complexity of the issues and the need to search archives and

spreadsheets which Defendant Lindberg cannot do as outlined in other motions filed on June 15, 2026, pending before this court, Defendant Lindberg's delay in filings directly flow from the restricted access.

WHEREFORE, Defendant Greg E. Lindberg respectfully requests that the Court: (i) GRANT this Motion; (ii) to the extent necessary, extend the time within which Defendant may respond to the Objection and Motion for Reconsideration (Doc. No. 171) through and including the date of the accompanying Response; (iii) deem the accompanying Response in Opposition timely filed; and (iv) grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 17th day of June 2026.

/s/ Kenneth Barnes
Kenneth Barnes Legal, PLLC
N.C. Bar No. 14035
356 Travel Lite Dr., Raleigh, NC 27603
Tel: (919) 524-1977
Email: barnesatty@aol.com
Counsel for Defendant Greg E. Lindberg

3

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 17, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Defendant Greg E. Lindberg

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

This the 17th day of June, 2026.

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Defendant Greg E. Lindberg