# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

GREG E. LINDBERG,

      Defendant.

Case No. 3:23-CR-48-MOC

## SPECIAL MASTER'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION SEEKING TO DISQUALIFY SPECIAL MASTER AND RELATED RELIEF

NOW COMES Joseph W. Grier, III, as special master appointed pursuant to 18 U.S.C. § 3664(d)(6) (the "Special Master"), by and through counsel, who hereby moves the Court to extend the time for the Special Master to respond to the defendant's motion seeking to disqualify the Special Master and related relief (Doc. No. 190) (the "Motion to Disqualify"), until at least the tenth (10th) day following entry of an order on this extension motion, or as otherwise directed by the Court as part of a consolidated briefing schedule or otherwise, for the reasons set forth below.

1.      Prior to the defendant receiving his sentence, the defendant's counsel worked collaboratively with the Special Master toward accomplishing the goals of the plea agreement and fulfilling the duties imposed on the Special Master by this Court, including by reaching consensus on as many restitution issues as possible and by working together to consummate the sale of the Clanwilliam group of companies, which sale generated the funds from which the Special Master was able to fully satisfy the uncovered portions of individual policyholder claims against the North Carolina insurance company victims (a success repeatedly touted by the defendant in the context of his sentencing). This collaboration included, without limitation, (a) regularly scheduled weekly calls among the defendant's counsel, the special master, and the special master's financial advisors,

(b) additional routinely-held fact-finding meetings between defendant's counsel and the special master's financial advisors, and (c) open communications between the Special Master's counsel and the defendant's counsel. Indeed, nearly all of the substantive documents filed in this case since the Special Master's appointment by either the defendant or the Special Master were reviewed by the other party in advance of filing. Defendant describes some of this cooperation in his sentencing memorandum filed with the Court on May 14, 2026 (Doc. No. 145).

2. Without limiting the foregoing, the government, the defendant's counsel, and the Special Master reached an understanding that the Court could enter a preliminary restitution order contemporaneously with sentencing with some open restitution issues unresolved, provided that the Special Master would submit a final supplement to the restitution report within sixty (60) days of sentencing thereby enabling the Court to enter a final restitution order by the 90-day deadline set forth in 18 U.S.C. § 3664(d)(5).

3. After the defendant received his sentence, the defendant filed hundreds (possibly thousands) of pages of emergency motions with the Court and other pleadings over the span of approximately one week (the "Recent Filings"), including the Motion to Disqualify, with no advance warning to the Special Master, let alone any sort of consultation of counsel.

4. In response, the prior two law firms representing the defendant have moved to withdraw and one new law firm has appeared for the defendant, obtaining *pro hac vice* admission for attorneys at yet another new law firm.

5. There is much to respond to in these Recent Filings, nearly all of which grievances the Special Master is learning for the first time through the Recent Filings, despite the frequency by which the Special Master's counsel communicated with the defendant's counsel prior to

sentencing and despite defendant himself sometimes raising issues directly with the Special Master's counsel through memoranda or letters transmitted through his lawyers.

6. The Recent Filings contain many allegations concerning the restitution calculations in this case. As indicated in the *Special Master's Initial Response to Allegations Concerning Restitution in Defendant's Recent Filings* (Doc. No. 217) the Special Master intends to address any and all outstanding restitution issues in a final supplement to his restitution report filed on or before July 25, 2026.

7. Other than those restitution issues, most of the factual allegations and legal arguments made in the Recent Filings are better addressed by the government than the Special Master. However, the Motion to Disqualify contains very serious accusations against the Special Master that compel the Special Master to respond, if for no other reason than to clarify various misleading allegations made in the Motion to Disqualify.

8. Cause exists to extend the time by which the Special Master must respond to the Motion to Disqualify considering: (a) the voluminous Recent Filings made by the defendant in a short period of time; (b) the abrupt change in how the defendant is approaching his interactions with the Special Master and approaching this case, more generally; (c) the substantial amount of work the Special Master must otherwise complete in a short period of time in order to finalize the Special Master's restitution recommendations in advance of the 18 U.S.C. § 3664(d)(5) deadline; and (d) perhaps most importantly, the gravity of the accusations and relief sought through the Motion to Disqualify.

9. To the extent the Court does not otherwise establish a briefing schedule to address the Recent Filings, the Special Master seeks an extension of time to respond to the Motion to

Disqualify to until at least the tenth (10th) day following entry of an order on this extension motion or as otherwise directed by the Court.

WHEREFORE, the Special Master prays that the Court enter an order extending the time for the Special Master to respond to the Motion to Disqualify until 10 days following such order, or as otherwise directed by the Court as part of a consolidated briefing schedule or otherwise, and providing such further relief as the Court deems just and proper.

Respectfully submitted this 18th day of June, 2026.

/s/ Michael L. Martinez
Michael L. Martinez (State Bar No. 39885)
Benjamin D. Rhodes (State Bar No. 62618)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax: 704.332.0215
Email: mmartinez@grierlaw.com

*Attorneys for the Special Master*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

The undersigned hereby certifies that: no artificial intelligence was knowingly employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 18th day of June, 2026.

> /s/ Michael L. Martinez
> Michael L. Martinez (State Bar No. 39885)
> Grier Wright Martinez, PA
> 521 East Morehead Street, Suite 440
> Charlotte, North Carolina 28202

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing *Special Master's Motion for Extension of Time to Respond to Motion Seeking to Disqualify Special Master and Related Relief* were served on the parties registered to receive automatic notices in this case through the ECF system through such system.

Respectfully submitted this 18th day of June, 2026.

> /s/ Michael L. Martinez
> Michael L. Martinez (State Bar No. 39885)
> Grier Wright Martinez, PA
> 521 East Morehead Street, Suite 440
> Charlotte, North Carolina 28202
> Telephone: 704.332.0209; Fax: 704.332.0215
> Email: mmartinez@grierlaw.com