# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**GREG E. LINDBERG,**

    Defendant

Case No. 3:23-CR-48-MOC

Judge Max O. Cogburn, Jr.

---

**MOTION OF *AMICUS CURIAE* MICHAEL HUMPHREYS, INSURANCE COMMISSIONER, PENNSYLVANIA INSURANCE DEPARTMENT, FOR LEAVE TO FILE AN *AMICUS CURIAE* LETTER IN SUPPORT OF THE COMMISSIONER OF THE VERMONT DEPARTMENT OF FINANCIAL REGULATION'S OBJECTION AND MOTION FOR RECONSIDERATION OF THE PRELIMINARY ORDER OF RESTITUTION AND JUDGMENT**

*Amicus curiae,* Michael Humphreys, Insurance Commissioner, Pennsylvania Insurance Department, by and through his counsel, Lee M. Cobb, respectfully presents this Motion for Leave to File its Letter in Support as *amicus curiae* in support of the Commissioner of the Vermont Department of Financial Regulation's "Objection and Motion for Reconsideration of Cell 1.16's Rehabilitator to the Preliminary Order of Restitution and Judgment," Docket No. 171.

### INTRODUCTION

While *amicus curiae* are most often found in civil cases, District Courts have broad discretion in their ability to allow *amici* in both civil and criminal cases. This is of particular importance in circumstances where the named parties may not adequately represent the interests of all parties involved or affected by a Court's ultimate decision. Such *amicus* briefs or other filings are typically allowed upon leave of the court, unless a specific local rule states otherwise. This

1

court has not announced a local rule regarding *Amicus Curiae* as of the filing of this motion and it is the contention of Michael Humphries, Insurance Commissioner, Pennsylvania Insurance Department, that the interests of Pennsylvanians would be more adequately represented by consideration of its stance in this matter and that leave to file such a letter in support is appropriate in this case.

## ARGUMENT

District Courts have discretion whether to grant leave to file *amicus* briefs and other filings. *Stuart v. Huff,* 706 F.3d 345, 355 (4th Cir. 2013); *see also Francis v. Chamber of Commerce,* 481 F2d 192, 194-96 (4th Cir 1973). There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as *amicus curiae* in district court. Further, The United States District Court for the Western District of North Carolina has not announced any local rule which would supplement the Federal Rules of Civil Procedure and provide guidance for when such appearances would be appropriate. Under these circumstances, District Courts often look for guidance to Federal Rule of Appellate Procedure 29, which applies to amicus briefs in federal appellate cases or to the local rules of adjacent US District Courts. Rule 29 provides that prospective *amici* must file, along with the proposed brief (in this case, letter in support), a motion that states "the movant's interest" and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." The United States District Court for the Middle District of North Carolina has a similar local rule, titled "Lr7.5 Brief of an Amicus Curiae" which requires this same information as well as particular assertions regarding the authoring and funding sources of any

2

*amicus* briefs.[1]

**A. Nature of the interest of the Pennsylvania Insurance Department**

Michael Humphreys is Insurance Commissioner for the Pennsylvania Insurance Department. The Pennsylvania Insurance Department is the domiciliary insurance regulator for United Security Assurance Company of Pennsylvania ("USAP"), an insurer whose business consists of long-term care insurance policies held by older Americans around the country, including a large number of Pennsylvanians. Long-term care insurance covers residents in nursing and assisted living facilities, as well as home health care and adult day care for individuals unable to care for themselves. As described in our *amicus* letter in support being submitted for this Honorable Court's consideration, Cell 1.16 acted as a reinsurance company for USAP which transferred approximately $171 million to Cell 1.16 which, as a direct and proximate result of Defendant Greg E. Lindberg's fraud, invested those funds in loans related to Defendant Lindberg. Cell 1.16 is now insolvent and in receivership with the State of Vermont. If Cell 1.16 is not deemed to be a victim which is granted restitution, USAP would be forced to absorb the $171 million in coverage which had been formerly reinsured by Cell 1.16. This constitutes a direct loss to USAP and directly impacts some of our most vulnerable Pennsylvanians: those who live in nursing and assisted living homes. Denying victim status to Cell 1.16 will also impact residents of other states that are insured by USAP.

