# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-CR-48-MOC |
| Plaintiff, | Judge Max O. Cogburn, Jr. |
| v. | |
| GREG E. LINDBERG, | |
| Defendant. | |

## DEFENDANT GREG E. LINDBERG'S RESPONSE IN OPPOSITION TO THE MOTION OF MICHAEL HUMPHREYS, PENNSYLVANIA INSURANCE COMMISSIONER, FOR LEAVE TO FILE AN AMICUS CURIAE LETTER

Defendant Greg E. Lindberg respectfully submits this Response in opposition to the Motion of Michael Humphreys, Insurance Commissioner, Pennsylvania Insurance Department, for Leave to File an Amicus Curiae Letter (Doc. No. 223) (the "Motion"). For the reasons set forth below, the Motion should be denied.

### INTRODUCTION

The Pennsylvania Insurance Commissioner seeks leave to file an amicus "letter" supporting the effort of Cell 1.16's Rehabilitator to be declared a restitution victim. The Court should deny the Motion. Three features of the proposed submission place it outside the proper office of an amicus and make its filing inappropriate in this criminal matter. First, the letter does not assist the Court with law or a neutral perspective; it advocates for one side and duplicates the position the Rehabilitator has already advanced at length. Second, by the movant's own admission, the letter's purpose is to supply "additional factual information" outside the record—untested, unsworn assertions the Defendant has no opportunity to confront. Third, because

restitution is a component of the criminal sentence and is criminal punishment, allowing a non-party to inject extra-record factual advocacy into that determination, by a letter addressed directly to the sentencing judge, would offend the Defendant's right to due process. If USAP or its regulator believes USAP is a crime victim, the Crime Victims' Rights Act and 18 U.S.C. § 3664 supply the procedure; an amicus "letter of support" is not a substitute for it.

## ARGUMENT

**I.  Whether to Permit a Non-Party to Participate Is Committed to the Court's Discretion, and the Movant Bears the Burden of Showing the Submission Would Aid the Court.**

There is no right to appear as amicus curiae; whether to permit a non-party to file an amicus submission rests in the Court's sound discretion. *See Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) (Wilkinson, J.) (cautioning, in the analogous intervention context, about the "profound implications" of drawing non-parties into a court's management of litigation). The movant invokes Federal Rule of Appellate Procedure 29 as guidance, *see* Doc. No. 223, at 2, and Rule 29 conditions leave on a showing of "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case," Fed. R. App. P. 29(a)(3)(B). As shown below, the movant cannot make that showing: the proposed letter is duplicative, is offered to inject extra-record facts, and would undermine—not assist—a reliable, lawful restitution determination.

## II. The Proposed Letter Is Not the Office of an Amicus, Because It Duplicates a Party's Position and Presses a One-Sided View of the Facts and Equities.

An amicus is a "friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers). An amicus submission is useful when it offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide"; it is not useful—and "should not be allowed"—when it merely "duplicate[s] the arguments made in the litigants' briefs." *Id.* Nor is a court "helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence." *Id.* at 1064. The proposed letter is precisely such a submission. It restates the Rehabilitator's central themes—that USAP's policyholders are "the actual victims," and that there is "no material qualitative difference" between USAP's derivative claim and the claims of the insurers the Special Master recommended for restitution, *see* Doc. No. 223, Ex. A, at 2—and it presses a strongly held view that restitution should issue on the same terms. That is advocacy for a party, not assistance to the Court, and it furnishes no reason the Rehabilitator's own briefing does not already supply.

## III. By the Movant's Own Admission, the Letter Injects Extra-Record Adjudicative Facts the Defendant Cannot Test.

The movant candidly states that the letter's purpose is to provide "additional factual information which would not otherwise be available to the Court" and which was "not a part of the Special Master's report." Doc. No. 223, at 3 n.1. But an amicus is not a witness, and an amicus submission is not a vehicle for placing new, untested

3

facts before the Court. The matters the letter presses—that USAP transferred "approximately $171 million" to Cell 1.16, that USAP's policyholders will be forced to absorb the loss, and that there is no "material qualitative difference" between USAP and the awarded insurers, *see* Doc. No. 223, Ex. A, at 1–2—are contested, unsworn, and offered by a non-party whom the Defendant cannot cross-examine. An amicus that seeks to supply such adjudicative facts, rather than to point the Court to legal considerations the parties have overlooked, exceeds its proper role. *Cf. Ryan*, 125 F.3d at 1063. The Court should not receive contested facts in this posture.

