IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case Number: 3:23-CR-48-MOC |
| v. | |
| **GREG E. LINDBERG,** | |
| Defendant. | |

### CELL 1.16'S REPLY TO DEFENDANT LINDBERG'S OPPOSITION TO ITS MOTION FOR RESTITUTION

The Commissioner of the Vermont Department of Financial Regulation, Kaj Samsom, solely in his capacity as Rehabilitator ("Rehabilitator") of Vista Life & Casualty Reinsurance Company's Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Cell 1.16"), files this Reply to address new material provided with Defendant Lindberg's Response in Opposition (Dkt. No. 227) to Cell 1.1.6's Motion for Restitution pursuant to the Crime Victims' Rights Act,18 U.S.C. § 3771 (Dkt. No. 221).

The only new point of substance in Lindberg's Opposition is his attempt to support the assertions that Cell 1.16 was "familiar with the ratings process" and was "aware the ratings were unreliable." See Dkt. No. 227 at 7. The sum total of Lindberg's evidence is four sets of emails. They do not support Lindberg's argument or otherwise indicate Cell 1.16 should not receive restitution.

As an initial matter, the four emails are outside the period of concern. All are all from 2019 or 2020. See Dkt. No. 227-1 (July 29, 2019), Dkt. No. 227-2 (March 31, 2019-April 2, 2019), Dkt. No.227-3 (January 6, 2020-January 14, 2020), and Dkt. No. 227-4 (May 6, 2019).

1

This is after the 2016-2019 period during which the subject criminal conduct occurred. Dkt. No. 42 at 3; *see also* Dkt. No 1 at ¶¶ 3, 4, 188. Cell 1.16 invested in Affiliate Assets from 2016 into 2019; it was provided ratings reports through this period; and it relied on those ratings reports in its financial statements for 2016, 2017 and 2018. See Solow Dec. ¶¶ 21-29 (Dkt. No. 113) and example ratings reports (Dkt. Nos. 113-4 to 113-7.) The four emails involve only the tail of this period, when concerns over Eli Global had begun to emerge. See Dkt. No. 227-1 at 2 (noting Vermont Department concerns over Eli Global group in July 2019). By that point, Cell 1.16 had made its investments in the Affiliated Assets. The question was no longer whether to invest in them, but how to deal with problematic assets.

Turning to the emails themselves, none shows that Cell 1.16 was familiar with the ratings process or aware that the ratings were unreliable.

The first email string, from July, 2019, is between Don Solow at Cell 1.16 and Chris Herwig at Eli Global. Dkt. No.227-1.[1] In it, Don Solow says that Cell 1.16 had received a letter from the Vermont Department directing Cell 1.16 to sever ties with Eli Global group, and Herwig and Don Solow then set up a call to discuss it. The emails say nothing about ratings.

The second email string, from late March and early April, 2019, is between Don Solow and Carson McGuffin at Eli Global. Dkt. No. 227-2. In it, Don Solow requests copies of credit memos (not rating agency reports) to provide to Performance Trust Capital Partners, a group in Chicago that might be able to restructure loans. The credit memos would reflect Eli Global analysis in underwriting the loan. Performance Trust Capital Partners requested them because that group (not Cell 1.16) did not want to rely on the rating reports in connection with a potential

---

[1] The recipients also include Devin Solow at Eli Global and Brian Lo at Cell 1.16. Don Solow and Devin Solow are not related.

1402598.4

restructuring. Contrary to Lindberg's contention, the emails do not show that Don Solow was familiar with the ratings process or that he did not rely on ratings reports.

The third email string, from January 2020, is between Don Solow and Devin Solow. Dkt. No. 227-3. It reflects an attempt to obtain ratings for loans then in the USAP trust, which at that time were presumably unrated, so that USAP could take reserve credit. It does not indicate that Don Solow familiar with the ratings process, since he was asking Devin Solow for advice, or that he did not rely on ratings reports, as he was asking for ratings.

The fourth email string, from May 2019, is between Don Solow at Cell 1.16 and Chris Herwig and others at Eli Global. Dkt. No. 227-4. It notes that assets must be rated for USAP to take credit and says that it is imperative to obtain ratings. Again, this does not suggest that Don Solow was familiar with the rating process or did not rely on ratings. To the contrary, it stresses the importance of the ratings.

Lindberg further contends that the ratings reports issued by "independent agencies" were not misrepresentations by Lindberg. Dkt. No. 227 at 8. This ignores that, as the Special Master recognized, Lindberg "freely shuffled assets among his empire of entities to artificially inflate the credit ratings of any given affiliated entity without such shuffling having any true commercial purpose (other than to manipulate credit ratings) and without regard to how each individual entity's stakeholders might be impaired by the transactions." Special Master Report, Appendix 1, Dkt. No. 106-2, at 3 (emphasis added); see also Factual Basis Dkt. No. 42, ¶ 5 (to carry out the conspiracies, Lindberg and others made misrepresentations, half-truths and omissions to, among others, "various rating agencies"). Ratings reports based on fraudulent information provided by Lindberg to increase ratings constitute misrepresentations by Lindberg.

1402598.4

**CONCLUSION**

For these reasons and those set forth in Cell 1.16's motion for restitution, the Court should hold that Cell 1.16 is a victim entitled to restitution from the Defendant Lindberg. The Special Master and Cell 1.16 may then discuss the calculation and value of the restitution amount consistent with the other recommendations in the Special Master's Report.

This the 13th day of July 2026.

By: */s/ J. Walton Milam, III*
J. Walton Milam, III (N.C. Bar No. 57152)
ROSENWOOD, ROSE & LITWAK, PLLC
1712 Euclid Avenue
Charlotte, NC 28203
Phone: 704-228-8578
Fax: 704-371-6400
wmilam@rosenwoodrose.com
*Attorney for Kaj Samsom, Commissioner of the*
*Vermont Department of Financial Regulation, solely in*
*his capacity as Rehabilitator ("Rehabilitator") of Vista*
*Life & Casualty Reinsurance Company's Protected Cell*
*1.16, n/k/a ViUS PC 2016-A IC, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that copies of the foregoing was served on all parties and others having noted an appearance in this case, via ECF and/or email.

This the 13th day of July, 2026.

By: */s/ J. Walton Milam, III*
J. Walton Milam, III

4