IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Judge Max O. Cogburn, Jr. |

**DEFENDANT GREG E. LINDBERG'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Greg E. Lindberg respectfully moves the Court for leave to file the accompanying Sur-Reply in further opposition to Cell 1.16's Motion for Restitution Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 (Doc. Nos. 221, 222). The narrow ground for this motion is one of basic fairness: the Defendant was in the custody of the Federal Bureau of Prisons, without meaningful access to his own records, when his Response was due, and Cell 1.16's Reply has since recharacterized those very records. In support, the Defendant states as follows:

**PRELIMINARY STATEMENT**

Cell 1.16 asks this Court to declare the Defendant's own reinsurer a "victim" and to award it more than $131 million from the restitution estate—on a record that consists largely of the Defendant's own contemporaneous business correspondence. At the time the Defendant filed his Response, however, he had been taken into the custody of the Federal Bureau of Prisons and was without meaningful access to those

records. He expressly reserved further litigation of the restitution determination. Doc. No. 227, at 4 n.1. Cell 1.16's Reply then advanced new characterizations of that same record. The Defendant now seeks leave to place the complete, contemporaneous record before the Court. To deny that opportunity would be to resolve a $131 million restitution question against an incarcerated defendant on an incomplete record—one his custody prevented him from assembling when his Response was due. The Sur-Reply is short and narrowly focused, and it should be permitted.

1. *The relevant procedural background of the restitution briefing*. Cell 1.16 moved for restitution under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (Doc. Nos. 221, 222). The Defendant filed his Response in Opposition on June 29, 2026 (Doc. No. 227). Cell 1.16 filed its Reply on July 13, 2026 (Doc. No. 233).

2. *The Defendant's lack of access to his records while in custody*. The evidence that bears on Cell 1.16's Motion is, overwhelmingly, the Defendant's own contemporaneous correspondence—years of emails and business records. At the time the Defendant filed his Response, however, he was in the custody of the Federal Bureau of Prisons and was without meaningful access to those voluminous records. In custody, the Defendant cannot use a laptop or access records electronically; he has been limited to offline access and has had to review the voluminous 2018 correspondence and records by hand, under the severe restrictions of his confinement. His Response was prepared under those constraints, and he expressly reserved further litigation of the restitution determination, including "causation, offsets, and credits … which will further change the restitution determination," and stated that

"Defendant expressly reserves this determination." Doc. No. 227, at 4 n.1. That reservation, together with the Defendant's inability to access his own records in custody, constitutes good cause for the Sur-Reply. It would be fundamentally unfair to resolve a multi-million-dollar restitution claim against an incarcerated defendant on a record he was foreclosed—by his custody, not by any lack of diligence—from fully assembling when his Response was due. Having since been able to marshal the complete record, the Defendant should be permitted to place it before the Court. The proposed Sur-Reply, and the Defendant's contemporaneously filed Motion to Recoup the Distribution to Vista, and for Related Relef, do exactly that.

3. *New matter raised for the first time in Cell 1.16's Reply*. Cell 1.16's Reply compounds the point by advancing, for the first time, specific new characterizations of the Defendant's own correspondence—for example, that the March–April 2019 emails reflect only a third party's unwillingness to rely on the ratings rather than Cell 1.16's, that the July 2019 email "say[s] nothing about ratings," and that the emails show only how Cell 1.16 addressed "problematic assets" after it had invested. Doc. No. 233, at 2–3. The Reply also advances a new legal contention—that the ratings themselves constitute the Defendant's misrepresentations, as established by the Factual Basis (Doc. No. 42) and the Special Master's Report (Doc. No. 106-2). Doc. No. 233, at 3. Having been unable, in custody and without his records, to present the full correspondence in his Response, the Defendant has even more reason to be heard on these new characterizations now.

4. *The Special Master's failure to defend the exclusion is a further, independent ground for leave.* The Special Master was appointed to administer this restitution process and, in that role, owed duties to the Court, to the other insurance-company victims whose recoveries the estate is meant to protect, and to the Defendant. The Special Master recommended—and the Court adopted—the exclusion of Cell 1.16 as a restitution victim. Doc. No. 106-3, at 23-24; Doc. Nos. 161, 162. Yet in the face of Cell 1.16's renewed motion under the Crime Victims' Rights Act, the Special Master has not defended that determination, notwithstanding that he had access to the same contemporaneous records that refute the claim. Where the neutral charged with safeguarding the integrity of the estate does not defend the very exclusion he recommended, the responsibility for protecting the Court's restitution process, the other victims, and the Defendant falls to the Defendant alone. That circumstance is itself independent good cause to permit the Sur-Reply, so that the complete record is placed before the Court rather than left unanswered.

5. *Standard*. This District's local rules do not provide for the filing of a sur-reply as of right; a sur-reply may be filed only with leave of Court. Leave is appropriately granted where the reply raises new arguments or presents matters to which the opposing party has not had an opportunity to respond. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). Both grounds are present here—new matter

in the Reply, and the Defendant's inability, while in custody without his records, to present the complete record in his Response.

6. *Narrow scope; the Defendant's own records*. The proposed Sur-Reply is limited to responding to the new matter in the Reply. It attaches nine items of Cell 1.16's own contemporaneous correspondence (Sur-Reply Exhibits 1 through 9)—the very records to which the Defendant lacked meaningful access when his Response was due. Exhibits 1 through 3 were previously furnished to the Special Master; Exhibits 4 through 9 are additional contemporaneous records, dated 2017–2018, drawn from the Defendant's own files, that fall within the very period of reliance on which the Reply relies.

7. *No prejudice; efficiency*. Granting leave will not delay the proceedings or prejudice any party. It will aid the Court by ensuring that a $131 million restitution question is decided on a complete record rather than one truncated by the Defendant's custody status when his Response was due.

8. *Consultation*. Undersigned counsel conferred with counsel for Cell 1.16 regarding the relief requested herein on July 16 and July 17, 2026. Counsel for Cell 1.16 has indicated that Cell 1.16 neither opposes nor consents to this motion, and notes that it has not seen the proposed Sur-Reply.

For these reasons, the Defendant respectfully requests that the Court grant leave to file the accompanying Sur-Reply and grant such other relief as the Court deems just and proper.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*

Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*Counsel for Greg E. Lindberg*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order *In Re: Use of Artificial Intelligence* entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: July 17, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: July 17, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes

*Counsel for Greg E. Lindberg*