**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br>Judge Max O. Cogburn, Jr.<br><br>EXPEDITED CONSIDERATION REQUESTED |

## EXHIBIT F — SCHEDULE OF DOCUMENTS TO BE PRODUCED BY WES CAMDEN, LAUREN FUSSELL, AND THEIR FIRM PURSUANT TO SUBPOENA DUCES TECUM (FED. R. CRIM. P. 17(c))

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" mean Wes Camden and Lauren Fussell, individually and as counsel to the NCICs, together with their law firm Williams Mullen and every lawyer or staff member of that firm who has worked on any matter concerning Mr. Lindberg, the NCICs, the SACs, the affiliated investments, or restitution.
2. The definitions set out in Exhibit A — including the entity definitions, "SACs," and "Primary Restitution Assets" — apply equally to this Exhibit F.
3. If any responsive Document or Communication is withheld on a claim of privilege or protection, serve a written privilege log on all parties within seven (7) days of service of this subpoena, identifying each withheld item by date, author, recipients, and subject matter. Communications with the United States Department of Justice or any other Government agency are not privileged and shall not be withheld. Communications with Michael Dinius in his capacity as Special Deputy Rehabilitator—made under the rehabilitation orders and the June 27, 2019 MOU, to which Defendant is a party—are not privileged as against Defendant; any contrary claim shall be presented item-by-item on the privilege log.
4. Unless otherwise stated, the period covered is October 1, 2018 through the date of production.

## DOCUMENTS TO BE PRODUCED

1. Communications between You and Commissioner Michael Causey or any officer or employee of the North Carolina Department of Insurance concerning Mr. Lindberg, the NCICs, the SACs, the affiliated investments, or restitution.

2. Communications between You and Michael Dinius or Noble Consulting Services, Inc., during the period covered by this subpoena.

3. Communications between You and the United States Department of Justice or any other Government agency concerning Mr. Lindberg or these proceedings.

4. Communications between You and the Special Master, his counsel, or Paladin Management concerning Mr. Lindberg, restitution, offsets, credits, asset sales, or the NewHoldCo companies.

5. The Documents and Communications constituting, memorializing, or evaluating the Beckett transaction, including the CBL subordination fee.

6. The Documents and Communications memorializing or evaluating the approximately $1.25 billion affiliated-investment figure stated in the NCICs' verified pleadings and pre-trial stipulation in the Wake County litigation, including any analysis of a departure from that figure.

7. The pleadings, correspondence, and Communications concerning any litigation commenced or threatened against any prospective purchaser of the NCICs or their assets.

8. The Documents and Communications constituting, memorializing, transmitting, or evaluating the November 22, 2018 letter of intent from Ares Management concerning GBIG and/or the NCICs — including the letter of intent itself, drafts, transmittal correspondence, internal evaluations and board presentations concerning it, and the Documents and Communications reflecting its receipt, negotiation, rejection, or non-response.

9. The Documents and Communications constituting, memorializing, transmitting, or evaluating the February 8, 2019 proposal of Oaktree Capital Management (including the approximately $1.0 billion transaction referred to as the "Global Solution"), including the Documents and Communications reflecting its receipt, evaluation, rejection, or non-response.

10. The Documents and Communications constituting, memorializing, transmitting, or evaluating the 2023 Montshire and/or Alban offer(s) for the NCICs or their assets, together with the pleadings, correspondence, and Communications concerning any litigation commenced against any prospective purchaser of the NCICs or their assets, including the decision to commence such litigation.

11. The Documents and Communications constituting, memorializing, transmitting, or evaluating the Q1 2024 Quadro Acquisition Corp. One transaction, including its valuation of the Specified Affiliated Companies and the reasons for its non-consummation.

12. Each valuation of the NCICs or their estates prepared from November 5, 2018 (including the $454 million baseline valuation) through the present, together with the underlying workpapers and the Communications transmitting or evaluating each valuation.

13. The Documents and Communications constituting, memorializing, or evaluating the Zero-Coupon Bonds and their disposition — including the pricing obtained in 2019, the decision to sell any Zero-Coupon Bond before maturity, the sale proceeds and their application, and the Documents classifying any Zero-Coupon Bond or its proceeds as IALA or non-IALA.

14. The Documents and Communications constituting, memorializing, or evaluating the AAPC Preferred, including the December 2022 transfer to ULICO and each valuation of the AAPC Preferred from 2019 to the present.

15. The Documents and Communications constituting, memorializing, or evaluating the negotiation, execution, and enforcement of the MOU, together with the Communications with any guaranty association concerning liquidation of the NCICs.

16. The Communications constituting, transmitting, or responding to each offer, indication of interest, letter of intent, or proposal to purchase, invest in, or monetize the NCICs, any SAC, any Primary Restitution Asset, or any other Lindberg-affiliated asset that was not consummated, from October 1, 2018 through the date of production, notwithstanding any shorter period stated in these instructions — including communications received from prospective purchasers or investors to which no response was made.

17. Communications between You and any insurance regulator — including without limitation the insurance regulators of North Carolina, Pennsylvania, Vermont, and Bermuda — concerning the NCICs, the SACs, the Primary Restitution Assets, Vista Life & Casualty Reinsurance Company, PBLA, or any Lindberg-affiliated entity, or any sale or proposed sale of any of them, during the period covered by this subpoena.

18. The invoices, time records, and billing records for Your work for the NCICs, the Rehabilitator, or any Lindberg-affiliated estate or entity, together with the payment records showing all amounts paid to You from estate assets, from October 1, 2018 to the present.