# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GREG E. LINDBERG,

    Defendant.

Case No. 5:19-CR-22-MOC

Case No. 3:23-CR-48-MOC

Judge Max O. Cogburn, Jr.

## RESPONSE IN OPPOSITION TO THE MOTION FOR INQUIRY INTO STATUS
## OF COUNSEL AND, IN THE ALTERNATIVE, MOTION TO MODIFY
## THE TRANSPORT ORDER TO PERMIT A FURLOUGH

Defendant Greg E. Lindberg respectfully submits this Response in opposition to the United States' Motion for Inquiry into Status of Counsel (Doc. 247) and, in the alternative, moves to modify the transport order (Doc. 250) for the August 7, 2026 hearing. For the reasons set forth below, the Motion should be denied.

## I. The Motion's sole evidence of a disavowal is explained.

The Motion's only evidence that a counsel disavowed Mr. Lindberg's representation is the "Respondent Pro Se" designation on his response to Conservatrix's mandamus petition (Doc. 198). Attorney Vivek Ramachandran, engaged to represent Mr. Lindberg in his Fourth Circuit appeals, had not yet been admitted to that court's bar when the response came due on a turnaround of approximately twelve hours — the CVRA requiring the court of appeals to decide "within 72 hours after the petition has been filed." 18 U.S.C. § 3771(d)(3). Before filing, Mr. Ramachandran contacted the Office of the Clerk of the Fourth Circuit, disclosed that he was not yet admitted to that court's bar, and stated that he would

sign the filing if that was required; with the explicit approval of the head clerk, express permission was granted to file pro se by email. (Ex. A.) The filing was made pro se because recasting the entire document in counsel's name — its cover page, its title, its signature block, and its certificate of service — would have taken more than the few hours that remained to respond. The transmitting email records it: "Respondent sought and received approval of the court to file this via email." (Ex. D.) See 4th Cir. R. 25(b)(1). He has since been admitted and handles all filings there. What the record shows is Mr. Lindberg and his attorneys adapting to a transition in representation under a deadline measured in hours — not a defendant casting off his counsel.

## II.    The copy on this Court's docket was filed to keep the Court informed.

Local counsel filed that document here as transmitted, to keep this Court apprised of the Crime Victims' Rights Act proceedings arising out of this case. (Ex. C.) It was not a disavowal of Mr. Lindberg's representation here, and nothing in this Court's record — no motion to proceed pro se, no waiver colloquy — suggests otherwise.

## III.    Mr. Lindberg has stated his representation in his own signed words.

In his own signed words (Ex. B), Mr. Lindberg identifies his counsel, confirms he has reviewed the filings made on his behalf, and asks that the Government respond to them on their merits. Exhibit B also shows how his filings are produced: written out by hand at FCI Atlanta and sent out to be typed and filed. Any resulting infirmity should be excused in favor of the merits. Other quibbles like different

2

signatures blocks reflect counsel in transition period working under constrains to place all evidence on record within the 60 day deadline nothing more.

The Court should decline to elevate form over substance, particularly where the litigant is incarcerated and must work around limits on access to counsel, to his materials, and to any means of filing. The Government has had these filings for weeks. It raises them now — after the filings were made and answered on the docket, and while Mr. Lindberg is preparing his opposition to the Special Master's final report — and asks for a hearing about signatures rather than a response on the merits. Nothing in the Motion suggests that any defect in form impaired the Government's ability to respond to what the filings actually say. The Government has known of these matters since June. Its June 16, 2026 motion complained that counsel had not conferred before filing and that a consultation statement had been left blank. (Doc. 205 ¶¶ 3, 5.) It did not then ask for a hearing on the status of counsel; it asked to defer its responses. In light of Mr. Lindberg's incarceration and the practical constraints it imposes, any remaining requirement of form should be waived to the extent necessary to permit a decision on the merits. In any event, whatever the Motion identified is now moot. Counsel are identified on this filing, each has declared what he did (Exs. A, C), and Mr. Lindberg has stated his representation in his own signed words (Ex. B). Nothing remains for a hearing to resolve. And in any case, none of this excuses the Government's failure to respond to those filings on their merits — the very responses it asked to defer indefinitely. (Doc. 205.)

## IV. The 90-day period the Motion invokes supplies no urgency.

The Government rests its urgency on the 90-day period in 18 U.S.C. § 3664(d)(5). That period cannot bear the weight. The Government itself jointly moved to bifurcate sentencing from restitution, and the Court granted that motion on April 7, 2026, directing that the sentencing hearing be held after entry of a preliminary restitution order and that restitution be finalized at one or more later hearings. (No. 5:19-cr-22, Doc. 504; No. 3:23-cr-48, Doc. 107; Order, Doc. 108.) Having agreed to a structure that defers the final restitution determination, the Government cannot invoke § 3664(d)(5) as a reason to convene a hearing on the status of counsel on August 7. The Government's own conduct is inconsistent with the urgency it now asserts. On June 16, 2026, it moved to extend its time to respond to Mr. Lindberg's pending motions — Docs. 172, 190, 201, and 202, "and any additional such future motions" — "until at least 14 days after such time as the Court rules on the pending motions . . . to withdraw as counsel," "or as otherwise directed by the Court as part of a consolidated briefing schedule." (Doc. 205.) That request fixed no end date; it ran to a ruling that had not issued, and forward to motions not yet filed. The Government also asked then for "a status hearing in regard to the numerous pending motions." *Id.* Having sought to defer its responses indefinitely, it cannot now invoke the 90-day period as the reason a hearing must be held on August 7. The bifurcation order itself cites *Dolan v. United States*, 560 U.S. 605, 608–09 (2010), and *Manrique v. United States*, 581 U.S. 116, 118 (2017), for the proposition that a court may sentence and determine restitution later. (Doc. 108 ¶ 14.)

## V. The Motion should be denied; if a hearing proceeds, transport should be modified.

The Motion should be denied as moot and the August 7, 2026 hearing vacated. If the hearing proceeds, the transport order (Doc. 250) should be modified to permit a Bureau of Prisons furlough: it is less burdensome than custodial transport from FCI Atlanta and preserves Mr. Lindberg's access to counsel before a hearing about who his counsel are. He is presently preparing his opposition to the Special Master's final report, work that transport would interrupt.

The hearing itself, apart from transport, takes time Mr. Lindberg does not have. He is racing against the clock to prepare his response to the Special Master's final restitution report — the document on which the amount of any restitution award may turn — under the same custodial constraints described above. Every day given over to form rather than substance — and every day consumed by producing him for a hearing — is a day taken from his ability to respond to the pending motions and to the final order of restitution. Those are the proceedings that will determine what he owes, and the Motion identifies no corresponding benefit to the Court or to the Government.

Dated: July 25, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*Counsel for Greg E. Lindberg*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order *In Re: Use of Artificial Intelligence* entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: July 25, 2026

/s/ Kenneth Barnes
Kenneth Barnes
*Counsel for Greg E. Lindberg*

7

# CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: July 25, 2026

/s/ Kenneth Barnes
Kenneth Barnes
*Counsel for Greg E. Lindberg*