# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GREG E. LINDBERG,

    Defendant.

**Case No. 3:23-CR-48-MOC**
*(Charlotte Division)*

**Case No. 5:19-CR-22-MOC**
*(Statesville Division)*

Judge Max O. Cogburn, Jr.

## NOTICE OF CORRECTION REGARDING THE VALUATION OF BECKETT COLLECTIBLES, LLC

Defendant Greg E. Lindberg respectfully submits this Notice of Correction to correct the record in the above-captioned proceedings regarding the value of Beckett Collectibles, LLC ("Beckett"). This Notice corrects only the record as reflected on the docket and is submitted promptly upon counsel and Mr. Lindberg obtaining access to the underlying valuation materials.

## I.    BACKGROUND

In prior filings made by Defendant on the docket in these proceedings—including the response to the Special Master's request for additional time—a *New York Times* article discussing the sale of Beckett was attached, and the filing used the sales figure for Beckett then available to counsel. That sales figure—approximately $134 million—was communicated by the Special Master during a call and did not originate with Defendant. A sales figure is not the same as a valuation: as the independent materials set forth below establish, Beckett's value was approximately $1 billion, and in all events greater than $800 million. The record is corrected accordingly.

This correction was precipitated by Mr. Lindberg's movement through the Federal Bureau of Prisons ("BOP") transit system following his designation, during which

counsel had very limited—if any—access to Mr. Lindberg at the time these filings were made. Because Mr. Lindberg could not be meaningfully consulted, and in order to timely place a response on file, the filing relied on the sales figure then available to counsel and attached the *New York Times* article discussing the Beckett sale rather than the underlying valuation materials. Mr. Lindberg and counsel now have access to the underlying valuation and transaction materials, each of which is attached hereto and independently corroborates the others.

## II.   THE CORRECTED VALUATION

The contemporaneous, independent, and arm's-length market evidence establishes the following with respect to Beckett's value:

**A.    Independent appraisal (Cabrillo Advisors).** An independent business valuation prepared by Cabrillo Advisors, Inc., with a valuation date of January 31, 2022, concluded that the enterprise value of Beckett was **$1,003,924,000**—approximately $1 billion. (Ex. A.)

**B.    Blackstone Indication of Interest.** In an indication of interest and related counter dated April 5, 2022, Beckett was valued at a total enterprise valuation of **$1.05 billion**, with the accompanying analysis noting an implied enterprise value of approximately $1.001 billion, "just under Cabrillo's calculated EV of $1.004bn." (Ex. B.)

**C.    CCG + Beckett term sheet.** The CCG + Beckett proposal and term sheet dated April 14–16, 2022 reflected a Beckett equity value of **$800 million to $900 million** (on a debt-free, cash-free basis), and projected "Beckett Proceeds by 2022E" of approximately $941 million to $1.065 billion. (Ex. C.)

**D.    Best-and-final counter.** Contemporaneous transaction correspondence reflects a best-and-final counter at a Beckett valuation of **$1.1 billion** (structured as

$250 million cash at closing and $325 million within 30 days, among other terms). (Ex. D.)

Each of these sources—an independent appraisal, an institutional buyer's indication of interest, the parties' term sheet, and the best-and-final counter—independently establishes that Beckett's value was approximately $1 billion, and in every case greater than $800 million. The approximately $134 million sales figure previously available to counsel is not the same as this independent valuation; to the extent it was used in any prior filing to describe Beckett's value, the record is corrected.

## III.  SCOPE OF THIS CORRECTION

Defendant corrects the record as to Defendant's own filings on the docket in these proceedings—specifically the two filings identified below, and any other filing made by Defendant that used the sales figure then available to counsel to describe the value of Beckett. In each such filing by Defendant, any use of that sales figure to describe Beckett's value is superseded and corrected by the valuation evidence set forth above and in the attached exhibits, which reflect a value of approximately $1 billion, and in all events greater than $800 million. This Notice corrects only Defendant's own filings and does not purport to correct any filing made by any other party.

