# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**GREG E. LINDBERG,**

Defendant.

Case No. 3:23-CR-48-MOC
Case No. 5:19-CR-22-MOC

Judge Max O. Cogburn, Jr.

## NOTICE OF ERRATA
### DOC NOS. 172, 173, 174, 190, 202, 211, 212, 213, 220, 225, 234, 236, 238

Defendant Greg E. Lindberg respectfully submits this Errata to certain filings in order to correct inadvertent clerical errors in the following docket entries identified below with accompanying certifications and consultations with opposing counsel in resolution of the errors:

1. DOC. NO. 172: "Defendant Greg E. Lindberg's Emergency Motion (I) to Stay All Further Asset Sales and Asset-Sale Processes and to Stay Enforcement of The Preliminary Order of Restitution (Doc. No. 161); (II) to Correct and Amend The Preliminary Order of Restitution to Conform to The Mandatory Victims Restitution Act; (III) to Return The Primary Restitution Assets to Defendant's Control On The Ground That Restitution Has Been Fully Paid and Overpaid; and (IV) in The Alternative, to Return The De Minimis Sacs Identified in The Clanwilliam Sale Order to Defendant's Control with Immediate Effect." Doc. No. 172 was inadvertently filed without an Artificial Intelligence Certification Pursuant to the Standing Order of this Court entered June 18, 2024, and

1

published to the Bar of the Western District on June 27, 2024 (hereinafter "AI Certification") and Certification of Consultation pursuant to LCrR 47.1 (b) (hereinafter "Certificate of Consultation"). In addition, replacement counsel was working during transition to get these documents in place within the 14-day deadline after sentencing for an appeal brief.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. The Special Master opposes, except the Special Master takes no position on a temporary stay on asset sale activities by the Special Master until the district court can enter a final order on restitution.

AI Certification: Pursuant to the Standing Order of this Court, In Re: Use of Artificial Intelligence, the undersigned certifies that: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence as is embedded in the standard online legal research sources Westlaw, Lexis, Bloomberg, Thomson Reuters and FastCase; and (2) every statement in this document, and every citation to an authority contained in it, has been checked— as to the accuracy of the proposition for which it is offered and the citation to the authority provided—by an attorney in this case or a paralegal working at that attorney's direction.

2. DOC. NO. 173: "Memorandum of Law in Support of Defendant Greg E. Lindberg's Emergency Motion (I) to Stay All Further Asset Sales; (II) to Return The Primary Restitution Assets; and (III) in The Alternative, to Return The De Minimis Sacs with Immediate Effect." Doc. No. 173 was inadvertently filed without a Certificate of Consultation. In addition, replacement counsel were working during transition to get these documents in place within the 14 day deadline after sentencing for an appeal brief.

   Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. The Special Master opposes, except the Special Master takes no position on a temporary stay on asset sale activities by the Special Master until the district court can enter a final order on restitution.

3. DOC. NO. 174: "Greg Lindberg's Supplemental Statement of Facts in Support of Defendant's Response and Objection to Special Master's Report and Recommendations Regarding Restitution." Doc. No. 174 was inadvertently filed without local counsel, Kenneth Barnes' signature, an AI Certification and Certification of Consultation. In addition, Doc. No. 174 was intended as a sworn declaration of Greg Lindberg who could not sign documents including the sworn affidavit because he was handcuffed during legal visits at the Catawaba County Detention center. Local Counsel Kenneth Barnes has

already adopted this Doc. No. 174 based on this document being Greg Lindberg's sworn affidavit.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. To the extent relief is requested from the district court through this pleading, the Special Master opposes.

AI Certification: Pursuant to the Standing Order of this Court, In Re: Use of Artificial Intelligence, the undersigned certifies that: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence as is embedded in the standard online legal research sources Westlaw, Lexis, Bloomberg, Thomson Reuters, and FastCase; and (2) every statement in this document, and every citation to an authority contained in it, has been checked— as to the accuracy of the proposition for which it is offered and the citation to the authority provided—by an attorney in this case or a paralegal working at that attorney's direction.

