# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

UNITED STATES OF AMERICA

v.

GREG E. LINDBERG

Case No. 3:23-CR-48-MOC

## SPECIAL MASTER'S FIFTH STATUS REPORT

NOW COMES Joseph W. Grier, III, as special master appointed pursuant to 18 U.S.C. § 3664(d)(6) (the "Special Master"), by and through counsel, who files this *Special Master's Fifth Status Report* (this "Report") pursuant to this Court's *Order Appointing Special Master* entered on January 23, 2025 (Doc. No. 56) (the "Special Master Order"), covering the period beginning on May 1, 2026, and ending on June 30, 2026 (the "Reporting Period").

### I.    PROCEDURAL BACKGROUND

The procedural background sections found in the Special Master's first four Status Reports (Doc Nos. 65, 80, 94, and 147)[1] covering the history of the above-captioned case (this "Case"), from the indictment of Greg E. Lindberg ("Defendant") through the appointment of the Special Master, are incorporated herein by reference.

### II.    SUMMARY OF SPECIAL MASTER'S ACTIVITIES

### A.  Payments to Policyholders with Uncovered Claims

This Court's July 22, 2025, *Order* approving the *Consent Motion for Order Approving Disposition of Net Proceeds from the Sale of the Clanwilliam Group of Companies*, Doc. No. 68 (the "Clanwilliam Order"), directed the Special Master to pay the North Carolina Insurance

---

[1]     Capitalized terms not otherwise defined in this Report have the meanings assigned to them in the Special Master's first four Status Reports.

Companies' share of the Clanwilliam proceeds first to the NCICs' policyholders with claims not covered by applicable state guaranty associations (the "Policyholders with Uncovered Claims"), with the remainder then paid to the North Carolina Insurance Companies.

The Special Master, the Special Master's financial advisor, Paladin Management Group ("Paladin"), and the Special Master's distribution agent, Epiq Corporate Restructuring, LLC ("Epiq"), worked to verify the identities, addresses, and claim amounts of the Policyholders with Uncovered Claims. Epiq then began issuing checks to the Policyholders with Uncovered Claims. Throughout the Reporting Period, Epiq: monitored the status of payments, reissued checks upon the request of policyholders, and researched issues related to uncleared checks; and maintained a call center and dedicated email inbox to answer policyholder inquiries related to those payments and has continuously worked with policyholders to answer their questions and resolve their issues related to the payments. After calculating the amount due to the Policyholders with Uncovered Claims, the Special Master—in a prior reporting period—paid the remainder of the North Carolina Insurance Companies' share of the Clanwilliam proceeds directly to the NCICs.

As of the close of the Reporting Period, more than $151,000,000 of the nearly $158,000,000 (*i.e.*, approximately 96%) of the funds the Special Master distributed to Policyholders with Uncovered Claims had been deposited. Expressed in terms of number of checks, 32,880 of the 43,793 (*i.e.*, approximately 75%) checks that were issued by the Special Master had cleared by the end of the Reporting Period. The Special Master extended the deadline for Policyholders with Uncovered Claims to request reissued checks.

To date, only one (1) of the Policyholders with Uncovered Claims has contacted the Special Master to dispute the amount of the distribution received through the Special Master. The Special

Master's counsel was in the process of preparing a formal response to said policyholder at the close of the Reporting Period.

## B. Recommendations as to Restitution

During the previous reporting period, the Special Master prepared and filed the Special Master's *Report and Recommendations Regarding Restitution*, Doc. No. 106 (the "Restitution Report"). Early in the Reporting Period, various interested persons filed in this Case written responses to the Restitution Report (the "Initial Restitution Report Responses"), including: the Commissioner of the Vermont Department of Financial Regulation, Kaj Samsom, solely in his capacity as Rehabilitator of Vista Life & Casualty Reinsurance Company's Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Vista") (Doc. No. 115); the NCICs (Doc. No. 123); Eleonora L. Zetteler, LLM and J. Robert van Faassen, LLM, in their capacities as insolvency practitioners in the insolvency of Nederlandsche Algemeene Maatschappij Van Levensverzekering "Conservatrix" N.V. ("Conservatrix") (Doc. No. 130); Defendant (Doc. No. 132); ULICO (Doc. No. 136); NOLHGA (Doc. No. 137); and the Bermuda Insurance Companies (Doc. No. 138). On May 15, 2026, the Special Master filed a supplement to the Restitution Report (Doc. No. 146), responding to the Initial Restitution Report Responses and otherwise updating the Special Master's recommendations to the Court.

