# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

GREG E. LINDBERG,

     Defendant.

Case No. 3:23-CR-48-MOC

## WYATT & BLAKE, LLP'S FIFTH MOTION FOR PAYMENT OF FEES AND EXPENSES

Wyatt & Blake, LLP ("W&B"), through James F. Wyatt, III and Robert A. Blake, Jr., hereby files this Fifth Motion for Payment of Fees and Expenses (the "Motion") in accordance with Paragraph 3(l) of the Order Appointing Special Master in Case No. 3:23-cr-48 (Dkt. Entry No. 56). This Motion seeks payment of the fees and expenses incurred by W&B as Mr. Lindberg's counsel during the time period of May 1, 2026 through June 24, 2026.

The fee petition was presented to the Special Master for review, and he does not oppose the entry of an order approving W&B's fees and expenses.

## I.     INTRODUCTION

1. As more fully discussed below, Mr. Lindberg has been subject to a series of interrelated criminal and civil actions by the United States Attorney's Office ("USAO"), the Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC") since 2019. As a part of Mr. Lindberg's plea agreement in the present case, the USAO and the DOJ agreed to a multi-step process for the approval and payment of Mr. Lindberg's counsel's fees whereby they would be subject to review by the Special Master appointed in this case and then approval by the Court. This process was memorialized in the Order Appointing the Special Master in this case.

1

Fin. Dkt. Entry No. 56. This Motion is being submitted to the Court for its review in accordance with this process.

2. In March 2019, Mr. Lindberg was indicted by the USAO and DOJ in the Western District of North Carolina along with co-defendants John Gray, John Palermo, and Robin Hayes in a five-count indictment. *See United States v. Lindberg, et al.*, Case No. 5:19-cr-22 (W.D.N.C. 2019) (the "Public Contribution case") (PC Dkt. Entry No. 3). W&B were not counsel of record in this criminal matter until after the initial appeal of this case.

3. After being convicted in the Public Contribution case after an initial trial in February and March 2020, Mr. Lindberg's conviction was vacated by the Fourth Circuit and remanded for re-trial in June 2022. W&B entered an appearance in this case following the appellate reversal in 2022. W&B were co-lead counsel during the retrial in May 2024. Mr. Lindberg was convicted at his retrial.

4. In February 2023, Mr. Lindberg was indicted in the Western District of North Carolina in a 48-page, thirteen-count indictment charging him with one count of conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment adviser fraud; one count of wire fraud; four counts of false insurance business statements presented to regulators; six counts of false entries about the financial condition or solvency of an insurance business; and one count of conspiracy to commit money laundering. *See United States v. Lindberg*, Case No. 3:23-cr-48 (W.D.N.C. 2023) (the "Financial case") (Fin. Dkt. Entry No. 1).

5. W&B began representing Mr. Lindberg in the Financial case immediately after Mr. Lindberg's indictment.

6. On November 12, 2024, Mr. Lindberg pled guilty to Count One (conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment advisor

fraud) and Count Thirteen (money laundering conspiracy) of the Financial case, pursuant to a written plea agreement. Fin. Dkt. Entry No. 40. Among other things, Mr. Lindberg agreed to the appointment of a Special Master in the Financial case to determine and pay restitution to the victims in this case, as well as pay fees for his counsel and the Special Master following approval of such fees by this Court. Following a joint motion by the Government and Mr. Lindberg, this Court appointed Joseph W. Grier, III, as Special Master to, among other things, "pay Defendant's outstanding and future legal fees if such fees and expenses have been approved by the Court." Fin. Dkt. Entry Nos. 54, 55, 56.

7. Mr. Lindberg recently hired new counsel to represent him in the Public Corruption case and the Financial case going forward. On June 17, 2026, Mr. Lindberg's new counsel filed Notices of Substitution of Counsel pursuant to which Mr. Lindberg's new counsel were substituted for W&B and Katten Muchin Roseman, LLP. *See* PC. Dkt. Entry No. 550 and Fin. Dkt. Entry No. 210.

8. This Fifth Motion for Payment of Fees and Expenses seeks payment of fees and expenses for work performed by W&B from May 1, 2026 through the end of W&B's work in these cases on behalf of Mr. Lindberg (June 24, 2026).

## II. LEGAL WORK DURING TIME PERIOD OF FIFTH MOTION FOR PAYMENT OF FEES AND EXPENSES

9. During the time period covered by this Fifth Motion for Payment of Fees and Expenses, W&B worked to cooperate with the Special Master and the Government to fulfill Mr. Lindberg's obligations under the Plea Agreement in the Financial case and the Order Appointing Special Master in order to maximize the restitution available to the victims, as well as preparing for a complex sentencing and a subsequent restitution hearing.

3

10.	Among other tasks, W&B was involved in weekly meetings with the Special Master, USAO and Paladin, and analyzed numerous complicated issues relating to restitution. Other meetings and communications with the Special Master and his financial representative have also occurred.

11.	W&B's work has also included preparation for the sentencing hearing in this matter, the drafting of a detailed Sentencing Memorandum (Fin. Dkt. Entry No. 145; PC Dkt. Entry No. 507), and the analysis of victim impact statements and other filings submitted in connection with the sentencing hearing, as well as other filings related to restitution. W&B's representation included representing Mr. Lindberg at the sentencing hearing which took place on May 26, 2026.

12.	W&B's work during the time period of this Motion included legal research and analyzing complicated issues relating to restitution – such as cognizable claims, victim classification and restitution amounts. In addition, as noted, W&B was significantly involved in revising and supplementing a lengthy Sentencing Memorandum that was filed on May 14, 2026. *See* Fin. Dkt. Entry No. 145; PC Dkt. Entry No. 507.

