UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG,<br><br>*Defendant*. | No. 5:19-CR-22-MOC<br><br>No. 3:23-CR-48-MOC |

**OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS
REGARDING RESTITUTION**

The United States of America respectfully submits that the Court should deny all

of Defendant's motions regarding restitution (including Docs. 172, 190, 201, 202, 225, 234,

238, and 269), adopt the reasoning and recommendations set forth in the Special Master's

Second Supplement to Report and Recommendations Regarding Restitution ("Final

Report," Doc. 245), and enter a Final Order of restitution similar to that proposed by the

Special Master (Doc. 245-1).[1] The United States further requests that if the Court wants to

hear further argument from Defendant, victim, or any other interested party beyond

what has been submitted in writing before finalizing restitution, it schedule that hearing

for Monday, August 17 to give the Court sufficient time before the August 24 deadline

imposed by 18 U.S.C. § 3664(d)(5).

---

[1] The Court should also deny Defendant's frivolous and unsupported requests to disqualify
certain attorneys representing the United States in this matter. *See, e.g.,* Docs. 201 & 202. The
Government denies any wrongdoing and denies the factual allegations posited by Defendant as
to such. Any remaining motions by the Defendant beyond these issues should also be denied as
moot.

1

### Defendant's objections are sufficiently addressed by filings on record.

Defendant's numerous filings regarding restitution set forth at least 17 objections regarding the parties due restitution, the calculation of the restitution amount, and, relatedly, credits reducing that amount to which he claims he is entitled. All of these issues have been thoroughly analyzed and discussed in the Special Master's Initial Report and Recommendations Regarding Restitution (Doc. 106), his First Supplement to Report and Recommendations Regarding Restitution (Doc. 146), and his Final Report.

Defendant also has objected to the entire Special Master process generally and, more specifically, to the continued involvement of the current Special Master. (*See, e.g.* Docs. 190 & 269). The Special Master has also responded to these objections, at least with respect to the erroneous factual assertions on which Defendant based those objections (*See* Doc. 268), and the United States understands the Special Master intends to file another response to Defendant's recently-filed objections contained in Document 269.

The United States concurs with the arguments and conclusions contained in the Special Master's filings and sees no reason to duplicate them here.[2] If the Court would

---

[2] Additionally, as the court is aware, several attorneys and firms have filed appearances and withdrawn in representation of Defendant in the last few weeks. When contacted at times by attorneys for the United States, certain of Defendant's attorneys have denied knowledge of or attribution to various filings made on Defendant's behalf. Further, although many of the filings are duplicative and redundant, some of these filings have taken inconsistent positions on the same issues, making substantive reply at a more minute level unproductive in light of the Special Master's comprehensive responses.

like the United States to respond to any particular argument by the Defendant, a victim, or any other third party, the United States stands ready to do so.[3]

**<u>The Court should consider scheduling a final restitution hearing for August 17.</u>**

The Crime Victims' Rights Act (18 U.S.C. § 3771) guarantees federal crime victims procedural rights including, but not limited to, the rights to notice of hearings and the right to be heard regarding matters affecting restitution, among other things. The Court has discretion to determine the manner and means for affording CVRA victims their right to be heard. The record already reflects numerous filings by CVRA victims and parties asserting to be CVRA victims. That said, the United States recommends the Court set a final restitution hearing as contemplated in its bifurcation order. The United States recommends August 17, 2026[4], as a date that gives maximal notice in the time remaining to any victims who may yet wish to be heard on restitution. This date would also provide the Court an opportunity to fully deliberate on any victims' statements and filings, hear from Defendant, and evaluate the existing record before a restitution order deadline of August 24th.

---

[3] The United States will also not duplicate its arguments contained in its Opposition to Defendant's Motion for the issuance of Subpoenas (Doc. 261), which address Defendant's objections to the final determination of restitution.

[4] It is also within the Court's purview to set a final deadline in advance of this date for any parties' filings regarding restitution, and to set page limits or other administrative restrictions on filings for efficiency.

3

RESPECTFULLY SUBMITTED, this 6th day of August, 2026.

DALLAS J.E. KAPLAN
ATTORNEY FOR THE UNITED STATES[5]

LORINDA I. LARYEA
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

*/s/ Daniel Ryan*

Daniel Ryan
Dana Washington
Assistant United States Attorneys
United States Attorney's Office
Western District of North Carolina

227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-3222
daniel.ryan@usdoj.gov

*/s/ Lyndie M. Freeman*

Lyndie M. Freeman
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue
Washington, DC 20005
Telephone: 202-616-5315
lyndie.freeman@usdoj.gov

---

[5] Acting under authority conferred by 28 U.S.C. § 515.