# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-CR-48-MOC |
|  | Case No. 5:19-CR-22-MOC |
| Plaintiff, |  |
|  | Judge Max O. Cogburn, Jr. |
| v. |  |
| GREG E. LINDBERG, |  |
| *Defendant.* |  |

## ADDENDUM TO DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S OMNIBUS RESPONSE

Defendant Greg E. Lindberg respectfully submits this Addendum to his pending Motion to Strike the Government's Omnibus Response (Doc. 279). The Motion already establishes that the Government failed to carry its statutory burden under 18 U.S.C. § 3664(e) by deferring wholesale to the Special Master's recommendation. This Addendum adds three related grounds sharpened by the Special Master's Response (Doc. 288): first, that the Special Master and the Government each point to the other on the law, leaving the legality of the reference defended by no one; second, that the Government drafted the very instruments whose legality is at issue, which are therefore construed against it and not the Defendant; and third, that the Government's deference is a default on the

1

affirmative duties the MVRA and the Crime Victims' Rights Act place on the prosecutor.

**1. No party has defended the reference on the merits — so the legal challenge stands unrebutted.**

The dispositive legal question — whether the special-master reference is lawful and constitutional as applied — has now been presented to two parties, and neither will answer it. The Special Master expressly declines to defend the appointment on the law, stating that "no further response to the Motion's legal arguments appears necessary" and that any such defense "falls within the Government's purview." Doc. 288 at 2. The Government points back to the Special Master: its Omnibus Response "concurs with... the Special Master's filings and sees no reason to duplicate them here." Doc. 279 at 2. The result is a circle in which no one has defended the lawfulness of the reference, the scope of the Appointment Order, or the loss figure on the merits.

That silence is not a neutral litigation choice. The Government bears the burden on restitution, 18 U.S.C. § 3664(e), and this Court's Local Rules require the Government to respond to potentially dispositive defense motions, W.D.N.C. LCrR 47.1(d), within seven days, LCrR 47.1(e). A potentially dispositive legal challenge

that the party bearing the burden elects not to answer stands unrebutted, and the Court may treat it as conceded in the exercise of its inherent authority to manage its docket. Defendant's showing that the reference exceeds § 3664(d)(6) and offends Article III is therefore before the Court unopposed on the merits.

**2. The Government drafted the plea agreement and controlled and authored the operative appointment order, and those instruments are construed against the Government, not the Defendant.**

The Government's refusal to defend the reference is the more striking because the Government authored the very instruments whose legality is in question. The United States drafted the plea agreement that is the source of the restitution obligation, and it controlled and drafted the form of the Order appointing the Special Master.[1] The Special Master's suggestion that Defendant "proposed" the form of the Appointment Order, Doc. 288 at 3, inverts the drafting history. By Defendant's sworn account, the appointment of a special master was

---

1 *See* Declaration of Greg E. Lindberg Regarding the Plea Agreement and the Appointment of the Special Master ¶¶ 3–4, 8–10. Mr. Lindberg attests that Assistant United States Attorney Daniel Ryan "took control of the final order, rejected nearly all of the changes proposed on [his] behalf," and held to the Government's version, which became the order entered, and that the Government drafted the supporting memorandum of law; that he did not select the Special Master, who was "the Government's choice"; and that the Government would file its motion and proposed order "whether or not [he] joined in them," affording him no meaningful opportunity to review or withhold consent to the filed version. The Special Master's contrary suggestion that Defendant "proposed" the order, Doc. 288 at 3, reflects who filed the appointment motion, not who authored the instrument. The Department likewise drafted the plea agreement that is the source of the restitution obligation, consent to the appointment being a required term of that agreement.

itself a required term of his plea agreement — Paragraph 9 required his consent — and he gave that consent only because the plea agreement required it and refusing risked a finding of breach. He did not select the Special Master; Joseph W. Grier, III was the Government's choice. And on the order itself, Assistant United States Attorney Daniel Ryan "took control of the final order, rejected nearly all of the changes proposed on [Defendant's] behalf," and held to the Government's version, which became the order entered — with the Government drafting the supporting memorandum of law as well. Mr. Lindberg attests, from his own observation, that he saw the Government's redline changes to the order and its rejection of the provisions he had asked to include. The Government made clear it would file its motion and proposed order "whether or not [Defendant] joined in them," on its own schedule, leaving Defendant no meaningful opportunity to review or to withhold consent to the version ultimately filed. The instruments are the Government's, drafted and controlled by the Government; Defendant's role was a plea-compelled consent, not authorship.

That authorship carries a settled consequence in this Circuit. Interpretation of a plea agreement applies contract principles, and any ambiguities and inconsistencies in a plea agreement are construed against the Government as its

drafter — because constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities. *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986); *accord United States v. Petties*, 42 F.4th 388, 395 (4th Cir. 2022) (any ambiguity in a plea agreement must be construed against the government, as the drafter); *United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014). The same drafter-responsibility principle governs the appointment order the Government controlled and finalized: any doubt about the reference's scope — including whether it authorized the Special Master to liquidate estate assets without this Court's approval — is resolved against the Government that controlled and authored it, not against the Defendant.

This also answers the Response's consent theme from a second direction. As the Motion and Reply explain, consent cannot cure a structural Article III defect or authorize a sentence the statute does not permit. But even treated as ordinary drafting, these are the Government's instruments; their scope and every ambiguity in them are construed against the Government, not Mr. Lindberg. That is especially so where, as Defendant's declaration establishes, his "consent" was a plea-compelled term extracted on the Government's schedule and drafting — not a negotiated

endorsement of the reference's legality. The Government cannot draft the plea agreement and the reference, compel Defendant's assent as a condition of his plea, and then simultaneously decline to defend their legality and have their uncertainties read in its own favor.

