**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cr-48-MOC**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG,<br>*Defendant*. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Greg E. Lindberg's Motion for the Issuance of Subpoenas, (Doc. No. 248), seeking to compel (1) the Special Master; (2) Paladin, the Special Master's financial advisor; (3) Michael Dinius, the Special Deputy Rehabilitator of the North Carolina Insurance Companies ("NCICs"); (4) the NCICs; (5) the Bermuda Insurance Companies; and (6) lawyers representing Michael Dinius, to produce a vast array of communications (including categories of privileged communications), court filings, contracts, accounting records, and other documents dating back as far as 2018. The Government has filed a brief in opposition to the motion. (Doc. No. 261).

The Court **DENIES** the motion for the reasons stated in the Government's brief in opposition. That is, the six subpoenas are patently overbroad, and Defendant and/or his counsel already possess much of the requested information. In any event, Defendant has not shown that the information is necessary to finalize restitution. To the extent that any of the requested subpoenas seek materials that are even relevant to the remaining restitution issues, the materials are (1) are not necessary to the Court's determination of those issues; (2) untimely and likely to delay the current proceedings beyond the statutory deadline; and (3) likely available by other

means. As such, Defendant fails to meet the Nixon standards, and the Court denies his motion. See United States v. Nixon, 418 U.S. 683, 699 (1973).

**IT IS THEREFORE ORDERED** that Defendant Greg E. Lindberg's Motion for the Issuance of Subpoenas, (Doc. No. 248), is **DENIED**.

Signed: August 14, 2026

Max O. Cogburn Jr.
United States District Judge