**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cr-48-MOC**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**GREG E. LINDBERG,**<br>***Defendant.*** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Emergency Motion to Enforce the Plea Agreement and the Order Appointing the Special Master, to Preserve His Due Process and Counsel Access Rights in the Pending Restitution Proceedings," within which Defendant has included motions to disqualify certain attorneys representing the United States in this matter. (Doc. Nos. 201, 202) (identical motions filed on the docket).

The Court **DENIES** these motions as wholly frivolous to the extent Defendant contends that the Government attorneys engaged in any conduct that would trigger disqualification. Defendant has not shown that any of the attorneys subject to these motions have engaged in any wrongdoing.

Furthermore, to the extent that Defendant asks to be incarcerated in a BOP prison that allows him access to a computer and records to help him engage in the restitution process, the Court also denies this request, as the BOP—not the court—has the authority to determine where Defendant will serve his sentence. See 18 U.S.C. § 3621; United States v. Wilson, 503 U.S. 329, 335 (1992).

To the extent Defendant also requests in these motions that no further sale or liquidation of Defendant's assets be allowed until the Court's final restitution determination, or to the extent

Defendant raises due process or other constitutional claims related to the restitution procedure itself, Defendant raises these same arguments in other, related motions, and the Court will address these arguments in a separate order on those motions.

**IT IS SO ORDERED**.

Signed: August 14, 2026

Max O. Cogburn Jr
United States District Judge