# EXHIBIT A

**From:** Meyer, Ryan J.
**To:** Ryan, Daniel (USANCW); Dean, Ryan C.
**Cc:** TStout1@usdoj.gov; Freeman, Lyndie (CRM); McCarthy, Brandon N.
**Subject:** [EXTERNAL] RE: Rule 408 Communication - Proposed Special Master Order
**Date:** Monday, November 4, 2024 12:53:27 PM

---

Dan and Lyndie:

Following up on our conversation today, please find attached the background on our proposed special master in this case, Scott Avila of the Paladin Group. As you can see, Scott has significant CRO experience, including in these types of criminal cases. Scott and his team are more than happy to meet with y'all at your earliest convenience to discuss their qualifications and background so that we can hopefully make a joint recommendation to the Court for Scott as the Special Master in this case.

Thanks,

Ryan

**Ryan J. Meyer**
Partner

**Katten**
Katten Muchin Rosenman LLP
[redacted]

---

**From:** Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov>
**Sent:** Friday, November 1, 2024 4:35 PM
**To:** Meyer, Ryan J. <ryan.meyer@katten.com>; Dean, Ryan C. <ryan.dean@katten.com>
**Cc:** TStout1@usdoj.gov; Freeman, Lyndie (CRM) <Lyndie.Freeman@usdoj.gov>
**Subject:** RE: Rule 408 Communication - Proposed Special Master Order

*EXTERNAL EMAIL – EXERCISE CAUTION*
Ryan,

As we discussed here is a start on modifying your proposed motion for special master. As I indicated, this is very preliminary and has not been approved by anyone at DOJ, but I wanted to get you something to consider in line with our conversation this morning.

Happy to discuss whenever you're ready.

Dan

Daniel Ryan

**From:** Meyer, Ryan J.
**To:** Ryan, Daniel (USANCW); TStout1@usdoj.gov; Freeman, Lyndie (CRM)
**Cc:** McCarthy, Brandon N.; Dean, Ryan C.; James Wyatt; Robert Blake
**Subject:** [EXTERNAL] Rule 408 Communication - Proposed Special Master Order
**Date:** Friday, October 18, 2024 2:01:47 PM
**Attachments:** Proposed Special Master Order.docx

---

Dan,

Per your conversation with Rob earlier today, please see attached. We look forward to your thoughts/comments.

Thanks,

Ryan


**Ryan J. Meyer**
Partner

**Katten**
Katten Muchin Rosenman LLP
[redacted]



===========================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
===========================================================

NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
===========================================================

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) DOCKET NO.: 3:23-CR-48 |
| v. | ) |
| | ) |
| GREG E. LINDBERG | ) |

**AGREED [PROPOSED] ORDER FOR RESTITUTION AND ASSET DISPOSITION**

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina and Glenn S. Leon, Chief, Criminal Division, Fraud Section, and Greg E. Lindberg, by and through counsel, and hereby files this Agreed Order for the Appointment of a Special Master pursuant to the Plea Agreement in the above-numbered matter (Dkt. No. __) ("Plea Agreement").

THE COURT HEREBY FINDS AS FOLLOWS:

1. On [DATE], the Parties filed the Plea Agreement, which specified that the Parties would submit a joint motion for the appointment of a special master to identify, receive, apportion, and distribute funds for restitution.

2. Pursuant to 18 U.S.C. § 3664(d)(6), the Court has the statutory authority to refer any issue arising in connection with a restitution order to a magistrate judge or special master for proposed findings of fact and recommendations as to the disposition of the property.

3. In full satisfaction of his restitution obligations under sections 8(d), 9, and 10(a) of the Plea Agreement to pay restitution to Universal Life Insurance Company of Puerto Rico and Universal Life Insurance Company (collectively, "ULICO") of $550,000,000; to Southland National Insurance Company, Southland National Reinsurance Corporation, Bankers Life Insurance Company, and Colorado Bankers Life Insurance Company (collectively, the "North Carolina Insurance Companies") of $901,000,000; and to PB Life and Annuity Co., Ltd., Omni Ltd., Northstar Financial Services (Bermuda) Ltd., and PB Investment Holdings Ltd. (collectively, the "Bermuda Insurance Companies") of $170,000,000, Lindberg agrees to the entry of this Order and the obligations set forth below in Section 5. All payments made to ULICO, the North Carolina Insurance Companies and/or the Bermuda Insurance Companies shall be credited dollar for dollar against Lindberg's indebtedness to those entities.

4. In recognition of his fulfillment of the same obligations under the Plea Agreement, the United States of America agrees to this entry of this Order.

THEREFORE, THE COURT ORDERS AS FOLLOWS:

1. [Name] of [Individual/Entity] (the "Special Master"), is appointed as Special Master.[1] The Special Master shall be appointed by this Court as an independent, third-party neutral in accordance with 18 U.S.C. § 3664(d)(6).

2. The Special Master shall have the power and authority set forth in this Order or any supplemental Order signed by the Court.

3. The term "Special Master Property" shall be defined as follows:

a. All proceeds from the direct sale, initial public offering, and/or special purpose acquisition company merger of AAPC Holdings, LLC otherwise due to Lindberg pursuant to the terms of the AAPC Trust[2] (the "AAPC Grant"); and

b. Lindberg and/or his entities' economic rights, titles, and interests in New Hold Co. ("NHC") as defined in the June 27, 2019 Memorandum of Understanding (the "NHC Grant").

4. The Parties and/or the Special Master shall be authorized to make motion or application to this Court to expand or narrow the scope of Special Master Property, which shall be heard upon notice and hearing.

