**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br><br>Judge Max O. Cogburn, Jr. |

**DEFENDANT'S NOTICE CONCERNING THE DAMOVO PRIMARY RESTITUTION ASSET AND MOTION TO STAY ITS DISPOSITION**

Defendant Greg E. Lindberg respectfully submits this notice, and moves to stay any disposition of the Damovo Primary Restitution Asset pending this Court's review, and states as follows:

1. Damovo is a Primary Restitution Asset committed to the exclusive possession and control of the Special Master by this Court's appointing order. Doc. 56 ¶ 9. The Order permits liquidation of a Primary Restitution Asset only on the express condition that the Special Master "seek Court approval to liquidate" and "oversee and help accomplish the liquidation with Court approval." Doc. 56, at 6–7.

2. The Damovo asset is now being sold for debt in proceedings in the General Court of Justice, Wake County, North Carolina. A copy of the operative Wake County filing is attached as Exhibit 1. The Special Master has not informed this Court of that disposition, has not sought this Court's approval of it, and has not disclosed its terms to this Court — notwithstanding his duty, as this Court's

appointed officer, to keep the Court informed of the disposition of the restitution estate.

3. The disposition sacrifices restitution value. A valid, standing offer of $400 million for the asset is on the record — Defendant placed that offer before the Court. Six months ago, the same group offered $500 million for the same asset, and the Special Master was given that information at that time. The intervening delay, and the present sale of the asset for debt, have thus already cost the restitution estate approximately $100 million in value.

4. To sell a Primary Restitution Asset for debt — without informing this Court, and without the Court approval the appointing order requires — exceeds the authority the Court conferred, dissipates a restitution asset to the detriment of the victims and the Defendant, and deprives this Court of its role in the restitution process. See 18 U.S.C. § 3664; Doc. 56, at 6–7.

5. Defendant informed the Special Master on March 6, 2026 of this better offer of $500 million at that time and received no response from the Special Master. See Exhibit 2. Therefore, this is a deliberate attempt to sell a $500 million asset for debt, which serves no one. The government and the Special Master did not respond to the prior Damovo Motion as well.

6. For these reasons, Defendant respectfully requests that the Court: (a) direct the Special Master to inform the Court, forthwith, of the status and terms of any pending or completed disposition of the Damovo asset; and (b) *stay* any sale,

transfer, or other disposition of the Damovo asset pending this Court's review and approval under its appointing order (Doc. 56) and 18 U.S.C. § 3664.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*/s/ Vivek Ramachandran*
Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
Email: vramachandran@dhammalaw.com
*Admitted pro hac vice*

*Counsel for Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: August 18, 2026.

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*