**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br><br>Judge Max O. Cogburn, Jr. |

**COREECTED DEFENDANT'S MOTION TO SEAL HIS ADDENDUM IN SUPPORT OF HIS**
**RESPONSE IN OPPOSITION TO THE UNITED STATES' CONSOLIDATED POSITION REGARDING RESTITUTION (DOC. 308)**

Defendant Greg E. Lindberg inadvertently filed Doc. 317, which should be removed, and this document should be used in its place.

Defendant Greg E. Lindberg respectfully moves, pursuant to Local Criminal Rule 49.1.1 and Local Civil Rule 6.1, for leave to file under seal his Addendum in support of his Response in opposition to the United States' Consolidated Position Regarding Restitution (Doc. 308) (the "Sealed Addendum"), together with its exhibits, and in support states as follows:

1. Non-confidential description of the material. The Sealed Addendum addresses the intervening-causation issue raised in Argument VII.D–E of Defendant's Response — that the asset sales and transfers the Special Master isolates as loss-causing conduct followed from, and were the product of, the Government's own intervention. The exhibits Defendant seeks to file under seal include three Federal Bureau of Investigation interview memoranda (Form FD-302)

memorializing meetings between the Government and a third party, dated December 19, 2018, March 25, 2019, and June 14, 2019, together with the contemporaneous transaction records referenced in the Addendum. The three interview memoranda are the materials whose protection requires sealing. The Sealed Addendum also addresses, in Part Two, the Special Master's valuation of AAPC set out in Appendix 1 to the Special Master's Second Supplement (Doc. 245), which is itself filed under seal; that portion of the Addendum is filed under seal because it discusses the contents of the sealed appendix, and it asks the Court to unseal Appendix 1 so that the valuation may be examined on the public record.

2. Sealing is necessary, and no less-restrictive alternative will suffice. The three interview memoranda are law-enforcement records produced to the defense subject to the protective order(s) entered in this matter and in the related proceedings governing the Government's discovery. On their face, they are "the property of the FBI" and "are not to be distributed outside your agency." Filing them in the public record would violate those protective orders and publicly disclose protected law-enforcement material. Redaction is not a workable alternative: the evidentiary value of the memoranda for the intervening-causation issue lies in their substance — the very content the protective orders protect — so redaction sufficient to satisfy the orders would defeat the purpose of the filing. Sealing the memoranda, and the discrete portions of the Addendum that quote them, is the least restrictive means of protecting that interest while preserving the material for the Court's in camera review.

3. Manner and duration of sealing. Defendant requests that the Sealed Addendum and its exhibits be filed and maintained under seal, and be made available to the Court and counsel of record, until the protective orders are lifted or modified or the Court orders otherwise. Defendant does not seek to seal the material permanently; upon the expiration or modification of the protective orders, or upon further order of the Court, the materials may be unsealed or otherwise handled as the Court directs.

4. The presumption of public access is overcome. Defendant recognizes the presumption, under the common law and the First Amendment, that materials filed with this Court are filed unsealed. That presumption is overcome here: the interview memoranda are protected law-enforcement records subject to standing protective orders, and the countervailing interest in confidentiality is concrete and already recognized by those orders. The public interest in access is separately served because Defendant's Response is filed in the public record and cites the Sealed Addendum only by reference, disclosing no protected material. Sealing only the protected exhibits and the portions of the Addendum that quote them is narrowly tailored to that interest.

5. For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the Sealed Addendum and its exhibits under seal, and grant such other relief as is just and proper.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*/s/ Vivek Ramachandran*
Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
Email: vramachandran@dhammalaw.com
*Admitted pro hac vice*

*Counsel for Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: August 21, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*