**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC |

**SPECIAL MASTER'S LIMITED OBJECTION TO KATTEN MUCHIN ROSENMAN LLP'S FIFTH FEE APPLICATION**

Joseph W. Grier, III, the Court-appointed special master (the "Special Master") in this proceeding, through counsel, hereby presents this limited objection (this "Objection") to *Defendant's Katten Muchin Rosenman LLP's Fifth Opposed Motion for Payment of Fees and Expenses* (the "Fee Application")[1] and respectfully represents as follows:

As represented to the Court in the Fee Application,[2] the Special Master does not oppose the Court awarding Katten Muchin Rosenman LLP ("Katten") the fees it seeks through the Fee Application. The Special Master leaves to the Court the determination of what compensation to Katten is reasonable under the facts and circumstances presented in the Fee Application and this case, more generally. The Special Master takes no position on that determination.

However, the form of the proposed order[3] submitted in connection with the Fee Application is ambiguous with respect to the timing of when the Special Master could, should, or must distribute funds to Katten, especially when read together with applicable language in the Court's

---

1 Doc. No. 336.
2 Doc. No. 336, at 1.
3 Doc. No. 336-3.

*Order Appointing Special Master* (the "Appointment Order").[4] The Special Master opposes distributing any additional amounts to Katten unless and until additional funds available to satisfy administrative expenses are placed under the control of the Special Master or this case otherwise progresses further.

When Katten's co-counsel, Wyatt & Blake, LLP ("Wyatt"), submitted a draft of Wyatt's fifth fee application[5] to the Special Master for consideration, the Special Master requested that Wyatt include in the proposed order both (i) authority for Wyatt to draw down on an existing retainer to partially satisfy the approved fees and (ii) explicit preservation of the Special Master's power to pay approved fees if and when the Special Master determines that such funds are reasonably available. Both concepts appear in the Order entered by the Court approving Wyatt's fifth fee application.[6] For reasons explained in Katten's brief in support of the Fee Application,[7] Katten would not agree to this treatment. Nonetheless, the Special Master, through this Objection, asks that Katten receive the same treatment as Wyatt.

The Appointment Order provides that "[u]pon the Court's approval of each [interim fee statement], the Special Master shall pay such approved fees and expenses from the assets administered by the Special Master that the Special Master determines are reasonably available to satisfy such fees and expenses or as otherwise directed by the Court . . . ."[8]

The funds currently under the Special Master's control that are available to pay court-approved compensation to Katten originated as proceeds from the sale of certain "Specified Affiliated Companies" known as the Clanwilliam Group of Companies ("Clanwilliam"). The

---

4 Doc. No. 56.
5 The filed version of Wyatt's fifth fee application was filed on July 30, 2026 (Doc. No. 264).
6 Doc. No. 328, at 1.
7 Doc. No. 337.
8 Doc. No. 56, at 10.

Clanwilliam sale was consummated through a multi-faceted, multi-party compromise, the Special Master's portion of which was approved by the Court with the consent of Defendant and Katten.[9]

Of the many components to the Clanwilliam compromise, all involved agreed: (1) to set aside a reserve in the amount of $14,112,426 for satisfying administrative expenses incurred in connection with this case, including Court-approved fees for both Katten and Wyatt[10]; and (2) that approximately $989,940 from an unrelated pot of money would be conveyed to Katten to pay down Katten's Court-approved fees and expenses (the "Paradigm Park Funds").[11] In addition, Katten, Wyatt, the Special Master, the Special Master's financial advisors ("Paladin"), and the Special Master's law firm ("Grier Law") agreed informally among themselves that: one-third (1/3) of the $14,112,426 would be earmarked to satisfy the Court-approved fees and expenses of Katten and Wyatt; one-third (1/3) of the $14,112,426 would be earmarked to satisfy the Court-approved fees and expenses of Paladin; and one-third (1/3) of the $14,112,426 would be earmarked to satisfy all other administrative expenses, including those of Grier Law and the Special Master's distribution agent, Epiq Corporate Restructuring, LLC ("Epiq").

