**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GREG E. LINDBERG,<br>Defendant. | Case No. 3:23-CR-48-MOC |

**KATTEN MUCHIN ROSENMAN LLP'S REPLY IN SUPPORT OF ITS FIFTH FEE APPLICATION**

Katten Muchin Rosenman LLP ("Katten") respectfully submits this brief reply to the Special Master's Limited Objection to Katten's Fifth Opposed Motion for Payment of Fees and Expenses (the "Limited Objeciton") to address that limited objection.

Katten appreciates that the Special Master does not oppose an award of the requested fees and leaves the reasonableness of those fees to the Court.[1] The parties' disagreement is therefore narrow: whether Katten should continue to receive payment of its Court-approved fees on an interim basis, as it has following each of its previous four applications, or instead be required to exhaust its retainer and wait—potentially for years (if at all)—to receive the remaining compensation, and then only if sufficient funds remain at the conclusion of the matter (a date which the Special Master has indicated he cannot forecast).[2] Katten respectfully submits that the Court's previously established interim-payment process should continue for several reasons.

First, Katten's aggregate compensation cannot fairly be compared to that of professionals whose work began only after the Special Master's appointment. Katten represented Defendant in these same matters for over a year before the Special Master was officially appointed, during which

[1] *See* Special Master's Limited Objection at FN Dkt. 338.
[2] *Id.* at p. 2.

time substantial fees accrued without payment.[3] Such a comparison does not establish that Katten has been disproportionately compensated for work performed during the Special Master's tenure. Also, even the Special Master would likely agree that a significant amount of the work performed in the Financial case over the last eighteen months has primarily been performed by Paladin and Katten (as recognized in previous filings by the Special Master),[4] which has been necessary given Katten's long historical and intimate knowledge of this complex web of entities and finances involved.

Second, the Special Master and the other professionals administering the estate—including Paladin—continue to receive compensation on an interim basis. Katten does not question the propriety of those payments. To the contrary, those payments illustrate why interim compensation is appropriate: professionals should not be required to finance this proceeding for an indefinite period while performing necessary work for its benefit. Katten respectfully requests the same practical treatment it has received under the Court's prior four fee orders.[5]

Third, Katten is not similarly situated to Wyatt & Blake. Wyatt & Blake has completely concluded its involvement in the case and is not continuing to accrue fees. Katten's circumstances are materially different. The present application seeks approximately $372,405, while Katten's retainer is approximately $361,685. That discrepancy would be acceptable if there were no ongoing obligations. But, applying the retainer now would consume the entire amount. Katten would be left with no meaningful security for additional work, all while accruing unavoidable billings and expenses.

Although Katten has withdrawn as Defendant's counsel of record in the Public Corruption and Financial cases, it has not been able simply to sever its involvement. Katten continues to be

---

[3] *See* Katten's Memorandum in Support of its First Unopposed Requests for Fees and Expenses at FN Dkt. 74, pp. 4-7.
[4] *See* Special Master's Statement Concerning Defendant's Cooperation at FN Dkt. 159.
[5] *See* Order's Approving Katten's First, Second, Third, and Fourth Requests for Fees and Expenses, FN Dkt. Nos. 90, 93, 105, and 154.

contacted and drawn into matters relating to this proceeding—often weekly—by the Department of Justice, Defendant's current counsel, and others because of Katten's seven years of historical knowledge concerning the underlying companies, transactions, and litigation. Thus, despite Katten's withdrawal, additional fees are accruing for Katten in the Financial case. Katten also continues to represent Defendant as lead in the inextricably intertwined SEC case, which is still open and will require additional briefing to resolve.

Thus, requiring Katten to exhaust its retainer now would leave Katten continuing to perform necessary work arising from the Financial case without payment or meaningful security, while also continuing its representation in the SEC case without a funded retainer. That is distinctly different from Wyatt & Blake's position and much closer, as a practical matter, to the circumstances of the Special Master and Paladin, whose work continues and who continue to receive interim payment.

Finally, Katten recognizes the Special Master's responsibility to preserve sufficient funds for the remaining administration of the estate. But, the possibility of substantial future expenses does not by itself warrant departing from the interim-payment procedure the Court has followed four times with respect to Katten and continues to follow for the other professionals. Nor should Katten alone bear the risk that, after years of additional administration, no funds will remain to pay fees already earned, reviewed, and approved by the Court.

Katten therefore respectfully requests that the Court approve the Fifth Fee Application and direct payment of the approved fees and expenses by the Special Master consistent with the Court's prior orders. Alternatively, if the Court determines that some additional protection of the administrative reserve is appropriate, Katten respectfully requests that the Court authorize a substantial current payment while preserving Katten's existing retainer—or otherwise provide for periodic pro rata payments among Katten and the other professionals receiving interim

compensation—rather than requiring Katten to exhaust its security and await the ultimate conclusion of this proceeding (which could take a significant amount of time).

Date: September 9, 2026

Respectfully Submitted:

**KATTEN MUCHIN ROSENMAN LLP**

Robert T. Smith (*pro hac vice*)
robert.smith1@katten.com
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
(202) 625-3500 – telephone

*/s/ Brandon N. McCarthy*
Ryan J. Meyer (*pro hac vice*)
Texas SBN: 24088053
Ryan.meyer@katten.com
Brandon N. McCarthy (*pro hac vice*)
Texas SBN: 24027486
Brandon.mccarthy@katten.com
Rachel M. Riley (*pro hac vice*)
Texas SBN: 24093044
Rachel.riley@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 N. Pearl Street
Suite 1100
Dallas, Texas 75201
(214) 765-3600 – telephone
(214) 765-3602 – facsimile

*Counsel for Defendant Greg E. Lindberg in the SEC Case*

## CERTIFICATION

Pursuant to the Court's June 18, 2024 Standing Order, which was published to the Bar of the Western District of North Carolina on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 9th day of September 2026.

*/s/ Brandon N. McCarthy*
Ryan J. Meyer (*pro hac vice*)
Texas SBN: 24088053
Ryan.meyer@katten.com
Brandon N. McCarthy (*pro hac vice*)
Texas SBN: 24027486
Brandon.mccarthy@katten.com
Rachel M. Riley (*pro hac vice*)
Texas SBN: 24093044
Rachel.riley@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 N. Pearl Street
Suite 1100
Dallas, Texas 75201
(214) 765-3600 – telephone
(214) 765-3602 – facsimile

*Counsel for Defendant Greg E. Lindberg in the SEC Case*