**B. Why an *amicus* letter in support from Michael Humphreys, Insurance Commissioner, is desirable.**

---

[1] While a brief would be most appropriate if providing the Court with additional *legal arguments*, the Pennsylvania Insurance Department is providing additional *factual information* which would not otherwise be available to the Court. These facts support Cell 1.16's Receiver's objections and provide additional insight into the impact of the Preliminary Restitution Order and Judgment which were not a part of the Special Master's report. Therefore, this submission is in the form of an amicus letter of support from Michael Humphreys, Insurance Commissioner, Pennsylvania Insurance Department, and not an amicus brief.

Michael Humphreys, by virtue of his position as Insurance Commissioner of the Pennsylvania Insurance Department, is charged with regulating the domiciled insurance companies within our state. Unlike many other regulated industries, an insurance company's primary regulator is their domiciled state insurance department. For USAP, that regulator is the Pennsylvania Insurance Department. Pennsylvania policyholders, as well as those policyholders of USAP in other states, are dependent on the Pennsylvania Insurance Department to monitor and regulate the insurance companies domiciled within the Commonwealth, including USAP. As such, Michael Humphreys, as Insurance Commissioner for the Pennsylvania Insurance Department, stands in a unique position, which requires him to look out for the best interests of not only Pennsylvanians, but all people across the nation who are insured by a company domiciled within our borders.

### C. Why the matters asserted in the Insurance Commissioner's *amicus* letter in support is relevant to the disposition of this case.

As described previously, Michael Humphreys, as Insurance Commissioner of the Pennsylvania Insurance Department, is uniquely positioned to provide the court with insight into the impact that its ruling will have on USAP and the most vulnerable among us who benefit from the policies issued by that company and reinsured by Cell 1.16. Further, if Cell 1.16 is not deemed a victim and provided with compensation, then the policyholders of USAP will be directly impacted as USAP is forced to absorb this loss. As the Court's Order currently stands, Cell 1.16 is not deemed a victim and has been granted no restitution by the Court's Preliminary Order of Restitution, Docket No. 161, and Judgement, Docket No. 162.

4

# CONCLUSION

For the foregoing reasons, Michael Humphreys, Insurance Commissioner for the Pennsylvania Insurance Department, respectfully requests that this Court grant leave for the filing of its *amicus curiae* letter in support, attached hereto as Exhibit A, in support of the Commissioner of the Vermont Department of Financial Regulation, Kaj Samsom, who filed the Objection and Motion for Reconsideration at Docket No. 171.

This 23rd day of June 2026.

**s/ Lee M. Cobb**

Lee M. Cobb Bar Number: 41165
Attorney for Amicus Curiae Michael Humphries, Insurance
Commissioner, Pennsylvania Insurance Department
Pennsylvania Insurance Department
Office of Chief Counsel
901 N. 7th Street, 3rd Floor
Harrisburg, PA 17102
Telephone: (717) 772-0791
Fax: (717) 772-4543
E-mail: lecobb@pa.gov

5

## <u>CERTIFICATE OF ARTIFICIAL INTELLIGENCE</u>

The undersigned hereby certifies that pursuant to the Standing Order filed on 18 June 2024, that no artificial intelligence was employed in doing the research for the preparation of this document. Further, the undersigned certifies that every statement and every citation of authority contained in this document has been checked by an attorney.

This 23rd day of June 2026.