## IV. Injecting a Non-Party's Extra-Record Factual Advocacy into the Restitution Component of a Criminal Sentence Would Violate Due Process.

Restitution ordered as part of a federal criminal sentence is not a civil remedy; it is criminal punishment. *Ellingburg v. United States*, 607 U.S. 163, 184 (2026) (holding that restitution under the MVRA is criminal punishment). The amount of restitution and the identification of those entitled to it must therefore be determined through the procedures Congress prescribed and consistent with due process—on reliable evidence, with the burden on the proponent, and with any dispute "resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e); *see also United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014) (the government must prove the amount of loss by a preponderance of the evidence).[1] A criminal defendant

---

[1] Defendant applies the preponderance standard of 18 U.S.C. § 3664(e) for purposes of this Response without conceding its constitutionality. Because restitution under the Mandatory Victims Restitution Act is criminal punishment, *see Ellingburg* 607 U.S. at 184 2026), Defendant contends that the Sixth Amendment requires the facts necessary to support a restitution award—including the identification of any victim

is entitled to notice and a meaningful opportunity to contest the evidence on which his punishment rests. Permitting a non-party regulator to submit—by a letter addressed directly to the sentencing judge, and copied to the Special Master and others, *see* Doc. No. 223, Ex. A, at 2—factual assertions designed to influence the victim-status and loss determinations, outside the Section 3664 process and immune from confrontation, would deprive the Defendant of that opportunity and would offend due process. The reliability safeguards that attend the imposition of a criminal sentence cannot be bypassed by relabeling a partisan evidentiary submission as an amicus "letter of support."

## V. The Motion Seeks to Obtain, Through an Amicus Letter, Relief That Must Be Pursued Through the Crime Victims' Rights Act.

If the Pennsylvania Insurance Commissioner—or USAP, on whose behalf he writes—contends that USAP is a crime victim entitled to restitution, the Crime Victims' Rights Act and 18 U.S.C. § 3664 prescribe the means of asserting that claim, subject to the Defendant's right to contest it. *See* 18 U.S.C. §§ 3771, 3664. Indeed, that is the very procedure the Fourth Circuit identified, *see* Doc. No. 203, and that the Rehabilitator has now invoked by its own Motion for Restitution, *see* Doc. No. 221. A non-party cannot short-circuit that process—or evade the Defendant's procedural protections—by submitting an amicus "letter of support" for another claimant. If

---

and the amount of loss—to be found by a jury beyond a reasonable doubt, not by the Court by a preponderance of the evidence. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Southern Union Co. v. United States*, 567 U.S. 343, 360 (2012) (applying *Apprendi* to criminal fines). Defendant expressly reserves and preserves this issue and does not waive any Sixth Amendment, Ex Post Facto, or related challenge to the restitution determination.

USAP wishes to assert victim status, the proper course is to do so directly and, on the record, where its evidence may be tested, not through a letter to the Court.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Motion of Michael Humphreys, Insurance Commissioner, Pennsylvania Insurance Department, for Leave to File an Amicus Curiae Letter (Doc. No. 223).

Dated: June 30, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes (NC BPR #14035)
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

Alex Little (pro hac vice)
Edward M. Canter (pro hac vice)
Brent Hannafan (pro hac vice)
Litson PLLC
54 Music Square E, Suite 300
Nashville, Tennessee 37203
Tel: (615) 985-8205

*Counsel for Greg E. Lindberg*

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order *In Re: Use of Artificial Intelligence* entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 30, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Greg E. Lindberg*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: June 30, 2026

/s/ Kenneth Barnes
Kenneth Barnes

*Counsel for Greg E. Lindberg*