**A.    Response to the Special Master's Motion for Extension of Time (Doc. 220).** Defendant's Response in Opposition to the Special Master's Motion for Extension of Time, filed June 22, 2026, attached as Exhibit A a *New York Times* article discussing the sale of Beckett and stated that Beckett "was sold to Collectors in December 2025 with no motion, no notice, no order, and no accounting of the proceeds." That filing stated no value for Beckett and did not use the approximately $134 million figure; it is identified here for completeness and requires no correction as to Beckett's

value, which the attached exhibits establish was approximately $1 billion, and in all events greater than $800 million.

**B.      Motion for a Determination That No Restitution Is Owed (Doc. 234).**

Defendant's Motion for a Determination That No Restitution Is Owed, or in the Alternative for Exclusion and Offset of Losses Not Proximately Caused by the Offense of Conviction, filed July 14, 2026, states that "[t]he Beckett transaction (approximately $134 million) was effected without court approval and without any accounting for the proceeds." The approximately $134 million figure in that statement refers to the sales figure the Special Master reported Beckett was sold for and is not Beckett's valuation. The record is corrected to reflect that Beckett's value was approximately $1 billion, and in all events greater than $800 million, as shown in the attached exhibits—a valuation distinct from, and substantially above, the reported sale price of approximately $134 million. This correction is limited to Beckett's value and does not alter any other statement in that filing, including that the disposition was effected without court approval or an accounting of proceeds.

This Notice is limited to correcting the record as reflected on the docket. To the extent any filing references the Special Master's sale of Beckett for approximately $134 million, that figure is accurate as a description of the reported sale; the correction made herein is limited to Beckett's value, which was approximately $1 billion, and in all events greater than $800 million.

## IV. SUMMARY OF SUPPORTING VALUATION EVIDENCE

| Source (Exhibit) | Beckett Value | Document Date | Exhibit |
|---|---|---|---|
| Cabrillo Advisors, Inc., Business Valuation (Ex. A) | $1,003,924,000 | Valuation date Jan. 31, 2022; prepared Apr. 7, 2022 | Ex. A |
| Blackstone Indication of Interest / Beckett Counter (Ex. B) | $1.05 billion TEV | Apr. 5, 2022 | Ex. B |
| CCG + Beckett Blackstone Proposal / Term Sheet (Ex. C) | $800–$900 million equity value; proceeds to $1.065 billion by 2022E | Apr. 14–16, 2022 | Ex. C |
| Correspondence re CCG \| Beckett Term Sheet (best-and-final counter) (Ex. D) | $1.1 billion valuation | Apr. 18, 2022 | Ex. D |

## V. EXHIBITS

Exhibit A  Business Valuation of Certain Entities for Global Growth Holdings Inc., prepared by Cabrillo Advisors, Inc. (valuation date Jan. 31, 2022; prepared Apr. 7, 2022).

Exhibit B  Blackstone Indication of Interest – Beckett Counter (Apr. 5, 2022).

Exhibit C  CCG + Beckett Blackstone Proposal / Term Sheet (Apr. 14–16, 2022).

Exhibit D  Correspondence re CCG \| Beckett Term Sheet, reflecting best-and-final counter (Apr. 18, 2022).

Dated: July 27, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
(202) 860-4084
vramachandran@dhammalaw.com
*Pro Hac Vice Pending*

*Counsel for Defendant Greg E. Lindberg*

## CERTIFICATE OF CONSULTATION

Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States on July 27, 2026, regarding the relief requested herein.

The United States' does not have a position.

The Special Master also has no objection to this filing.

/s/ *Kenneth N. Barnes*
Kenneth N. Barnes

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order In Re: Use of Artificial Intelligence entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: July 27, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*

7

# CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: July 27, 2026

/s/ Kenneth Barnes
Kenneth Barnes
*Counsel for Greg E. Lindberg*