4. DOC. NO. 190: "Defendant's Emergency Motion to Stay All Asset Sales and Asset sale Processes Pending Entry of A Final Restitution Order and De Novo Article III Determination, and Consolidated Objections to The Preliminary Order of Restitution (Doc. 161), The Scope of The Special Master Reference,

and The Special Master's Statement (Doc. 159), with incorporated Memorandum of Law." Doc. No. 190 was inadvertently filed without an AI Certification and Certification of Consultation. In addition, replacement counsel were working during transition to get these documents in place within a 14-day deadline after sentencing for an appeal brief.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes (except insomuch as Defendant is asking Court to reach conclusions about restitution issues that were preserved in Preliminary Order of Restitution). The Special Master opposes, except the Special Master takes no position on a temporary stay on asset sale activities by the Special Master until the district court can enter a final order on restitution.

AI Certification: Pursuant to the Standing Order of this Court, In Re: Use of Artificial Intelligence, the undersigned certifies that: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence as is embedded in the standard online legal research sources Westlaw, Lexis, Bloomberg, Thomson Reuters, and FastCase; and (2) every statement in this document, and every citation to an authority contained in it, has been checked— as to the accuracy of the proposition for which it is offered and the citation to the

authority provided—by an attorney in this case or a paralegal working at that attorney's direction.

5. DOC. NO. 202: "Defendant's Emergency Motion to Enforce The Plea Agreement and The Order Appointing The Special Master, to Preserve His Due-Process and Counsel-Access Rights in The Pending Restitution Proceedings, and to Require That The Government Be Represented By Conflict-Free Counsel." Doc. No. 202 was inadvertently filed without a Certification of Consultation.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. In addition, prior counsel informed Greg E. Lindberg that Government counsel had asked for protected filings be removed which made consultation in such an environment a challenge for counsel in transition, who chose to preserve evidence as soon as possible. The Special Master responded as follows: (I) No position on requests for relief (a) through (d); (II) as to (e), the Special Master takes no position on a temporary stay on asset sale activities by the Special Master until the district court can enter a final order on restitution, otherwise oppose; and (III) opposes (f).

6. DOC. NO. 211: "Defendant's Response in Opposition to The Government's Motion For Extension of Time." Doc. No. 211 does not require a Certification of

Consultation because this is a response to a Motion for Extension of time. However, in light of the motion filed by the government, Defendant's counsel anyway reached out to the government regarding their position.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes (insomuch as it pertains to Doc. Nos. 201 and 202). The Special Master opposes the relief sought.

7. DOC. NO. 212: "Defendant Greg E. Lindberg's Response in Opposition to The Objection and Motion For Reconsideration of Cell 1.16's Rehabilitator." Doc. No. 212 was inadvertently filed without a Certification of Consultation. However, in light of the motion filed by the government, Defendant's counsel anyway reached out to the government regarding their position.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States responded "N/A." The Special Master consents to the relief sought.

8. DOC. NO. 213: "Defendant's Motion For Extension of Time to Respond to The Objection and Motion For Reconsideration of Cell 1.16's Rehabilitator (Doc. No. 171)." Doc. No. 202 was inadvertently filed without a Certification of Consultation.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States responded, "no objection to relief requested." The Special Master took no position on this document.

9. DOC. NO. 220: "Defendant's Response in Opposition to The Special Master's Motion For Extension of Time (Doc. 218) and to The Special Master's initial Response (Doc. 217)." Doc. No. 220 does not require a consultation. However, in light of the motion filed by the government, Defendant's counsel anyway reached out to the government and Special Master regarding their position.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. The Special Master opposes the relief sought.