Without objection (other than objections to matters to be held open in connection with entry of a final restitution order), the Court signed a preliminary restitution order adopting the Special Master's restitution recommendations at the Sentencing Hearing (defined below) (the "Preliminary Restitution Order"). After entry of the Preliminary Restitution Order and after receiving a reduced sentence at the Sentencing Hearing, the Defendant bombarded the docket in this Case with an array of pleadings attacking not only the Special Master's recommendations, but also the overall special

master process previously agreed to by the Defendant (*see, e.g.*, Doc. Nos. 172, 173, 190, 198, 201, 202, 211, 212, 213, 219, 220, 234, 235, & 238) (the "Defendant's Supplemental Responses").

Also, after entry of the Preliminary Restitution Order (and with no advance notice to the Special Master), Conservatrix petitioned the Fourth Circuit Court of Appeals to issue a writ of mandamus directing this Court to awarded restitution to Conservatrix under the Crime Victims Rights Act, requiring a response from the Special Master within a matter of hours. The Fourth Circuit refused to enter such a writ. Similarly, Vista has continued to fight for restitution after entry of the Preliminary Restitution Order, including by filing a motion for reconsideration (Doc. No. 171) and a motion for restitution under the Crime Victims Rights Act (Doc. No. 221). The Pennsylvania insurance commissioner filed a motion for leave to file an *amicus curiae* brief in support of Vista's CVRA motion during the Reporting Period (Doc. No. 223).

The Special Master and Paladin spent substantial amounts of time and effort during the Reporting Period digesting the Defendant's Supplemental Responses, comprising thousands of pages across dozens of filings, as well as the filings by other parties like Vista and Conservatrix. The Special Master began drafting a second (and hopefully final) supplement to the Restitution Report during the Reporting Period reacting the various contentions made in those pleadings and otherwise updating the Special Master's recommendations to the Court.

### C. Efforts to Facilitate Liquidations of Other Restitution Assets

During the Reporting Period, one of the Primary Restitution Assets that had been conducting a sale process decided to suspend such process.

Concerning the remaining Primary Restitution Assets, the Special Master's appointee on the NHC board has been kept apprised of NHC's discussions and general plans to monetize Specified Affiliated Companies. Many of the issues that presented themselves during the Clanwilliam sale process (and which required extensive negotiation to resolve) are likely to recur

4

during NHC's sale of other Specified Affiliated Companies. Representatives of the Special Master continued to work with various NHC stakeholders during the Reporting Period in an attempt to reach a global resolution of, or at least help alleviate, the common sale and distribution barriers burdening the process for monetizing the Specified Affiliated Companies.

### D. Defendant's Sentencing

The Special Master spent time during the Reporting Period helping others—including the Defendant—prepare for the Defendant's sentencing hearing, which occurred on May 26, 2026 (the "Sentencing Hearing"). For example, the Special Master reviewed a draft of the Defendant's sentencing memorandum and provided feedback to the Defendant's lawyers regarding the same prior to filing. Similarly, the Special Master prepared a draft statement concerning the Defendant's cooperation with the Special Master in advance of the Sentencing Hearing, which the Defendant's attorneys reviewed in advance of filing and proposed various edits with respect thereto. The Special Master's attorneys and financial advisors attended the Sentencing Hearing and met with various victim constituencies both before and after the Sentencing Hearing to discuss restitution-related issues.

### E. Other Miscellaneous Efforts and Activities

During the Reporting Period, the Special Master continued to have weekly video conferences with the Defendant's counsel and the Assistant U.S. Attorneys handling this matter. Similarly, the Special Master's team has maintained open and frequent communications with representatives of the Primary Restitution Assets, the likely victim constituencies, and other interested parties impacted by the Defendant's conduct.