13.	Working to meet Mr. Lindberg's obligations relating to restitution required a significant amount of legal work by W&B, including strategizing for maximizing asset value, advocating for Mr. Lindberg's positions based on analysis and research, determining restitution amounts and classifying victims, and reviewing numerous lengthy documents and agreements to untie a complex web of entities to ensure victims are maximally compensated.

14.	With respect to representing Mr. Lindberg in assisting with the Special Master's duties, the Special Master noted in his Consent Motion for Order Approving Disposition of Net Proceeds from the Sale of the Clanwilliam Group of Companies the sheer complexity of the disposition of assets to meet future restitution obligations. Fin. Dkt. Entry No. 66.

4

### III. REQUEST TO PAY FEES AND EXPENSES

15. For the Public Contribution and Financial cases, W&B respectfully requests the payment of its fees and expenses for the time period of May 1, 2026 through June 24, 2026. In connection with this time period, W&B requests that the Court approve, and the Special Master be directed to pay, attorneys' fees in the amount of $142,610.00, and expenses in the amount of $451.73, for a total of $143,061.73.[1] W&B's redacted billing statements with time entries detailing the services provided by W&B are attached as Exhibit 1 and summarized as follows:

| Fees & Expenses Request – W&B | | |
|---|---|---|
| | Hours | Fees/Amount |
| James F. Wyatt, III (Partner) | 84.1 | $69,382.50 |
| Robert A. Blake, Jr. (Partner) | 93.3 | $69,975.00 |
| Virginia Wooten (Senior Paralegal) | 9.7 | $3,152.50 |
| Lauren Robertson (Paralegal) | .5 | $100.00 |
| *Total Fees* | | *$142,610.00* |
| *Total Expenses* | | *$451.73* |
| **Total Fees and Expenses** | | **$143,061.73** |

16. The relevant fee statements in Exhibit 1 have been redacted to preserve attorney-client privilege.[2]

### IV. GROUNDS FOR THE REQUEST

17. In determining the reasonableness of attorneys' fees, courts in the Fourth Circuit generally consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) the attorney's expectations at the outset of litigation; (7) time limitations imposed by the

---

[1] The Court previously approved a retainer amount to be paid to W&B in the amount of $68,000.00. Per the terms of the Court's prior Order, these funds will be held in trust and not drawn against until further approval of the Court or the conclusion of this matter.

[2] If requested by the Court, W&B will be glad to provide unredacted invoices for the Court to review *in camera*.

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See United States v. Approximately $13,205.54 in U.S. Currency Seized from Rahkim Franklin*, No. 1:19-cv-7-MR-WCM, 2023 U.S. Dist. LEXIS 52341, at *4-5 (W.D.N.C. Mar. 28, 2023); *Hogan v. Cherokee County*, No. 1:18-cv-96-MR-WCM, 2022 U.S. Dist. LEXIS 30946, at *5 (W.D.N.C. Feb. 22, 2022). "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." *Hogan*, 2023 U.S. Dist. LEXIS, at *4 (internal quotations and citation omitted).

18. Here, the issues addressed by W&B as Mr. Lindberg's counsel have been difficult and complex. As is evident from the Financial case Indictment, the Plea Agreement, the Special Master Order, and the Special Master's Reports, the Financial case has involved complicated issues because, among other reasons: there are numerous insurance company victims with tens of thousands of impacted policyholders; several of the insurance company victims are in liquidation proceedings; numerous victims have received, or will receive, compensatory payments from other sources; certain of Mr. Lindberg's assets are subject to substantial third-party claims; certain victims have civil judgments for money damages against Mr. Lindberg and his assets; and Mr. Lindberg's assets are not readily convertible to cash. Fin. Dkt. Entry No. 56, at 2. Other complicating factors include the complex corporate governance structure of the Primary Restitution Assets, the secured debt obligations on unfavorable terms encumbering Mr. Lindberg's assets, and the numerous pending civil actions with the potential to disrupt the Special Master's efforts.

19. As set forth in the Declaration of James F. Wyatt, III, W&B's fees and expenses were reasonable and necessary to represent Mr. Lindberg in these criminal cases.

20. All requested fees reflect the hours actually worked by W&B and the hourly rates in effect at the time that the services were rendered.

21. All requested expenses reflect the actual and necessary expenses of W&B and are billed at the actual amounts paid by W&B for the expenses.

22. This fee petition was presented to the Special Master for review, and he does not oppose the entry of an order approving W&B's fees and expenses, so long as W&B is authorized to draw down the retainer approved by prior order of this Court (Dkt. Entry No. 103) to satisfy a portion of the compensation approved and the Special Master retains the discretion to pay the balance of compensation approved only upon the Special Master determining that funds are reasonably available to do so.

## V. CONCLUSION

**WHEREFORE**, W&B respectfully requests that the Court grant this Fifth Motion for the Payment of Fees and Expenses.

This the 30th day of July, 2026.

Respectfully Submitted,

*s/James F. Wyatt, III*
James F. Wyatt, III
NC State Bar No. 13766
jwyatt@wyattlaw.net
Robert A. Blake, Jr.
NC State Bar No. 20858
rblake@wyattlaw.net
WYATT & BLAKE, LLP
402 W. Trade Street, Suite 101
Charlotte, NC 28202
(704) 331-0767 – telephone
(704) 331-0773 – facsimile

7