**3. The burden to prove victims' loss is the Government's, and it cannot be delegated to the Special Master.**

Under the MVRA, "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). The Government does not satisfy that burden by adopting a number someone else supplies. In *United States v. Steele*, the Fourth Circuit vacated a restitution order because "the Government merely rubberstamped [the victim's] unsupported loss estimate," and held that, the Government having failed its initial burden, "the burden of proof never shifted" to the defendant. 897 F.3d 606, 613–14 (4th Cir. 2018); *see United States v. Stone*, 866 F.3d 219, 227 (4th Cir. 2017). A court in this Circuit applied that rule to deny restitution outright just last year, holding a victim's assertion of loss "without more information... is insufficient," and that "because the government failed to meet its burden, the 'burden to dispute'... does not fall on the defendants." *United States v. Jenkins*, No.

2:22-CR-101, 2024 WL 3454976 (E.D. Va. July 17, 2024). The Government's Omnibus Response does the very thing *Steele* forbids: it adopts, without independent evidentiary support, a loss figure the Special Master built on debt balances and, as to the Beckett sale, on a price he continues to withhold as "confidential." Doc. 288 at 18. A restitution order cannot rest on proof the Government never made.

**4. The Appointment Order confirms that the Special Master assists the Government's burden — he does not replace it.**

The Order appointing the Special Master invokes § 3664(d)(6) and provides that a special master would "resolve victim and restitution issues in this case under the Court's supervision and guidance," subject to "a de novo determination of the issue by the court." *United States v. Lindberg*, No. 3:23-CR-48-MOC, 2025 WL 285324 (W.D.N.C. Jan. 23, 2025). It grounds the reference in the Government's own obligations: it recites the victims' "right to full and timely restitution as provided in law," 18 U.S.C. § 3771(a)(6), and frames the Court's task as determining "the proper amount of restitution owed to each victim pursuant to 18 U.S.C. §§ 3663A(b) and 3664(e)." It further records that "Defendant has reserved all rights with regard to any arguments regarding calculating loss amount," and that restitution amounts

7

"should be reduced by any amount victims have recovered for the same losses," citing 18 U.S.C. § 3664(j)(2). The Special Master's recommendation is thus an input to the Court's de novo determination, not a substitute for the Government's proof — and the Government cannot treat it as one.

**5. The Crime Victims' Rights Act and the MVRA impose affirmative duties the Government cannot satisfy by silence.**

The CVRA guarantees victims "[t]he right to full and timely restitution as provided in law" and "[t]he right to be treated with fairness," and directs that officers and employees of the Department of Justice "engaged in the... prosecution of crime shall make their best efforts to *see* that crime victims are... accorded[] the rights described in subsection (a)." 18 U.S.C. § 3771(a)(6), (a)(8), (c)(1). The MVRA layers on obligations that run to the Government: the attorney for the Government "shall promptly provide the probation officer with a listing of the amounts subject to restitution," *id.* § 3664(d)(1); where the United States is itself a victim, the court "shall ensure that all other victims receive full restitution" first, *id.* § 3664(i) — all while "[n]o victim shall be required to participate in any phase of a restitution order," *id.* § 3664(g)(1). Those duties are defeated when the Government endorses a

loss figure it has not verified, produced by an officer withholding the underlying numbers, expressly to avoid "duplicat[ing]" the Special Master's work. Doc. 279 at 2.

**6. The prosecutor's overriding duty is that justice be done.**

The United States Attorney "is the representative not of an ordinary party to a controversy, but of a sovereignty... whose interest... in a criminal prosecution is not that it shall win a case, but that justice shall be done"; he is "in a peculiar and very definite sense[,] the servant of the law." *Berger v. United States*, 295 U.S. 78, 88 (1935). Restitution is part of the criminal sentence, and a sentence resting on concealed, unverified figures cannot be squared with that duty. The Government's decision to defer rather than prove — and to defend a process in which the dispositive numbers remain undisclosed — is inconsistent with its role as the guarantor, not the bystander, of an accurate and lawful restitution determination.

**7. The scope of the point is narrow.**

Defendant does not contend that the CVRA creates a private damages remedy or that it displaces prosecutorial discretion; the statute expressly does neither. 18 U.S.C. § 3771(d)(6). The point is narrower and directly enforceable at sentencing: the Government cannot discharge its non-delegable § 3664(e) burden, or

its CVRA and MVRA duties to the victims, by deferring to a conflicted Special Master who is withholding the loss figures; it cannot leave the legality of the reference undefended and expect the Court to supply the defense that neither the Special Master nor the Government will make; and it cannot have the plea agreement and appointment order it drafted read in its own favor when their legality is challenged.

**Conclusion**

For the reasons stated in the Motion to Strike and in this Addendum, Defendant respectfully requests that the Court strike the Government's Omnibus Response (Doc. 279); treat as unopposed, and grant, the pending challenge to the special-master reference that neither the Special Master nor the Government has answered on the merits; require the Government to make the independent evidentiary showing § 3664(e) demands; and decline to enter any restitution order until the Government has done so on a complete and disclosed record.

Dated: August 9, 2026.

*Respectfully submitted,*

/s/ *Kenneth N. Barnes*[2]
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr., Raleigh, NC
27603
919-524-1977 | barnesatty@aol.com
*Counsel for Greg E. Lindberg*

---

[2] Pursuant to LCrR 44.1 and LCvR 83.1(c)(4), attorney Vivek Ramachandran has not signed while his Motion for Pro Hac Vice remains pending.

11

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case, including counsel for the United States and counsel for the Special Master.

Dated: August 9, 2026.

/s/ *Kenneth N. Barnes*
Kenneth N. Barnes
*Counsel for Greg E. Lindberg*