5. Within thirty (30) days of the entry of this Order, Lindberg shall take the following actions to transfer the Special Master Property to the Special Master:

a. In the form of the Letter attached hereto as Exhibit A, Lindberg shall direct Ankura Trust Company, the trustee of the AAPC Trust, to immediately take all necessary action to retain a nationally recognized investment bank to complete a sale of all or part of AAPC, including via a direct sale, initial public offering, or special purpose acquisition company merger, within the next ten (10) months. Provided that the transaction offers received as a part of this process value AAPC with an enterprise value of at least $2,40,000,000 and provide net cash proceeds sufficient to pay $550,000,000 to ULICO, Lindberg shall approve such transaction within forty-five (45) days of offers being received or the Special Master shall have the authority to approve such transaction on Lindberg's behalf. The Special Master shall also have all necessary authority from this court to complete such a transaction. The AAPC Grant proceeds shall be utilized by the Special Master for the payment of the restitution to ULICO, the North Carolina Insurance

[1] The Special Master shall charge the amounts set forth in the Special Master Declaration for [his/her] services and expenses incurred.

[2] The Amended and Restated Voting Trust Agreement made as of March 1, 2022 by and among AAPC Holdings LLC, a North Carolina limited liability company; Global Growth Holdings, LLC, a Delaware limited liability company (f/k/a Academy Association, Inc.) ("GGH") wholly owned by Lindberg; the Trustee, HPS Investment Partners, LLC, as Administrative Agent under the Credit Agreement; and Freedom 3 Capital, LLC as Second Lien Collateral Agent under the Second Lien Credit Agreement (the "AAPC Trust")

Companies, and the Bermuda Insurance Companies set forth in Section 3 above, payment of all fees due and owing to Lindberg's counsel, and payment of the Special Master's fees.

b. Lindberg shall deposit with the Special Master the signed NHC Contribution Documents attached hereto as Exhibit B evidencing his transfer of all his and/or his entities' economic rights, title, and interests in the SACs to NHC. The Special Master shall be authorized to take any other action on behalf of Lindberg to effectuate the implementation of NHC and support the marketing and sale of NHC and/or the SACs. The NHC Grant proceeds shall be utilized by the Special Master for the payment of the restitution to ULICO, the North Carolina Insurance Companies, and the Bermuda Insurance Companies, set forth in Section 3 above, payment of all fees due and owing to Lindberg's counsel, and payment of the Special Master's fees. Subject to the process set forth below in Section 13, the Special Master's fees shall be paid within thirty (30) days of court approval from the NHC Grant assets and/or proceeds. All fees due and owing to Lindberg's counsel shall be paid from the NHC Grant assets and/or proceeds (if not already satisfied by the AAPC Grant proceeds) at the same time as the initial payment of fees to the Special Master.

6. Subject to Section 5 of this Order, from the date of entry of this Order until November 30, 2025, or such other date as agreed to in writing among the Parties and approved by the Court, the Special Master shall take all steps necessary to support the marketing and sale of AAPC, the SACs, and/or the NHC in order to generate sufficient proceeds to satisfy the restitution amounts set forth in Section 3 above. Upon payment of such restitution amounts, this Order shall dissolve, the Special Master shall be terminated, and the Special Master Property shall be returned to Lindberg with no further limitations on his use of the proceeds and/or exercise of his ownership interests. Nothing herein shall be construed to limit, restrict, or otherwise modify Lindberg's rights and obligations under the Memorandum of Understanding signed June 27, 2019 between Southland National Insurance Company, Southland National Reinsurance Corporation, Bankers Life Insurance Company, and Colorado Bankers Life Insurance Company and Lindberg.

7. The Special Master shall be, and hereby is, entitled to all rights, privileges, and protections afforded to each of AAPC and/or NHC's directors, officers or other fiduciaries including, but not limited to, insurance coverage under any currently existing insurance policies.

8. Prior to appointment, the Special Master shall take the oath and file a bond in the sum of $10,000.00 to secure [his/her] faithful performance of [his/her] duties as the Special Master.

9. The Special Master shall have the power to (i) obtain such Order(s) from the Court that [he/she] deems prudent or necessary to effectuate the payment of the restitution obligations set forth in Section 3 above and (ii) make a motion or application to the Court regarding instruction or clarification in connection with the powers and scope of this Order.

10. All income tax reporting and payments, whether for periods prior to or during the terms of this Order, shall remain the obligation of Lindberg. The Special Master shall not be required to report any income generated by the Special Master Property (including interest earned), or to pay any income taxes due thereon, nor shall the Special Master bear liability for the failure

of Lindberg to report said income to taxing authorities or pay the taxes associated with such income.

11. The Special Master is acting solely in [his/her] capacity as Special Master and shall have no personal liability for claims against Lindberg, individually or collectively. With respect to any insurance coverage, the Special Master, and other parties with insurable interests, shall be named as additional insureds on the policies for the period that the Special Master shall be appointed.

12. The Special Master shall prepare quarterly interim statements reflecting the fees and expenses of the Special Master, [his/her] financial advisors, and [his/her] retained counsel (if any) incurred for said period in the course of this Order (each, an "Interim Statement"). Such Interim Statement shall be submitted to the Court for its approval and confirmation, in the form of either a noticed interim request for fees or a Special Master's final account and report. Upon the Court's approval of each Interim Statement, the Special Master shall pay such approved fees and expenses from the Special Master Property.

SO ORDERED, this ___ day of ____________, 2024.

______________________________
United States District Judge