As itemized in Exhibit A to the *Special Master's Fifth Status Report*,[12] the recipients identified below have received the following aggregate amounts from the Special Master (as of July 30, 2026) from the $14,112,426 administrative expense reserve, including retainers previously approved by the Court.

| **Katten** | **Wyatt** | **Paladin** | **Grier Law** | **Epiq** |
|---|---|---|---|---|
| $4,256,810 | $574,694 | $3,594,023 | $984,025 | $524,206 |

9 *See* Doc. No. 68. For more information on the various facets of the Clanwilliam compromise, *see* the corresponding motion (Doc. No. 66).

10 Doc. No. 68, at 2–3.

11 Doc. No. 68, at 3.

12 Doc. No. 262, at 9–20.

Thus, Katten and Wyatt have already received more from the Special Master (total of $4,831,504) than the one-third of the administrative expense reserve earmarked for Katten and Wyatt (equal to $4,704,142). These figures exclude the additional approximately $989,940 in Paradigm Park Funds that Katten received directly from another source as part of the Clanwilliam compromise. In other words, ignoring any payments to Wyatt, Katten has already received approximately $5,247,000 through multiple sources since the entry of the Appointment Order.[13]

Much remains to be done in this case by the Special Master. In addition, since Defendant ended his relationship with Katten and Wyatt, the rate of the Special Master's legal spend has increased given the voluminous filings submitted by Defendant. Furthermore, although Epiq has done an outstanding job marshaling the nearly 44,000 individual checks that the Special Master was ordered to distribute in connection with the Clanwilliam compromise, more than 10,000 of those checks remain outstanding; the corresponding funds may need to escheat to each of the fifty States depending on the domicile of each individual policyholder, an expensive undertaking.[14] Further still, while income tax reporting was carved out from the Special Master's responsibilities by the Appointment Order, Defendant's income tax reporting is delinquent in certain ways, impairing the ability of NHC Holdings, LLC to maximize the value of many (possibly all) of the Specified Affiliated Companies for the benefit of victims due restitution in this case; several interested parties (including Defendant) have suggested that the Special Master use the administrative expense reserve to fund the necessary income tax reporting work, which will come with a substantial price tag. For these and other reasons, the Special Master does not believe sufficient funds are currently available to pay Katten at this time.

---

13 Pursuant to the first four orders approving interim fees to Katten, Katten has been approved to receive compensation in the amount of approximately $4,884,148, plus a retainer of $361,685.35. *See* Doc. Nos. 90, 93, 105, & 165.

14 The Special Master has received a quote for the escheatment work that exceeds $500,000.

The Special Master asks that Katten be authorized to draw down its $361,685 retainer to partially satisfy the $372,405 in compensation Katten seeks through the Fee Application (to the extent the Court believes such compensation is appropriate) rather than the Special Master sending Katten an additional $370,000+ now with Katten retaining a $360,000+ retainer for future work.[15] This is precisely the construct Wyatt agreed to in connection with Wyatt's fifth fee application.

In any event, the Appointment Order provides that the Special Master be obliged to pay Court-approved fees and expenses only if "the Special Master determines [funds] are reasonably available to satisfy such fees and expenses."[16] Any order of this Court approving fees and expenses to Katten should restate such language to avoid ambiguity and arguments by Katten that the Special Master must pay Katten even if the Special Master reasonably believes that sufficient funds are not then available to pay such amounts.

WHEREFORE, the Special Master prays that any Order on the Fee Application approving compensation specify that Katten receive compensation only as the Special Master determines that funds are reasonably available to do so and that the Court otherwise grant such further relief as is just and proper.

Respectfully submitted this 4th day of September, 2026.

*/s/ Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax: 704.332.0215
Email: mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Special Master*

---

15 Although Katten no longer represents Defendant in this case, apparently Katten still represents Defendant in connection with certain civil litigation. The Special Master is unclear whether this Court expects the Special Master to pay Defendant's various attorneys for time spent on matters other than this criminal proceeding.

16 Doc. No. 56, at 10.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Special Master's Limited Objection to Katten Muchin Rosenman LLP's Fifth Fee Application* were served on those parties who have requested electronic service in this case through the CM/ECF system. In addition, copies of the foregoing were served via email on Katten attorneys Brandon McCarthy (brandon.mccarthy@katten.com) and Ryan Meyer (ryan.meyer@katten.com).

Respectfully submitted this 4th day of September, 2026.

*/s/ Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202