**s/ Lee M. Cobb**

Lee M. Cobb Bar Number: 41165
Attorney for Amicus Curiae Michael Humphries, Insurance
Commissioner, Pennsylvania Insurance Department
Pennsylvania Insurance Department
Office of Chief Counsel
901 N. 7th Street, 3rd Floor
Harrisburg, PA 17102
Telephone: (717) 772-0791
Fax: (717) 772-4543
E-mail: lecobb@pa.gov

6

# EXHIBIT A


**Pennsylvania**
**Insurance Department**

**Office of the Insurance Commissioner**
1326 Strawberry Square, Harrisburg, PA 17120
Phone: 717.783.0442
Fax: 717.772.1969
Email: ra-in-commissioner@pa.gov

June 17, 2026

Honorable District Judge Max O. Cogburn, Jr.
319 U.S. Courthouse Building
100 Otis Street
Asheville, NC 28801

I serve as the Insurance Commissioner for the Commonwealth of Pennsylvania Insurance Department ("PID"). The PID is the domiciliary insurance regulator for United Security Assurance Company of Pennsylvania ("USAP"), an insurer whose business consists of long-term care insurance policies held by older Americans around the country. Long-term care insurance covers residents in nursing and assisted living facilities, as well as home health care and adult day care for individuals unable to care for themselves.

In 2016, USAP was induced by associates of Defendant Greg E. Lindberg to reinsure virtually all of its long-term care business with Vista Life & Casualty Reinsurance Company ("Vista"), now in receivership as Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Cell 1.16"). For that purpose, through a series of complex transactions described in earlier filings,[1] USAP transferred approximately $171 million to Cell 1.16, and these funds in turn were effectively invested in loans related to Defendant Lindberg. USAP is the only reinsured of Cell 1.16.[2]

In his April 3, 2026, Report and Recommendations Regarding Restitution (Doc. No. 106), Special Master Joseph W. Grier, III, (the "Special Master") advised the Court of his belief that:

*Cell 1.16 and USAP satisfy almost all of the elements of the Special Master's Definition* [for those eligible for restitution]. *Where the Special Master believes Cell 1.16 and USAP fall short of qualifying for restitution in this Case is that neither Cell 1.16 nor USAP have pointed to specific instances where Defendant misrepresented or concealed the nature of the Affiliate Investments.*

---

[1] See Doc. No. 106-3, Appendix 2 to Report and Recommendations Regarding Restitution, pages 23-24; Doc. No. 113, Declaration of Donald D. Solow in Support of Objections to the Special Master's Report and Recommendations Regarding Restitution, ("Solow Declaration"); Doc. No. 115, Objection of Cell 1.16's Rehabilitator to the Special Master's Report and Recommendations Regarding Restitution; and Doc. No. 153, Renewed Objection of Cell 1.16's Rehabilitator to the Special Master's Supplement to Report and Recommendations.

[2]*Id.*

 www.pa.gov/insurance

7

The Special Master repeats this conclusion in his May 15, 2026, Supplement to Report and Recommendations Regarding Restitution (Doc. No. 146).

As the filings regarding and opposing this determination demonstrate, there is no material qualitative difference between USAP's derivative entitlement to restitution (through Cell 1.16) and that of the North Carolina and Bermuda insurers that the Special Master does recommend be awarded restitution. Respectfully, I write to emphasize that the actual victims here are USAP's long-term care insurance policyholders in Pennsylvania and around the country. The ability of USAP's policy holders to receive the benefits USAP promised, and for which each of the policy holders paid thousands of dollars in premiums, depends on recovery of USAP's assets illegally "invested" by Defendant Lindberg's organization. Awarding restitution to USAP for the benefit of its insureds on the same terms as to the other insurers and their insureds recommended by the Special Master is not only justified but essential for the protection of these elderly Pennsylvanians and Americans.

Respectfully submitted,

Michael Humphreys
Pennsylvania Insurance Commissioner

cc:     Joseph W. Grier, III, Special Master
        Mike Dinius, MDinius@noblecon.net
        J. David Leslie, dleslie@davismalm.com

8

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that copies of the foregoing Motion were served on those parties requesting notice in this case, via ECF and/or email.

This 23rd day of June 2026.

**s/ Lee M. Cobb**

Lee M. Cobb Bar Number: 41165
Attorney for Amicus Curiae Michael Humphries, Insurance
Commissioner, Pennsylvania Insurance Department
Pennsylvania Insurance Department
Office of Chief Counsel
901 N. 7th Street, 3rd Floor
Harrisburg, PA 17102
Telephone: (717) 772-0791
Fax: (717) 772-4543
E-mail: lecobb@pa.gov