10. DOC. NO. 225: "Defendant Greg E. Lindberg's Emergency Motion For An Order Directing The Bureau Of Prisons To Permit Daily Access To Counsel And The Use Of A Computer And Case Records In The Presence Of Counsel." Doc. No. 225 was inadvertently filed without a Certification of Consultation. Government was consulted regarding the motion and Government agreed to filing of this motion with an additional paragraph inserted. However, in light of the motion filed by the government, Defendant's counsel anyway reached

8

out to the government and Special Master regarding their position. This addendum merely fixes the already stated position which is provided in the motion itself.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States on July 27, 2026, regarding the relief requested herein; the United States responded, "Government's Position already provided and set forth in filing."

11. DOC. NO. 234: "Defendant's Motion For A Determination That No Restitution Is Owed, Or in The Alternative For Exclusion and offset of Losses Not Proximately Caused By The offense of Conviction, with incorporated Memorandum of Law." Doc. No. 234 was inadvertently filed without a Certification of Consultation. The government was consulted prior to filing the motion. However, in light of the motion filed by the government, Defendant's counsel anyway reached out to the government and Special Master regarding their position.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States opposes the relief sought. The Special Master opposes the relief sought.

12. DOC. NO. 236: "Defendant Greg E. Lindberg's Motion For Leave to File Sur-Reply." Vista was approached and given an additional day of time for their position before the Sur-Reply was filed. Therefore, the consultation did happen before the Sur-Reply was filed. Doc. No. 236 was inadvertently filed without an AI Certification. However, Doc. No. 236 was inadvertently filed without a notice of consultation. However, in light of the motion filed by the government, Defendant's counsel anyway reached out to the government and Special Master regarding their position.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; the United States responded, "motion already granted." The Special Master took no position on this document.

AI Certification: Pursuant to the Standing Order of this Court, In Re: Use of Artificial Intelligence, the undersigned certifies that: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence as is embedded in the standard online legal research sources Westlaw, Lexis, Bloomberg, Thomson Reuters, and FastCase; and (2) every statement in this document, and every citation to an authority contained in it, has been checked— as to the accuracy of the proposition for which it is offered and the citation to the

10

authority provided—by an attorney in this case or a paralegal working at that attorney's direction.

13.  DOC. NO. 238: "Defendant Greg E. Lindberg's Motion To Recoup The Distribution To Vista, And For Related Relief, Based On Cell 1.16's Materially Overstated And Duplicative Restitution Claim." Doc. No. 238 was inadvertently filed without a Certification of Consultation.

Certificate of Consultation: Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and Special Master on July 27, 2026, regarding the relief requested herein; The Special Master responded as follows, "You didn't ask about 238, but we: (I) oppose the recoupment request and credit request; and (II) do not oppose the claim rejection request or evidentiary hearing request."

The Special Master further indicated that, "to the extent I inadvertently failed to articulate the special master's position on a pleading identified below or missed a request for relief within a pleading identified below, the special master opposes the relief."

[Signature on following page.]

Dated: July 28, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Kenneth Barnes Legal, PLLC
N.C. Bar No. 14035
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com
*Counsel for Greg E. Lindberg* [1]

---

[1] Pursuant to LCrR 44.1 and LCvR 83.1 (c)(4), attorney Vivek Ramachandran has not signed this Notice of Filing Errata while his Motion for Pro Hac Vice remains pending.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order *In Re: Use of Artificial Intelligence* entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: July 28, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*

13

# CERTIFICATE OF CONSULTATION

Pursuant to the Court's motions practice, the undersigned states that counsel for Defendant conferred with counsel for the United States and the Special Master on July 27, 2026, regarding this Notice of Filing Errata.

The Special Master does not oppose updating the record to add the other parties' positions on the various pleadings.

The United States does not oppose updating the record to add the other parties' positions on the various pleadings.

Dated: July 28, 2026

/s/ Kenneth Barnes
Kenneth Barnes
*Counsel for Greg E. Lindberg*

# CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: July 28, 2026

/s/ Kenneth Barnes
Kenneth Barnes
*Counsel for Greg E. Lindberg*