Numerous Specified Affiliated Companies have continued to face problems with corporate registration and banking "know-your-customer" ("KYC") regulations due to the Defendant's former ownership interests in the Specified Affiliated Companies. The Special Master has

continued to work with counsel for NHC and the Specified Affiliated Companies to provide documentation showing that the Special Master is the ultimate beneficial owner of the Specified Affiliated Companies for KYC regulation purposes.

Relatedly, the complex corporate governance structure of NHC and the Specified Affiliated Companies continues to cause significant administrative burdens. The Special Master, NHC, and other stakeholders are exploring options to streamline and simplify the structure of NHC, the Specified Affiliated Companies, and the related trusts.

The Special Master has made efforts to stay abreast of Defendant's lawsuits and other court filings that impact alleged victims, including those in a case filed by Defendant against ULICO in the U.S. District Court for the District of Puerto Rico,[2] as well as arguments made by the Defendant in the MOU Action.[3]

### III. RECEIPTS AND DISBURSEMENTS

The Special Master did not receive any funds during the Reporting Period other than interest on already-deposited funds.

Pursuant to the Clanwilliam Order, the Special Master issued 43,793 checks to the NCICs' Policyholders with Uncovered Claims in the aggregate amount of $157,989,655. Again, as of the close of the Reporting Period, approximately 96% in amount and approximately 75% in number of checks have cleared.

In accordance with fee approval Orders entered by the Court (Doc. No. 165, 166, & 169), the Special Master disbursed $276,123.82 to Grier Wright Martinez, PA, $1,018,699.48 to Paladin, $1,110,473.43 to Katten, and $212,000.59 to Wyatt during the Reporting Period. The Special

---

[2] Case no. 8:24-CV-02602.

[3] Case no. 19CVS013093-910 in the North Carolina General Court of Justice, Superior Court Division, Wake County.

Master also disbursed approximately $123,533 to Epiq during the Reporting Period for services rendered in connection with the management and disbursement of restitution funds. The aggregate amount disbursed to Epiq over the course of this case totals approximately $524,206. An accounting of deposit account balances and cash flows is attached to this Report as **Exhibit A**.

### IV. REQUEST FOR APPROVAL OF COMPENSATION

Contemporaneously with the submission of this report, the Special Master intends to file a separate application for compensation seeking court approval of the fees and expenses incurred by Paladin and Grier Wright Martinez, PA in connection with this Case during the Reporting Period.

### V. REPORT INTENDED AS A SUMMARY

The narrative description of the Special Master's activities in this report is intended to summarize some of the more significant tasks that the Special Master undertook—through Paladin, the special master's law firm, or otherwise—in connection with this Case during the Reporting Period and is not intended to reflect a detailed account of the same. Similarly, the narrative description of the Special Master's activities in this report is not a comprehensive accounting of each and every task performed by the Special Master during the Reporting Period. The Special Master is ready to provide additional documents or information to the Court pertaining to any of the matters referenced in this report upon request, provided that any confidential proprietary information be provided to the Court under seal.

Respectfully submitted this 30th day of July, 2026.

 /s/  Michael L. Martinez
Joseph W. Grier, III (State Bar No. 7764)
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax:  704.332.0215
Email:  mmartinez@grierlaw.com
*Attorneys for the Special Master*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that copies of the foregoing *Special Master's Fifth Status Report* were served via electronic mail through the Court's CM/ECF system on those parties registered to receive such automatic notices through the CM/ECF system.

Respectfully submitted this 30th day of July, 2026.

/s/  *Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax:  704.332.0215
Email:  mmartinez@grierlaw.com

8

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**
**Account Number x2732**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 9/22/25 | Transfer from account x7844 | $8,582,680.84 | | $8,582,680.84 |
| 9/30/25 | Interest | $456.39 | | $8,583,137.23 |
| 10/27/25 | Interest | $8,056.94 | | $8,591,194.17 |
| 11/12/25 | Transfer from account x7852 | $1,998.79 | | $8,593,192.96 |
| 11/28/25 | Interest | $5,302.18 | | $8,598,495.14 |
| 12/23/25 | Transfer to account x7852 | $0.60 | ($8,598,701.22) | ($205.48) |
| 12/31/25 | Interest | $5,927.55 | | $5,722.07 |
| 1/13/26 | Interest | $95.97 | | $5,818.04 |
| 2/20/26 | Transfer to account x7844 | | ($5,818.04) | ($0.00) |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7844**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 8/19/25 | Tax refund to Lindberg re. Boston Eye Care transaction | $570,492 | | $570,492 |
| 9/10/25 | Test wire from Steve Wilson with funds held in Clanwilliam Trust fund | $10 | | $570,502 |
| 9/12/25 | Clanwilliam Sale / Remittance to Special Master | $236,921,944 | | $237,492,446 |
| 9/15/25 | Clanwilliam Sale / Remittance directly to JPLs | $112,027,405 | ($112,027,405) | $237,492,446 |
| 9/15/25 | Tranfer to account x7852 | | ($24,318,604) | $213,173,843 |
| 9/19/25 | Transfer to account x7836 | | ($14,591,162) | $198,582,681 |
| 9/22/25 | Transfer to account x2737 | | ($8,582,681) | $190,000,000 |
| 9/30/25 | Interest | $208 | | $190,000,208 |
| 10/15/25 | Transfer to account x7852 | | ($20,000,000) | $170,000,208 |
| 10/15/25 | Interest | $221,193 | | $170,221,401 |
| 11/28/25 | Interest | $139,985 | | $170,361,386 |
| 12/18/25 | Transfer to account x7852 | | ($143,766,868) | $26,594,518 |
| 12/24/25 | Transfer to account x7852 | | ($13,868,317) | $12,726,201 |
| 12/24/25 | Transfer to account x7852 | | ($11,413,519) | $1,312,682 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**
**Account Number x7844**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 12/31/25 | Interest | $89,390 | | $1,402,072 |
| 1/8/26 | Transfer to account x7852 | | ($366,773) | $1,035,299 |
| 1/30/26 | Interest | $869 | | $1,036,168 |
| 2/2/26 | Transfer from account x2737 | $5,818 | | $1,041,986 |
| 2/27/26 | Interest | $714 | | $1,042,699 |
| 3/31/26 | Interest | $769 | | $1,043,469 |
| 4/15/26 | Hugh Steven Wilson (Clainwilliam Proceeds) | $139,014 | | $1,182,483 |
| 4/30/26 | Interest | $816 | | $1,183,299 |
| 5/29/26 | Interest | $896 | | $1,184,194 |
| 6/10/26 | Interest | $874 | | $1,185,069 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7852**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 9/19/25 | Transfer from account x7844 | $24,318,604 | | $24,318,604 |
| 9/22/25 | VISTA LIFE & CASUALTY REINSURANCE | | ($683,893) | $23,634,710 |
| 9/22/25 | THE BRYN MAWR TRUST COMPANY OF DELAWARE (VISTA LIFE) | | ($774,715) | $22,859,995 |
| 9/22/25 | VISTA LIFE & CASUALTY REINSURANCE | | ($22,859,995) | $0 |
| 10/15/25 | Transfer from account x7844 | $20,000,000 | $0 | $20,000,000 |
| 10/15/25 | Waldrep Wall Babcock & Bailey PLLC/Clanwilliam tax escrow | | ($20,000,000) | $0 |
| 10/27/25 | Interest | $1,999 | | $1,999 |
| 11/12/25 | Transfer to account x2737 | | ($1,999) | $0 |
| 12/11/25 | Interest | $1 | | $1 |
| 12/15/25 | Transfer to account x2737 | | ($1) | $0 |
| 12/18/25 | Transfer from account x7844 | $143,766,868 | | $143,766,868 |
| 12/24/25 | Transfer from account x7844 | $13,868,317 | | $157,635,186 |
| 12/24/25 | Transfer from account x7844 | $11,413,519 | | $169,048,704 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7852**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 12/24/25 | Transfer from account x2737 | $8,598,701 | | $177,647,405 |
| 12/24/25 | Payment to Policy Holders | | ($3,640) | $177,643,766 |
| 12/24/25 | Colorado Bankers Life Insurance | | ($16,646,502) | $160,997,263 |
| 12/24/25 | Bankers Life Insurance | | ($968,495) | $160,028,769 |
| 12/24/25 | Southland National Insurance | | ($2,395,223) | $157,633,545 |
| 12/24/25 | Wire Service charge (x3) | | ($30) | $157,633,515 |
| 12/26/25 | Various Payments to Policy Holders | | ($6,122,958) | $151,510,557 |
| 12/29/25 | Various Payments to Policy Holders | | ($32,980,645) | $118,529,912 |
| 12/29/25 | ARP (Account Reconciliation Program) Adjustment | $767 | ($9) | $118,530,670 |
| 12/30/25 | Various Payments to Policy Holders | | ($16,895,229) | $101,635,441 |
| 12/31/25 | Various Payments to Policy Holders | | ($8,936,701) | $92,698,739 |
| 01/01 - 01/15 | Various Payments to Policy Holders | | ($48,945,469) | $43,753,271 |
| 01/16 - 01/31 | Various Payments to Policy Holders | | ($15,422,485) | $28,330,786 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7852**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 01/01 - 01/31 | ARP (Account Reconciliation Program) Adjustment | $5,102 | ($94) | $28,335,794 |
| 1/8/26 | Transfer from account x7844 | $366,773 | | $28,702,566 |
| 2/2/26 | Various Payments to Policy Holders | | ($1,304,016) | $27,398,551 |
| 2/3/26 | Various Payments to Policy Holders | | ($782,038) | $26,616,513 |
| 2/4/26 | Various Payments to Policy Holders | | ($403,828) | $26,212,684 |
| 2/5/26 | Various Payments to Policy Holders | | ($1,556,008) | $24,656,676 |
| 2/5/26 | Various Payments to Policy Holders | | ($199,016) | $24,457,660 |
| 2/6/26 | Various Payments to Policy Holders | | ($146,154) | $24,311,506 |
| 2/9/26 | Various Payments to Policy Holders | | ($394,516) | $23,916,990 |
| 2/10/26 | Various Payments to Policy Holders | | ($492,401) | $23,424,589 |
| 2/11/26 | Various Payments to Policy Holders | | ($954,138) | $22,470,451 |
| 2/12/26 | Various Payments to Policy Holders | | ($140,927) | $22,329,524 |
| 2/13/26 | Various Payments to Policy Holders | | ($487,901) | $21,841,623 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7852**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 2/17/26 | Various Payments to Policy Holders | | ($1,732,081) | $20,109,542 |
| 2/18/26 | Various Payments to Policy Holders | | ($165,660) | $19,943,882 |
| 2/19/26 | Various Payments to Policy Holders | | ($312,287) | $19,631,595 |
| 2/19/26 | ARP (Account Reconciliation Program) Adjustment | | ($21,057) | $19,610,538 |
| 2/20/26 | Various Payments to Policy Holders | | ($473,629) | $19,136,909 |
| 2/23/26 | Various Payments to Policy Holders | | ($2,045,342) | $17,091,567 |
| 2/24/26 | Various Payments to Policy Holders | | ($1,760,663) | $15,330,904 |
| 2/25/26 | Various Payments to Policy Holders | | ($434,350) | $14,896,554 |
| 2/26/26 | Various Payments to Policy Holders | | ($269,346) | $14,627,208 |
| 2/27/26 | Various Payments to Policy Holders | | ($128,408) | $14,498,800 |
| 2/27/26 | ARP (Account Reconciliation Program) Adjustment | $26,773 | | $14,525,573 |
| 3/31/26 | Various Payments to Policy Holders | | ($5,938,831) | $8,586,742 |
| 3/24/26 | ARP (Account Reconciliation Program) Adjustment | $122,366 | | $8,709,109 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7852**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 4/30/26 | Various Payments to Policy Holders | | ($1,483,652) | $7,225,457 |
| 4/28/26 | ARP (Account Reconciliation Program) Adjustment | $288 | | $7,225,744 |
| 5/1/26 | Various Payments to Policy Holders | | ($450,418) | $6,775,327 |
| 5/20/26 | Various Payments to Policy Holders | | ($80,693) | $6,694,634 |
| 5/19/26 | ARP (Account Reconciliation Program) Adjustment | $362 | | $6,694,995 |
| 06/01 - 06/30 | Various Payments to Policy Holders | | ($180,354) | $6,514,641 |
| 6/15/26 | ARP (Account Reconciliation Program) Adjustment | $260 | | $6,514,901 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**
**Account Number x7836**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 9/19/25 | Transfer from account x7844 | $14,591,162 | $0 | $14,591,162 |
| 9/30/25 | Interest | $20 | | $14,591,182 |
| 10/31/25 | Interest | $16,571 | | $14,607,753 |
| 11/5/25 | Grier Wright Martinez | $0 | ($246,873) | $14,360,880 |
| 11/5/25 | Paladin Management Group | $0 | ($1,095,063) | $13,265,817 |
| 11/5/25 | Wyatt & Blake, LLP | $0 | ($158,044) | $13,107,773 |
| 11/5/25 | Epiq Corporate Restructuring | $0 | ($33,764) | $13,074,009 |
| 11/6/25 | Katten Muchin Rosenman LLP | $0 | ($2,061,281) | $11,012,728 |
| 11/6/25 | Katten Muchin Rosenman LLP | $0 | ($491,065) | $10,521,663 |
| 11/6/25 | Grier Wright Martinez | $0 | ($208,908) | $10,312,755 |
| 11/6/25 | Paladin Management Group | $0 | ($588,733) | $9,724,023 |
| 11/6/25 | Wyatt & Blake, LLP | $0 | ($87,272) | $9,636,750 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7836**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 11/28/25 | Interest | $9,118 | | $9,645,869 |
| 12/16/25 | Epiq Corporate Restructuring | | ($22,458) | $9,623,410 |
| 12/16/25 | Epiq Corporate Restructuring | | ($170,000) | $9,453,410 |
| 12/31/25 | Interest | $5,565 | | $9,458,975 |
| 1/20/26 | Epiq Corporate Restructuring | | ($14,441) | $9,444,534 |
| 1/30/26 | Interest | $7,943 | | $9,452,477 |
| 2/12/26 | Epiq Corporate Restructuring | | ($52,780) | $9,399,696 |
| 2/20/26 | Grier Wright Martinez | | ($102,120) | $9,297,576 |
| 2/20/26 | Wyatt & Blake, LLP | | ($49,377) | $9,248,200 |
| 2/20/26 | Katten Muchin Rosenman LLP | | ($232,306) | $9,015,893 |
| 2/23/26 | Grier Wright Martinez | | ($150,000) | $8,865,893 |
| 2/23/26 | Wyatt & Blake, LLP | | ($68,000) | $8,797,893 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**

**Account Number x7836**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 2/23/26 | Katten Muchin Rosenman LLP | | ($361,685) | $8,436,208 |
| 2/23/26 | Paladin Management Group | | ($500,000) | $7,936,208 |
| 2/23/26 | Paladin Management Group | | ($391,528) | $7,544,680 |
| 2/28/26 | Interest | $6,880 | | $7,551,560 |
| 3/16/26 | Epiq Corporate Restructuring | | ($48,893) | $7,502,668 |
| 3/31/26 | Interest | $6,279 | | $7,508,947 |
| 4/15/26 | Epiq Corporate Restructuring | | ($58,337) | $7,450,610 |
| 4/30/26 | Interest | $6,051 | | $7,456,661 |
| 5/14/26 | Epiq Corporate Restructuring | | ($80,189) | $7,376,472 |
| 5/29/26 | Interest | $6,188 | | $7,382,660 |
| 6/2/26 | Wyatt & Blake, LLP | | ($212,001) | $7,170,660 |

# EXHIBIT A

**USA vs Lindberg**

**Citizens Bank - Check Register**
**Account Number x7836**

| Date | Description | Credit | Debit | Balance |
|---|---|---|---|---|
| 6/2/26 | Katten Muchin Rosenman LLP | | ($1,110,473) | $6,060,187 |
| 6/9/26 | Grier Wright Martinez | | ($276,124) | $5,784,063 |
| 6/10/26 | Epiq Corporate Restructuring | | ($43,344) | $5,740,719 |
| 6/10/26 | Paladin Management Group | | ($1,018,699) | $4,722,020 |
| 6/10/26 | Interest | $4,215 | | $4,726,235 |