**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br><br>Judge Max O. Cogburn, Jr. |

**REPLY EXHIBIT B**
**E-MAIL THREAD "THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE" (AUGUST 28–30, 2026) AND RELATED AUGUST 30, 2026 MESSAGE**

This exhibit reproduces the e-mail thread that current counsel opened with Government counsel on August 28, 2026, at 3:14 p.m., with Defendant's prior counsel copied, and the related message of August 30, 2026. Each is reproduced in full from the native message, including every earlier message quoted within it; only runs of blank lines have been collapsed. The exhibit contains no e-mail exchanged between Defendant and his counsel.

## INDEX

| Exhibit | Latest message | Thread subject | Contents | Page |
|---|---|---|---|---|
| **B-1** | Aug. 29, 2026, 2:23 a.m. | THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE | Thread opened by current counsel on Aug. 28, 2026, 3:14 p.m., with prior counsel (Katten: Meyer, McCarthy) copied, transmitting the request-and-refusal chronology and the categories demanded; Ryan's 4:31 p.m. reply ("a list of 54 overly broad categories"; "feel free to file whatever additional motions you feel are appropriate"); counsel's 4:37, 4:57, 5:02 and 5:55 p.m. replies ("We went back to former counsel made them do a search and came back with what we don't have"); and the Aug. 29, 2:23 a.m. message. The quoted chain also carries the Aug. 17 and Aug. 26–27 messages from the "Draft Final Supplement" thread. | 3 |
| **B-2** | Aug. 30, 2026, 4:55 p.m. | Draft Final Supplement to Restitution Report | Counsel's Aug. 30 messages to Government appellate counsel asking that the ex parte communications be referred up the Department's chain ("This should go to ODAG"), with prior counsel copied; quoted chain of Aug. 28–30 messages. | 89 |

**EXHIBIT B-1**
**THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE**

| | |
|---|---|
| **Subject:** | Re: [EXTERNAL] Re: THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE |
| **From:** | Vramachandran <vramachandran@dhammalaw.com> |
| **Date:** | Sat, 29 Aug 2026 02:23:17 -0400 |
| **To:** | "Daniel (USANCW) Ryan" <daniel.ryan@usdoj.gov> |
| **Cc:** | Barnesatty <barnesatty@aol.com>, "Lyndie (FRD) Freeman" <lyndie.freeman@usdoj.gov>, "Benjamin (USANCW) Bain-Creed" <benjamin.bain-creed@usdoj.gov>, Joe Grier <jgrier@grierlaw.com>, "Jeremy (FRD) Sanders" <jeremy.sanders@usdoj.gov>, "Dana (USANCW) Washington" <dana.washington@usdoj.gov>, Michael Martinez <mmartinez@grierlaw.com>, "Ryan J. Meyer" <ryan.meyer@katten.com>, "Brandon N. McCarthy" <brandon.mccarthy@katten.com> |

---

Dan and Jeremy,

As to the relevance of the documents the United States let M3, NHC, NCICs, Wes Camden, and Mike Dinius drove the 1.6 Billion numbers without ever placing them on the record or in the hands of Defense. It's a black box. Wes Camden, NHC and NCICS sent the letter refusing to accept the jurisdiction of this court but do want to get paid from the proceeds. You the government failed to get that data but still let it drive the process. Fix it now prosecutor. The reason the government should produce them is to answer if the government ever had these reports and methodology.

It's pretty convenient. No one has to give any data except Greg Lindberg. All data will be used against Greg Lindberg.

Everything can be a black box. And sign a confidentiality agreement to get access to data used to send someone to prison for 12 years.

You need to give us the data. Please follow the constitution and MVRA on accounting prosecutor. You don't just get to adopt each and every item in a report without explaining each and every piece of data that went into the report.

The government has to explain at least to the 4th circuit and the district court why it resists data being shared with defense counsel on valuations and data that drove 1.6 Billion in restitution since January 2025.

Sorry, big numbers. I sometimes have trouble between choosing Billions and billions. Hopefully it's the right Billions. You see I am not used to big numbers being missing from valuations presented by the government as

proof. I don't have millions or even a few hundred thousand so never used to these big numbers.

In substance, all of these are not broad but tailored to the transactions. You can explain why the government relied on desktop valuations from M3 without ever letting defendants see it. Or let NCICs and NHC and Mike Dinius drive hundreds of millions in restitution without ever letting defendant see the underlying data or methodology.

Should every criminal defendant sign confidentiality agreement to see data on what drove his punishment?

To get Sting Ray technical specifications we need to sign a confidentiality agreement. Excellent Mr. prosecutor. The private parties listed above now decide what Defense can and cannot see?

The government does not get to hide behind the special master here. The government needs to give us the data. And provide all ex parte communications with these entities listed above to see what drive these 1.6 billion number. We don't live in the USSR. We don't have secret courts. We don't send people to prison using data and methodology defense cannot see.

Thank you.

Sincerely,

Vivek.

> On Aug 28, 2026 at 5:55 PM, <Vramachandran (mailto:vramachandran@dhammalaw.com)> wrote:

> Dan,

> Two days ago your position was let me know what information Greg Lindberg does not have. I am sure his former counsel has the information. We went back to former counsel made them do a search and came back with what we don't have. Now your position is we don't know what information you do do not have.

> You need to provide the information which former counsel and current counsel have asked and continue to ask.

> We need this information to understand the 1.6 Billion numbers and have been turned away for a year at this point. You assumed that that diversion two days ago will help you. When that failed, you then pivot to a new position.

> We don't have any of this information because you are giving us

nothing.

> Finally, your ex parte communications with the special master and paladin are still something you need to produce. That's Brady/Giglio suppression.

> Thank you.

> Sincerely,
> Vivek

> On 2026-08-28 17:02, Vramachandran wrote:
> > Dan,

> > We are asking for all of the information because we have gotten none
> > from anyone else.

> > You have the information. You need to give us the information.

> > Sincerely,
> > Vivek

> > > On Aug 28, 2026 at 4:57 PM, <Vramachandran> wrote:

> > > Dan,

> > > And on the confidentiality agreement. We are talking about the
> > > government which has already sent us 302 information.

> > > You can use the same mechanism. The government is being asked in
> > > this request not the special master. You are going to defend this
at
> > > the district court and at the 4th circuit. You adopted the report
> > > wholesale. It's you job to get Defendant the underlying
> > > information to support your case.

> > > This is United States v. Greg Lindberg. Not Grier v. Greg Lindberg
a
> > > civil dispute to sign a confidentiality agreement to get
information
> > > from the government on its burden of proof. Restitution is criminal
> > > punishment you agreed to that in a filing with this very court.

> > > Also we need all your ex parte communications with
> > > The special master and anyone associated with the special master
> > > including Paladin.

> > > You are claiming each and every item listed below in our Claim for
> > > restitution and for forfeiture. We need the government to tell the

> > > defendant why and account for it under MVRA.

> > > The judge has also not seen it nor the 4th circuit. A
> > > confidentiality agreement will not let the 4th circuit see this
> > > information.

> > > The government is the party not someone else who has the burden of
> > > production.

> > > Please stop pointing to the special master and get us the info.
> > > Please follow the MVRA and the constitution of the United States.
> > > Thank you

> > > Sincerely,
> > > Vivek

> > > On Aug 28, 2026 at 4:37 PM, <Vramachandran> wrote:

> > > Dan,

> > > You are still silent in the ex-parte communication.

> > > You adopted the numbers wholesale they are yours to defend as the
> > > party with the burden of proof. These requests are yours to produce
> > > because you are relying on them for your burden of proof under MVRA

> > > We need you to give us the information below because you adopted
> > > them. They are the government's to establish or not.

> > > We are asking you to get us this information.

> > > This is a criminal proceeding. If you adopted them they are
> > > Brady/giglo information. You should get them to support the
> > > 1.6billion in restitution and the sentence where you said more
> > > evidence is now available to get Greg Lindberg 12 years and a
> > > stacked sentence.

> > > We look forward to receiving the information from you.

> > > Sincerely,
> > > Vice

> > > Sent with Spark [1 (https://sparkmailapp.com/source?
from=signature)]
> > > On Aug 28, 2026 at 4:31 PM -0400, Ryan, Daniel (USANCW)
> > > <Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov)>, wrote:
> > > Vivek, we disagree with your purported facts and legal conclusions.
> > > Among other things your purported factual timeline includes
numerous

> > > entries that appear to describe communications between Defendant,
> > > the Special Master, and/or Paladin--communications in which the
> > > Government was not involved. Thus, we have no idea what requests
the
> > > Defendant previously made and what information he received back. I
> > > asked you for that information several days ago, and you have not
> > > provided it. Instead, you provided a list of 54 overly broad
> > > categories without any information about which of these materials
> > > are already in Defendant's possession.

> > > The Government has complied with its discovery obligations in this
> > > case. But, as always, if there is information under the control of
> > > the Government that the Defendant does not have and to which he is
> > > entitled, we will work to get it to him. That said, the Special
> > > Master offered to provide valuation materials to you under a
> > > confidentiality agreement, but rather than work with him to reach
an
> > > agreement, you filed a motion with the Court that is still pending.

> > > In short, feel free to file whatever additional motions you feel
are
> > > appropriate with the Court, and we will respond as appropriate.

> > > Dan

> > > -----Original Message-----
> > > From: vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) <vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > Sent: Friday, August 28, 2026 3:14 PM

> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov)
> > > Cc: Barnesatty <barnesatty@aol.com (mailto:barnesatty@aol.com);
Freeman, Lyndie (FRD)
> > > <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-
Creed, Benjamin (USANCW)
> > > <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-
Creed@usdoj.gov); Joe Grier <jgrier@grierlaw.com
(mailto:jgrier@grierlaw.com);
> > > Sanders, Jeremy (FRD) <Jeremy.Sanders@usdoj.gov
(mailto:Jeremy.Sanders@usdoj.gov); Washington, Dana
> > > (USANCW) <Dana.Washington@usdoj.gov
(mailto:Dana.Washington@usdoj.gov); Michael Martinez
> > > <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com); Ryan J.
Meyer <ryan.meyer@katten.com (mailto:ryan.meyer@katten.com);
> > > Brandon N. McCarthy <brandon.mccarthy@katten.com
(mailto:brandon.mccarthy@katten.com)
> > > Subject: [EXTERNAL] Re: THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A
> > > DISCOVERY SQUABBLE

> > > Dan,

> > > The Government has adopted the Special Master's loss and valuation
> > > figures wholesale and placed them before the Court — at
> > > sentencing, where the approximately $1.655 billion loss drove the
> > > guideline enhancement and the custodial term, and again as the
basis
> > > for restitution and for the forfeiture measured against the "Mid"
> > > estimate.
> > > Having adopted those numbers as its own, and bearing the burden of
> > > proving each victim's loss by a preponderance under 18 U.S.C. §
> > > 3664(e), the Government must produce — from its own files, and by
> > > compelling production from its agent and the third-party custodians
> > > identified below — the data, methodology, valuations, and
> > > communications on which the figure rests. It cannot place a number
> > > before the Court, rely on it to imprison and to seize, and then
> > > disclaim knowledge of its basis. This is our meet-and-confer demand
> > > before we move to compel.

> > > REQUEST-AND-REFUSAL CHRONOLOGY
> > > ------------------------------

> > > The requests that follow are not new. The defense has sought this
> > > data since the Special Master's appointment and has been refused,
> > > deferred, or met with silence at each turn (this is just
> > > illustrative, we asked more times than we list below all met with
> > > non-production):

> > > • Jan. 23, 2025 — the Special Master is appointed (Doc.
> > > 56); the defense begins requesting the underlying data as soon as
he
> > > is in place.

> > > • Spring 2025 — the defense requests the M3 "desktop"
> > > valuations as soon as it learns they exist; never received.
> > > • June 16–17, 2025 — the defense requests the NCIC loan
> > > and restitution data (the Rule 17(c) categories); the Special
Master
> > > (Mr.
> > > Martinez) agrees, on June 17, 2025, to share what the NCICs
provided
> > > him — and never does.
> > > • July 29–30, 2025 — the restitution-calculation
> > > process; the defense supplies its own BRG analysis and repayment
> > > data to Paladin as the starting point.
> > > • Aug. 13, 2025 — letter to Mr. Martinez concerning
> > > Clanwilliam value and offsets.
> > > • Aug. 2025 — the Government orally concedes the
> > > NCIC-investment offset and declines to confirm it in writing.

> > > • Sept. 16, 2025 — Restitution Calculation letter to the
> > > Special Master and the Financial Advisor.
> > > • Nov. 22–23, 2025 — further letter to Mr. Martinez
> > > setting out the causation and offset position, including that the
> > > GBIG team under Mr.
> > > Dinius's control valued the North Carolina insurers at
approximately
> > > $641 million at their October 18, 2018 transfer.
> > > • Dec. 2025 — the defense's written information requests
> > > to Messrs.
> > > Grier and Martinez; Mr. Martinez (Dec. 18, 2025) defers the request
> > > ("I'll have to review and respond to that separately"). No response
> > > follows.
> > > • Mar. 2026 — the Special Master's report offers only to
> > > place the valuation detail on the record under seal / in camera.
> > > • Apr. 3, 2026 — the Report and Recommendation (Doc. 106
> > > at 29) repeats the under-seal / in-camera offer.
> > > • July 2026 — the Special Master files updated low,
> > > middle, and high figures under seal, with no underlying data.
> > > • Aug. 15–17, 2026 — counsel's written meet-and-confer
> > > demand to Messrs. Martinez and Grier and to your office; the
Special
> > > Master will produce only "under a confidentiality agreement," the
> > > Government responds that it is "reserving [its] position" until it
> > > sees the motion, and the Special Master's final answer is "No."

> > > THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE
> > > ----------------------------------------------------------

> > > The Government's refusal to produce, while adopting the Special
> > > Master's figures as its own, is the suppression of favorable,
> > > material evidence under Brady v. Maryland, 373 U.S. 83 (1963), and
> > > Giglio v. United States, 405 U.S. 150 (1972).

> > > • Brady reaches punishment, 373 U.S. at 87, and applies at
> > > sentencing, Cone v. Bell, 556 U.S. 449 (2009); MVRA restitution is

> > > punishment, Ellingburg v. United States, 607 U.S. 163 (2026), and
> > > the same figure drove the § 2B1.1 enhancement and the custodial
> > > term.
> > > • The materials are favorable both ways — exculpatory (the
> > > offsets, credits, true values, and overpayment) and impeaching,
> > > Giglio; United States v. Bagley, 473 U.S. 667 (1985), because the
> > > officer whose figures the Government adopted calls them a "best
> > > guess" and "inherently unreliable."
> > > • The Government cannot hide behind its agent — the duty
> > > reaches evidence known to those acting on the Government's behalf,
> > > Kyles v.
> > > Whitley, 514 U.S. 419 (1995); the Special Master and Paladin act on
> > > the Government's behalf here.

> > > • All three Brady components are present — favorable,
> > > suppressed, prejudicial, Strickler v. Greene, 527 U.S. 263 (1999).
> > > The oral NCIC-offset concession, left unmemorialized, is itself
> > > suppression.
> > > • Loss is not a gross number. The Government and the Special
> > > Master fixed restitution and the guideline loss on a gross figure,
> > > but the MVRA credits the value of property returned to and
recovered
> > > for the victims, § 3663A(b)(1)(B), and the Guidelines measure the
> > > same net loss, U.S.S.G.
> > > § 2B1.1 cmt. n.3(E). The defense has a statutory basis to challenge
> > > the gross figure, and — whether or not the Government agrees —
> > > the data must be placed on the record so this Court (de novo, §
> > > 3664(d)(6)) and the Fourth Circuit can review it.

> > > THE EX PARTE CONTACT WITH THE NEUTRAL IS AN INDEPENDENT DUE
PROCESS
> > > VIOLATION

------------------------------------------------------------------------
---

> > > Separately, to the extent the Government has communicated with the
> > > Special Master or his financial advisor about valuation and
> > > restitution ex parte — off the record and outside the defense's
> > > presence — that contact offends due process. The Special Master,
> > > who serves as the receiver in this matter, is a court-appointed
> > > neutral whose findings the Court is asked to adopt; Paladin
> > > (including Mr. Dinius) is the Special Master's financial advisor
and
> > > acts on his behalf.

> > > • Due process guarantees notice and a meaningful opportunity
> > > to be heard before a neutral decision maker, Goldberg v. Kelly, 397
> > > U.S. 254 (1970); Marshall v. Jerrico, Inc., 446 U.S. 238 (1980);
the
> > > defense cannot test or rebut evidence delivered to the Court's
> > > neutral behind its back.
> > > • Ex parte contact between a court's own neutral and one

> > > side is impermissible and must instead occur on the record, where
> > > the parties can participate, Edgar v. K.L., 93 F.3d 256 (7th Cir.
> > > 1996); cf. In re Kensington Int'l Ltd., 368 F.3d 289 (3d Cir.
2004).
> > > • The order appointing a master must state the
> > > circumstances, if any, in which the master may communicate ex parte
> > > with a party, Fed. R. Civ.
> > > P. 53(b)(2)(B); absent that authorization, ex parte contact about
> > > the merits is unauthorized.
> > > • This is an independent reason the Government's

> > > communications with the Special Master and Paladin (Requests 40 and
> > > 32–39, and the $641 million communications in Request 21) must be
> > > produced and placed on the
> > > record: if the contact was proper, producing it costs the
Government
> > > nothing; if it was ex parte on the merits, the defense is entitled
> > > to know it.

> > > PROTECTIVE MEASURE; WITHDRAWAL ON AGREEMENT
> > > ------------------------------------------

> > > The defense will place these requests on the Court's docket as a
> > > protective measure — to compel production and preserve the record
> > > before an irreversible order of restitution and forfeiture enters.
> > > The defense will withdraw them if the Government and the Special
> > > Master agree to produce the data, or to place it on the Court's
> > > record under the existing protective order. The on-record
> > > requirement stands regardless of agreement, because appellate
review
> > > requires it.

> > > DEFINITIONS AND INSTRUCTIONS
> > > ----------------------------

> > > As used below: "the Companies" means the Primary Restitution Assets
> > > and the Specified Affiliated Companies, including AAPC, the North
> > > Carolina insurance companies (CBLIC, BLIC, SNIC, and SNRC), the
> > > Bermuda insurers, and the affiliated operating companies (including
> > > Becket, Clanwilliam, Damovo, and Finanzen). "the Valuations" means
> > > the low, middle, and high "desktop" valuations of the Specified
> > > Affiliated Companies and AAPC prepared by M3. "the Restitution
> > > Figure" means the approximately $1.655 billion loss figure the
> > > Government has adopted. "Communication" means any transmission of
> > > information in any form — email, letter, memorandum, text message,
> > > or attachment — and includes every attachment and enclosure.
> > > "Produce" means produce to the defense, or place on the Court's
> > > record under the existing protective order (under seal where
> > > appropriate). Unless a request states otherwise, the relevant
period
> > > is January 1, 2022 to the present for financial and board records,
> > > and January 1, 2025 (the Special Master's appointment) to the

> > > present for the Valuations and any revaluation. Each request runs
to
> > > the Government's own files and, where the materials are held by the
> > > Special Master, Paladin, or a third-party custodian, to the
> > > Government's obligation to compel their production because the
> > > government has adopted the special master's report wholesale.

> > > A. COMPANY VALUATIONS

> > >    1. Produce the M3 "desktop" valuations of the Specified
> > > Affiliated Companies and AAPC — including the low, middle, and
> > > high value ascribed to each company — for 2025, together with
> > > every draft, and any recommendation by M3 as to whether any
> > > valuation should be placed on, or withheld from, the record.
> > > (Requested since spring 2025; offered only under seal/in camera in
> > > March and April 2026; filed under seal in July
> > > 2026 with no data; refused, "No," on Aug. 17, 2026.)

> > >    2. Produce all data, inputs, assumptions, models,
> > > workpapers, and methodology underlying the M3 Valuations —
> > > identifying who performed each valuation and what was relied upon
> > > — together with M3's transmittal correspondence and any
> > > Communication reflecting M3's position on disclosure of the
> > > Valuations. (Requested repeatedly since spring 2025; never
> > > produced.)

> > >    3. Produce every valuation, updated valuation, and
> > > revaluation of each of the Companies prepared or received from
> > > January 2025 to the present, together with all documents showing
the
> > > reason for each change in value, including the reduction in AAPC's
> > > value. (Requested "going back to essentially January of 2025 …
> > > repeatedly"; never produced.)

> > >    4. Produce the low, middle, and high valuation figures
> > > filed under seal with the Court in July 2026, and all data,
> > > workpapers, and analyses underlying them. (Demanded on the record
> > > Aug. 15–17, 2026; refused,
> > > "No.")

> > >    5. Produce the valuation data the Special Master
> > > represented, in March 2026, that he would provide to the Court
under
> > > seal, together with all documents the Special Master intends to
rely
> > > upon in support of any valuation. (Offered by the SM in March 2026
> > > and April 3, 2026 (Doc. 106 at 29); demanded Aug. 17, 2026;
refused,
> > > "No.")

> > >    6. Produce all documents showing the basis for reducing the
> > > value of AAPC to zero or near zero, and all analyses of how that

> > > reduction affects or triggers the forfeiture money judgment.
> > > (Demanded Aug. 17, 2026; never explained.)

> > >    7. Produce all Communications between the Special Master or
> > > Paladin and M3, or any other valuation professional, concerning the

> > > Valuations or any valuation of the Companies. (Within the valuation
> > > methodology requested since spring 2025; never produced.)

> > > B. THE $1.655 BILLION LOSS BUILD

> > > 8. Produce the complete data, spreadsheets, workpapers, and
> > > methodology underlying the Restitution Figure. (Sought throughout
> > > 2025, including by the Sept. 16, 2025 letter, and demanded Aug. 17,
> > > 2026; never fully produced.)

> > > 9. Produce all spreadsheets prepared by Paladin or Michael
> > > Dinius reflecting the starting loan balances used to build the
> > > Restitution Figure. (Sought via the June 16–17, 2025 subpoena
> > > effort; not fully
> > > produced.)

> > > 10. Produce all repayment data and loan-balance base data used
> > > as the starting point for the Restitution Figure, including the
data
> > > the Government or Paladin derived from the BRG analysis and
> > > repayment data the defense supplied on or about July 29, 2025.
> > > (Requested June 16, 2025; the SM agreed June 17, 2025 to share the
> > > NCIC-provided data; never
> > > produced.)

> > > 11. Produce all LoanIQ screenshots, exports, and outputs in
> > > the Government's possession, custody, or control relating to the
> > > affiliated loans or the Restitution Figure. (Identified as the
> > > Government's "best"
> > > materials on the July 29, 2025 call; demanded; not produced.)

> > > 12. Produce the affiliated-loan base data for each insurance
> > > company (North Carolina and Bermuda) as of each of the following
> > > dates: (a) October 18, 2018; (b) the date of the MOU; and (c) the
> > > date the Bermuda companies were transferred to the joint
provisional
> > > liquidators. (These three dates requested July 30, 2025; the
> > > custodians' authoritative data still owed.)

> > > 13. Produce all repayment calculations and reconciliations
> > > under the ILA and the MOU, including the treatment of the ECL debt
> > > assumed by North Carolina in March 2024 and the preferred-equity
> > > items arising from the April 2022 AAPC refinance. (Worked through
in
> > > August 2025; the underlying data not produced.)

> > > 14. Produce all documents supporting the ULICO reconciliation,

> > > including the statutory reserve for the reinsurance trust, the net
> > > amount lent by ULICO to the trust, and the data supporting the

> > > amount owed by PBLA to ULICO. (The defense flagged this calculation
> > > Aug. 15, 2025, calculating $509 million or less; reconciliation
data
> > > not
> > > produced.)

> > > 15. Produce all documents showing the iteration history of the
> > > loss memoranda — the progression from approximately $2.9 billion
> > > to approximately $1.6 billion — and identifying what changed at
> > > each step and why. (Observed through the objection process in
> > > 2025–26; the internal iterations and their basis never produced.)

> > > C. OFFSETS AND CREDITS

> > > 16. Produce all documents showing the method of calculation
> > > for every offset and credit applied or disallowed in the
Restitution
> > > Figure, together with the repayment data underlying each disputed
> > > offset.
> > > (Requested in Doc. 309 § VI and in conferral; on Aug. 17, 2026 the
> > > SM stated a methodology but withheld the data; refused, "No.")

> > > 17. Confirm on the record the Government's concession that the
> > > defendant's investment in the North Carolina insurance companies is
> > > an offset against restitution, and produce all data and methodology
> > > applying that offset against the Restitution Figure. (Conceded
> > > orally in August 2025; the Government declined to memorialize it
> > > and, on Aug. 17, 2026, "reserved its position.") This in itself is
> > > suppression under Brady/Gigilo.

> > > 18. Produce the terms of the Government's agreement to a
> > > Clanwilliam offset, and all data and valuations applying it,
> > > including the value of Clanwilliam at the time of its October 2024
> > > transfer to New Holding Company (the defense's position:
> > > approximately 22x EBITDA, or roughly
> > > $800 million, versus the approximately $450 million sale). (The
> > > agreement was reached in conferral; the data behind the offset was
> > > never
> > > produced.) This in itself is suppression under Brady/Gigilo.

> > > 19. Produce all documents identifying the source of, and
> > > itemizing by component and amount, the approximately $100 million
in
> > > additional offsets Paladin obtained from Michael Dinius beyond the
> > > offsets the defense requested, together with the data supporting
> > > each component.
> > > (Flagged during the 2025–26 reconciliation; never disclosed.)

> > > 20. Produce all data supporting or bearing upon each
> > > disallowed offset, including: the approximately $44 million in

> > > preferred-equity NCIC payments; the PBLA/Northstar AAPC tranche;
the
> > > $9.5 million Finanzen sale; the $13.6 million PBLA real-estate
sale;
> > > the CBL subordination fee on Beckett; the SNIC escrow; and the CBL
> > > redemption fee. (Each presented to Paladin in the July 19, 2026
> > > breakdown and disallowed; the third-party records to prove them are
> > > withheld.)

> > > 21. Produce (a) the November 2018 valuation prepared by the
> > > GBIG team under Michael Dinius's control valuing the North Carolina
> > > insurance companies at approximately $641 million upon their
October
> > > 18, 2018 transfer, together with all data, models, and workpapers
> > > supporting it; and (b) all Communications between or among the
> > > Government, the Special Master, and Paladin or Mr. Dinius
concerning
> > > that valuation, its treatment, and the reasons it was not applied
as
> > > an offset against the Restitution Figure. (This is a valuation
> > > prepared under Mr. Dinius's own control, not a defense estimate;
put
> > > to the process July 30, 2025 and restated Nov. 23, 2025; neither
the
> > > valuation nor the communications
> > > produced.)

> > > 22. Produce all data and documents concerning the operation,
> > > management, and disposition of each of the Companies after its
> > > transfer, bearing on intervening cause and proximate cause. (Sought
> > > via the subpoenas (Doc. 248) and conferral; withheld.)

> > > D. BOARD AND FINANCIAL RECORDS

> > > 23. Produce all board books and board packs of AAPC for the
> > > last four years. (Requested of the SM, who "never sent us
> > > information like that"; formally demanded Aug. 17, 2026; not
> > > produced.)

> > > 24. Produce all board books and board packs of NHC for the
> > > last four years. (Same demand of Aug. 17, 2026; not produced.)

> > > 25. Produce all board minutes, financial reports, and
> > > financial presentations for each of the Companies for the last four
> > > years.
> > > (Demanded — "all financial reports and all board reports … for
> > > the last four years" — Aug. 17, 2026; not produced.)

> > > 26. Produce all letters of intent received for any of the

> > > Companies.
> > > (Demanded Aug. 17, 2026; not produced. Market evidence of value —
> > > e.g., the $400–500 million Damovo interest.)

> > > 27. Produce all offers to purchase received for any of the
> > > Companies.
> > > (Demanded Aug. 17, 2026; not produced.)

> > > E. SALE AND MARKETING PROCESS

> > > 28. Produce all documents and Communications concerning the
> > > marketing and sale of any of the Companies — including Becket,
> > > Clanwilliam, Damovo, and AAPC and the Specified Affiliated
Companies
> > > — including all bids, indications of interest, offers, and
> > > valuations generated in that process. (Sought via the subpoenas
> > > (Doc. 248) and conferral; withheld.)

> > > 29. Produce the terms, proceeds, and closing documents for
> > > every completed sale of any of the Companies, including the sale of
> > > Becket and the sale of Clanwilliam and the associated Triton escrow
> > > agreement. (The Clanwilliam/Triton escrow located by counsel in
July
> > > 2026; the full closing and proceeds set owed.)

> > > 30. For any sale or offer that did not close, produce all
> > > documents explaining why it did not close. (Tied to the sale-
process
> > > subpoenas;
> > > withheld.)

> > > 31. Produce all figures, terms, offers, and valuations
> > > concerning Damovo. (The SM "never gave us any figures at all" on
> > > Damovo, confirmed Aug. 7, 2026; still owed.)

> > > F. COMMUNICATIONS

> > > 32. Produce all Communications between the Special Master or
> > > Paladin and New Holding Company concerning the valuation of any of
> > > the Companies or the Restitution Figure.

> > > 33. Produce all Communications between the Special Master or
> > > Paladin and AAPC or its board concerning the valuation of any of
the
> > > Companies or the Restitution Figure.

> > > 34. Produce all Communications between the Special Master or
> > > Paladin and the bankers — whether directly, or through AAPC's
> > > board — concerning the valuation, marketing, or sale of any of the

> > > Companies.

> > > 35. Produce all Communications between the Special Master or
> > > Paladin and North Carolina counsel, West Camden, or Williams Mullen
> > > concerning the valuation of any of the Companies or the Restitution
> > > Figure.

> > > 36. Produce all Communications between the Special Master or
> > > Paladin and NHC concerning the valuation of any of the Companies or
> > > the Restitution Figure.

> > > 37. Produce all Communications between the Special Master or
> > > Paladin and the Bermuda joint provisional liquidators concerning
the
> > > valuation of any of the Companies or the Restitution Figure.

> > > 38. Produce all Communications of Joseph Grier and Michael
> > > Martinez with any party concerning the Restitution Figure or any
> > > valuation of the Companies.

> > > (Requests 32–38: these custodians corresponded with Mr. Martinez
> > > about value through conferral and the subpoenas (Doc. 248) all ex
> > > parte to defendant; withheld.)

> > > 39. Produce all Communications instructing or reflecting that
> > > information be withheld from the defendant, including any
> > > Communication to the effect of "do not tell Greg Lindberg." (Sought
> > > via subpoena; withheld. Relevant to production and to
> > > disqualification.)

> > > G. THE GOVERNMENT'S ADOPTION TRAIL

> > > 40. Produce all Communications between the Government and the
> > > Special Master, Paladin (Dinius, Harer, or Elkin), M3, AAPC, NHC,
> > > New Holding Company, West Camden, Williams Mullen, or the Bermuda
> > > joint provisional liquidators concerning the valuation of any of
the
> > > Companies or the Restitution Figure. (Demanded of the Government
> > > Aug. 17, 2026; the Government "reserved its position.")

> > > 41. Produce all data and methodology in the Government's
> > > possession, custody, or control supporting the Restitution Figure
> > > and the low, middle, and high valuations the Government has
adopted.
> > > (Demanded Aug.
> > > 17, 2026; not produced.)

> > > 42. Produce all materials the Government relied upon at
> > > sentencing to support the loss figure used in the guideline

> > > calculation. (The same figure drove the § 2B1.1 enhancement and the
> > > term; not produced.)

> > > H. IDENTIFIED FILES (PRODUCE IN NATIVE FORMAT)

> > > 50. Produce all M3 desktop valuation files, in native format.

> > > 51. Produce the Special Master's Appendix 1 to the Final
> > > Supplement (July 2026) and all data underlying it. (The defense

> > > contends it contains only attorney argument; the defense will move
> > > to unseal.)

> > > I. ADDITIONAL ITEMS

> > > 52. Produce the letter or letters from West Camden to the
> > > Special Master disputing his authority, which the Special Master
> > > forwarded, and all similar letters from the North Carolina
insurance
> > > companies, NHC, or any other custodian refusing or disputing the
> > > Special Master's authority to compel information. (The SM produced
> > > one such letter; the balance of the authority-dispute
correspondence
> > > was not produced — direct proof that the "available by other
> > > means" premise fails.)

> > > 53. Produce the Special Master's requests for the AAPC
> > > waivers, and all Communications concerning those waivers. (The
> > > waiver requests themselves were produced; the surrounding
> > > communications, bearing on control, value, and the AAPC downgrade,
> > > were withheld.)

> > > 54. Produce all Communications with Steve Wilson, the trustee
> > > of the trusts, concerning the trusts, their assets, and any
> > > disposition or valuation of those assets. (Some communications from
> > > the trustee were produced; the balance, bearing on the trust assets
> > > and the Clanwilliam sale, was withheld.)

> > > ____________________________________________________________

> > > That is the production the defense requires. Please confirm whether
> > > the Government will produce these materials, or place them on the
> > > Court's record under the existing protective order; if it will not,
> > > the defense will move to compel and will represent to the Court
that
> > > the Government adopted a restitution figure of approximately $1.655
> > > billion that it declines to support with the underlying data.

> > > Sincerely,

> > > Vivek

> > > Dan,

> > > Your silence over the past three days on this ex parte issue is
> > > disconcerting. How extensive was your ex parte contact with the
> > > special
> > > master and his representatives (including paladin)? What was
> > > discussed?
> > > Defense needs to know and have this Brady/Gigilo material.

> > > You had a trial two days ago. We can understand that. It's now
11.30

> > > and
> > > we wanted a response by 9.30 A.M. today. Thank you.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-28 10:01, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Dan,

> > > We asked about ex parte communications two or three days ago. You
> > > have
> > > not responded yet. Please do so now.

> > > Thank you.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-28 08:17, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Dan,

> > > For clarity, ex-parte communications are targeted for Brady/Gigilo
> > > material targets everything that was send or received by the
> > > government from/to the special master, his counsel or his
> > > representatives (including but not limited to Paladin.) Any
> > > communications between the government and any officers of the
> > > entities
> > > (Preliminary Restitution Assets and Specified Affiliated Companies)
> > > including but not limited to CEOs and trustees of the
organizations.
> > > For example, your communication with NHC officer Meiji(?) to
produce
> > > the affidavit you did in one of the only responses to our motions

> > > you
> > > filed with the court.

> > > We are also trying to preserve evidence in what is a scrambled egg
> > > with a special master/receiver. This applies not just to Greg
> > > Lindberg. It applies to the victims as well. You have a
> > > constitutional
> > > duty to get this done right.

> > > Please respond by 9.30 A.M. so that we know you are going to meet
> > > your
> > > constitutional obligations.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-28 07:39, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Dan,

> > > We want all ex parte communication between the government and the
> > > special master or his counsel. Let's start there. As you know
> > > communicating with a judge ex parte is not constitutional. It's a
> > > due
> > > process issue. It's Brady/Gigilo material which defense is entitled
> > > to have. All of it. Please respond by 9.30 AM so that we know that
> > > you are working on this production.

> > > We will send a discrete list of other items we want from the
> > > government as well. We will place all of these on the record in a
> > > motion to compel just as a protective measure. We will of course
> > > remove this from the docket if you provide us the information. We
> > > have no choice but to do this.

> > > I have had an extensive look at the contemporaneous record and the
> > > government in many instances made promises it never kept. For
> > > example, it agreed with Greg Lindberg that ClanWilliams should have
> > > a
> > > value of $800 million and Greg could argue for the $400 in credits.
> > > The government during a call suggested the same NCICS offset would
> > > be
> > > favorably treated and Greg would get the offsets.

> > > Let me just say, I had issues with my scruples again.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-27 10:03, Vramachandran wrote:

> > > Dan,

> > > Added you to the one place where the special master reached out to
> > > us.
> > > We have now regularized the one ex parte communication initiated by
> > > the master.

> > > Thank you.

> > > Sincerely,
> > > Vivek

> > > On Aug 26, 2026 at 12:39 PM, <Vramachandran wrote:

> > > Brandon,

> > > Per my understanding the special master never gave us any
> > > information on
> > > the data and the spreadsheets behind the 1.6 Billion in

> > > restitution.
> > > Nor
> > > the methodology behind that value. Greg does not have them and
> > > would

> > > have had them if you had access to them.

> > > Additionally, none of the calculations, methodology spreadsheets
> > > and

> > > data behind the offsets and credits are disclosed.

> > > The valuations of the primary restitution assets and specified
> > > affiliated companies and assets and the methodology was ever
> > > disclosed.
> > > One was made in March 2026 and filed with the court in April 2026.

> > > This valuation of assets was updated and not disclosed to the
> > > defendant
> > > in the second supplement. None of which has ever been produced with
> > > the
> > > defendant. Only a range was disclosed in the second supplement.

> > > None of this is available with the defendant. We just asked the
> > > government to provide this information. We have already formally
> > > requested the government with a list and expect the government to
> > > step
> > > in provide all the results. This is an independent request to the
> > > government and they should provide it.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-26 12:27, McCarthy, Brandon N. wrote:
> > > Just seeing this back and forth. I am not sure what specific items
> > > are
> > > needed. We are happy to run another search for anything. Just let
> > > us
> > > know the specific items to look for.
> > > Thanks

> > > Brandon N. McCarthy
> > > Partner
> > > Katten
> > > Katten Muchin Rosenman LLP
> > > 2121 North Pearl Street, Suite 1100 | Dallas, TX 75201-2591
> > > direct +1.214.765.3680
> > >  brandon.mccarthy@katten.com (mailto:brandon.mccarthy@katten.com)
| katten.com
> > > Bio | vCard

> > > -----Original Message-----

> > > From: vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) <vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > Sent: Wednesday, August 26, 2026 9:37 AM
> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov)
> > > Cc: Barnesatty <barnesatty@aol.com (mailto:barnesatty@aol.com);
Freeman, Lyndie (FRD)
> > >  <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-
Creed, Benjamin (USANCW)
> > >  <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-
Creed@usdoj.gov); Joe Grier <jgrier@grierlaw.com
(mailto:jgrier@grierlaw.com);
> > > Sanders, Jeremy (FRD) <Jeremy.Sanders@usdoj.gov
(mailto:Jeremy.Sanders@usdoj.gov); Washington, Dana
> > > (USANCW) <Dana.Washington@usdoj.gov
(mailto:Dana.Washington@usdoj.gov); Michael Martinez
> > >  <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com); Meyer,
Ryan J. <ryan.meyer@katten.com (mailto:ryan.meyer@katten.com);
> > > McCarthy, Brandon N. <brandon.mccarthy@katten.com
(mailto:brandon.mccarthy@katten.com)
> > > Subject: Re: [EXTERNAL] Re: Draft Final Supplement to Restitution
> > > Report

> > > EXTERNAL EMAIL – EXERCISE CAUTION

> > > Dan,

> > > And yes, I spoke to Greg Lindberg a few minutes ago. He has never
> > > received any of this information from the special master or anyone
> > > else.
> > > Prior counsel also have not had any success getting this
> > > information
> > > from the special master. They are copied here.

> > > You (the government) have the burden of proof. Also all of this is
> > > Brady/Giglio information.

> > > We don't have it and have not had it. We want this information.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-26 09:33, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > I have not had any ex parte communication with the special master
> > > other
> > > than an AAPC tax return.
> > > I would like to know what communication the government had.
> > > And your data request is to you the government. Do not bring in
> > > the
> > > Special Master or anyone else into this.

> > > Either you have it or you don't have it. State plainly whether
> > > you
> > > have
> > > the data or not in the other email.

> > > Sincerely,
> > > vivek

> > > On 2026-08-26 09:29, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Dan,

> > > The government was asked via a separate email for the data to be
> > > produced.
> > > You can respond there. We asked the government to produce what
> > > it
> > > has
> > > in that email thread.
> > > It is directed to the government. I am not playing ask the
> > > special
> > > master again.
> > > We want the basis for your adoption of the report wholesale and
> > > using

> > > that during sentencing.
> > > Your response to the government's request should be on that
> > > thread.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-26 09:27, Ryan, Daniel (USANCW) wrote:
> > > Vivek,

> > > We once again disagree with your claims about the facts and the
> > > law.
> > > Moreover, you did not answer my question. What materials
> > > regarding
> > > restitution did Mr. Lindberg's prior counsel not receive from
> > > the
> > > Government, the Special Master, Paladin, or any other source?
> > > The
> > > government does not have any obligation to reproduce materials
> > > already in Defendant's possession. Is it your position that Mr.
> > > Lindberg's counsel did not receive any information or materials
> > > from
> > > the Special Master and/or Paladin during its ex parte
> > > communications
> > > with them or the government in discovery relating to
> > > restitution?
> > > If
> > > so, please provide support for that claim.

> > > We are happy to provide Mr. Lindberg with any materials he is
> > > entitled to, but we do not agree with your suggestion that he
> > > has
> > > not
> > > already received materials underpinning the restitution amount.

> > > Also, I will be at a trial that starts this morning, so I will
> > > not
> > > be
> > > able to respond to any further emails today.

> > > Dan

> > > -----Original Message-----
> > > From: vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) <vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > Sent: Wednesday, August 26, 2026 7:43 AM
> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov)
> > > Cc: Barnesatty <barnesatty@aol.com (mailto:barnesatty@aol.com);

Freeman, Lyndie (FRD)
> > > <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-Creed, Benjamin (USANCW)
> > > <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-Creed@usdoj.gov); Joe Grier
> > > <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);
> > > Sanders, Jeremy (FRD) <Jeremy.Sanders@usdoj.gov (mailto:Jeremy.Sanders@usdoj.gov); Washington,
> > > Dana
> > > (USANCW) <Dana.Washington@usdoj.gov (mailto:Dana.Washington@usdoj.gov); Michael Martinez
> > > <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)
> > > Subject: Re: [EXTERNAL] Re: Draft Final Supplement to
> > > Restitution
> > > Report

> > > Dan,

> > > We will be placing objections on file today. We will also place
> > > a
> > > motion
> > > to compel against the government and special master if I don't
> > > hear
> > > back
> > > from the government on the documents we asked for.

> > > Clearly, the government knows how to share the information it
> > > has.
> > > And
> > > it should to avoid troubling the court.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-25 14:38, vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com) wrote:
> > > Please respond before 3.30 P.M. We will be seeking active
> > > intervention
> > > from both the 4th circuit and the district court on the
> > > government's
> > > obligation to share data it has.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-25 14:28, vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com) wrote:
> > > Dan and Jeremy,

> > > We once again request the government to give the data that

> > > underlies
> > > the restitution and sentencing. Restitution is part and
> > > parcel
> > > of
> > > the
> > > criminal sentence. It's a Brady/Giglio violation to deny
> > > access
> > > to
> > > the
> > > data and the methodology on which sentencing is based.

> > > Additionally, your second omnibus position is against DOJ
> > > policy
> > > on
> > > interest rate.

> > > The prosecution has the duty to provide the data we requested
> > > from
> > > the
> > > special master.

> > > There is an appeal filed to preserve Greg Lindberg's rights
> > > after
> > > sentencing and after preliminary order on restitution. That
> > > does
> > > not
> > > excuse non-production of the data. Dan it's the government's
> > > responsibility to get the data and share the data similar to
> > > how
> > > the
> > > Ares 302's were shared.

> > > At the end of the day, it's the United States Vs. Greg

> > > Lindberg.
> > > It's
> > > your burden of proof irrespective of your position on what
> > > the
> > > data
> > > relates to. It's the underlying data on restitution and the
> > > data
> > > that
> > > you used for sentencing and preliminary restitution and an
> > > order
> > > on
> > > restitution the government wants and a forfeitutre the
> > > government
> > > will
> > > seek to enforce.
> > > And sentencing is as yet incomplete and we are asking for the

> > > data.

> > > It's the prosecution to obtain the data.

> > > On our part, even when we don't agree with a designation, we
> > > have
> > > gone
> > > the extra mile to file everything under seal pending
> > > determination
> > > by
> > > the court. Not getting us the data under these circumstances
> > > does
> > > not
> > > comport with your obligations.

> > > You have the ability to share the data with the defendant and
> > > have
> > > done so on victims statements which are far more sensitive
> > > than
> > > the
> > > statements of companies Greg Lindberg turned over to you.

> > > Thank you.

> > > Sincerely,
> > > Vivek

> > > On 2026-08-23 21:11, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Jermey,

> > > We may file this with the 4th again as an interim stay.

> > > Sincerely,
> > > Vivek

> > > Dan and Martinez,

> > > Given that the court has not been informed of a sale on the
> > > Damovo
> > > sale and both of you have not responded to the motion
> > > relating
> > > to
> > > Damovo which is now being sold for debt with an offer for
> > > the
> > > $400
> > > million to 450 million. We are filing a motion for stay.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-18 11:07, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:
> > > Thank you, Dan. We will file a motion to reconsider
> > > shortly.
> > > We
> > > need
> > > to preserve our objections at this point.

> > > Sincerely,
> > > Vivek

> > > Sent with Spark [18 (https://sparkmailapp.com/source?
from=signature)]

> > > On Aug 18, 2026 at 11:03 AM -0400, Ryan, Daniel (USANCW)
> > > <Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov), wrote:

> > > Vivek,

> > > I disagree with your recitation of the facts and law, but,
> > > as
> > > I
> > > indicated yesterday, the Government has no objection to
> > > you
> > > getting
> > > access to the type of information you are requesting from
> > > the
> > > Special Master subject to his ability to provide it to
> > > you.
> > > The
> > > Government believes that the information you are seeking
> > > would,
> > > at
> > > a
> > > minimum, qualify as "sensitive materials" under the
> > > Court's
> > > Standard Criminal Discovery Order that the Defendant may

> > > not
> > > have
> > > copies of, and they may rise to the level of
> > > "attorney's
> > > eyes
> > > only." I would encourage you to work with the Special
> > > Master to
> > > see if you can agree to a mechanism for you to obtain
> > > access
> > > to

> > > the
> > > materials you seek.

> > > Dan

> > > From: Vramachandran <vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > Sent: Monday, August 17, 2026 5:55 PM
> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov)
> > > Cc: Barnesatty <barnesatty@aol.com (mailto:barnesatty@aol.com);
Freeman, Lyndie (CRM)
> > >  <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-
Creed, Benjamin (USANCW)
> > >  <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-
Creed@usdoj.gov); Joe Grier
> > >  <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);
> > > Sanders, Jeremy (CRM) <Jeremy.Sanders@usdoj.gov
(mailto:Jeremy.Sanders@usdoj.gov);
> > > Washington,
> > > Dana
> > > (USANCW) <Dana.Washington@usdoj.gov
(mailto:Dana.Washington@usdoj.gov); Michael Martinez
> > >  <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)
> > > Subject: Re: [EXTERNAL] Re: Draft Final Supplement to
> > > Restitution
> > > Report

> > > Corrected. Sent was hit before the draft was complete.

> > > Dan,

> > > Defense wants a complete record for the appeal. The basis
> > > for
> > > both
> > > the sentence term and the restitution number is based on
> > > the
> > > methodology of calculating the value of the restitution
> > > assets
> > > i.e.
> > > companies.

> > >  Similar to when law enforcement uses a sting ray device
> > >  they
> > >  need
> > >  to
> > >  disclose the specification of the stingray device and how
> > >  the
> > >  data
> > >  on a particular suspect was collected.

> > > Similarly over here when you allege that multiple
> > > restitution
> > > assets
> > > are worth a lump sum value you need to disclose what each
> > > company
> > > is
> > > worth and how that valuation was arrived at. Finally you
> > > need
> > > to
> > > show how each credit and offset is calculated and the
> > > detailed
> > > method. All of these under MVRA are the government burden
> > > to
> > > establish. Without this there cannot be a final
> > > restitution
> > > order.
> > > Here the restitution order triggers a forfeiture if the
> > > value
> > > of
> > > the
> > > companies is less than the restitution ordered. So the
> > > harm
> > > is
> > > immediate to Greg Lindberg. In addition whatever
> > > methodology
> > > including numbers from the insurance companies and losses
> > > that
> > > went
> > > into the calculations should also be on the record. Again
> > > the
> > > governments proof on the record.

> > > Once again defendants interest over here is to adversarily
> > > test
> > > this
> > > information for which defendant has to see this
> > > information
> > > and
> > > have
> > > time with this information.

> > > On multiple instances Katten has tried to obtain this
> > > information

> > > unsuccessfully. If we need to go to the 4 th circuit and
> > > come
> > > back
> > > on remand to get this information in two years we will. We
> > > will

> > > seek
> > > a bond from the 4th because government failed in providing
> > > the
> > > factual basis for the numbers.

> > > It will be easier for all parties including Greg Lindberg
> > > and
> > > the
> > > victims, if this information is placed on the record right
> > > now.

> > > Given that we are willing to use the governments
> > > protective
> > > order
> > > there is no basis to deny access to the information we
> > > requested.

> > > Sincerely,

> > > Vivek

> > > On Aug 17, 2026 at 1:38 PM, <Vramachandran wrote:

> > > There is already a standing protective order in place in
> > > the
> > > criminal

> > > case that governs all of the government's discovery in
> > > this
> > > case,
> > > so I'm

> > > now sure where there needs to be a new protective order
> > > for
> > > this.

> > > Please use that order.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 13:20, Vramachandran wrote:

> > > Martinez,

> > > Please provide the information we asked for and what’s

> > > in

> > > your

> > > subpoena. Just blocking access with a no is just an
> > > illegal
> > > sentence.

> > > This is not a civil proceeding. Delaying access is
> > > prejudicial
> > > to Greg

> > > Lindberg.

> > > Sincerely,

> > > Vivek

> > > On Aug 17, 2026 at 1:11 PM, <Vramachandran wrote:

> > > Of course if there is business confidential information
> > > we
> > > won't

> > > contest it. It's Greg Lindberg's companies.

> > > The AAPC report is mere attorney arguments without any
> > > data.
> > > That

> > > kind of a report being sealed serves no one.

> > > Sincerely,

> > > Vivek

> > > On Aug 17, 2026 at 1:06 PM, <Vramachandran wrote:

> > > Dan,

> > > The court can order a protective order and the Special
> > > Master
> > > can

> > > request one after filing it under seal. We will contest
> > > the

> > > protective order request.

> > > Sincerely,

> > >  Vivek

> > > Sent with Spark [1 (https://sparkmailapp.com/source?from=signature)]

> > > On Aug 17, 2026 at 1:04 PM -0400, Ryan, Daniel
> > > (USANCW)

> > >  <Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov), wrote:

> > > Vivek,

> > > While we do not believe the requested information is
> > > relevant
> > > to the

> > > Court's determination of a final restitution order, we
> > > have
> > > no

> > > objection to you getting relevant data from the Special
> > > Master.
> > > That

> > > said, we agree a protective order, not just filing it
> > > under
> > > seal, is

> > > appropriate here at least with respect to the most
> > > sensitive
> > > types

> > > of business data.

> > > Dan

> > > From: Vramachandran <vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)

> > > Sent: Monday, August 17, 2026 1:01 PM

> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov)

> > > Cc: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov
(mailto:Daniel.Ryan@usdoj.gov);
> > > Barnesatty

> > > <barnesatty@aol.com (mailto:barnesatty@aol.com); Freeman, Lyndie (CRM)

> > > <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-Creed, Benjamin
> > > (USANCW)

> > > <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-Creed@usdoj.gov); Joe Grier
> > > <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);

> > > Sanders, Jeremy (CRM) <Jeremy.Sanders@usdoj.gov (mailto:Jeremy.Sanders@usdoj.gov);
> > > Washington,
> > > Dana

> > > (USANCW) <Dana.Washington@usdoj.gov (mailto:Dana.Washington@usdoj.gov); Michael Martinez

> > > <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > Subject: Re: [EXTERNAL] Re: Draft Final Supplement to
> > > Restitution

> > > Report

> > > Dan,

> > > Are you opposed to an expedited motion being placed on
> > > the
> > > record?

> > > We have no interest in delaying proceedings and want
> > > this
> > > data
> > > on

> > > the record now.

> > > Sincerely,

> > > Vivek

> > > On Aug 17, 2026 at 12:57 PM, <Michael Martinez wrote:

> > > No.

> > > Michael L. Martinez

> > > Grier Wright Martinez PA

> > > 521 E. Morehead St., Ste. 440, Charlotte, NC 28202

> > > (704) 332-0209 (direct dial)

> > https://protect2.fireeye.com/v1/url?k=27d1ab0d-429dc25f-27d68fe8-74fe4867716e-08c48172a4f75ca0&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [1 (https://sparkmailapp.com/source?from=signature)]
> > > [1 (https://sparkmailapp.com/source?from=signature)] [2]

> > > mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > -----Original Message-----

> > > From: vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com)
> > > <vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com)

> > > Sent: Monday, August 17, 2026 12:28 PM

> > > To: Ryan, Daniel (USANCW) <Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov);
> > > Michael
> > > Martinez

> > > <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > Cc: barnesatty@aol.com (mailto:barnesatty@aol.com); Freeman, Lyndie (CRM)

> > > <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-Creed, Benjamin
> > > (USANCW)

> > > <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-Creed@usdoj.gov); Joe Grier
> > > <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);

> > > Sanders, Jeremy (CRM) <Jeremy.Sanders@usdoj.gov (mailto:Jeremy.Sanders@usdoj.gov);
> > > Washington,
> > > Dana

> > > (USANCW) <Dana.Washington@usdoj.gov (mailto:Dana.Washington@usdoj.gov)

> > > Subject: Re: [EXTERNAL] Re: Draft Final Supplement to
> > > Restitution

> > > Report

> > > Caution: This message is from an external sender.

> > > Martinez,

> > > Are you going to place the requested data under seal on

> > > the
> > > court

> > > records to avoid the motion? We would rather fight on
> > > the

> > > designation than delay proceedings. Thank you.

> > > In any case, in March 2026 you offered to place it on
> > > the
> > > record

> > > under seal. I am not sure why you cannot do the same
> > > now.
> > > None
> > > of

> > > this requires a confidentiality agreement.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 11:49, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com) wrote:

> > > Dan,

> > > We need the data. We are asking for the data to avoid
> > > the
> > > motion.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 11:48, Ryan, Daniel (USANCW) wrote:

> > > Vivek,

> > > We appreciate your advocacy for your client, but we
> > > do
> > > not

> > > litigate

> > > via email. If you file a motion with the court with
> > > your

> > > requested

> > > relief, we will respond accordingly. To the extent we

> > > understand

> > > your

> > > emails, we object to your conclusions, accusations,
> > > and
> > > requested

> > > relief. That said, with respect to your requests for
> > > valuation

> > > information, you can represent to the Court that we
> > > are
> > > reserving

> > > our

> > > position until we see your motion.

> > > Regards,

> > > Dan

> > > From: vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > <vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com)

> > > Sent: Monday, August 17, 2026 11:37 AM

> > > To: Michael Martinez <mmartinez@grierlaw.com
(mailto:mmartinez@grierlaw.com)

> > > Cc: barnesatty@aol.com (mailto:barnesatty@aol.com); Ryan, Daniel (USANCW)

> > > <Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov); Freeman, Lyndie (CRM)

> > > <Lyndie.Freeman@usdoj.gov (mailto:Lyndie.Freeman@usdoj.gov); Bain-Creed, Benjamin

> > > (USANCW) <Benjamin.Bain-Creed@usdoj.gov (mailto:Benjamin.Bain-Creed@usdoj.gov); Meyer, Ryan
> > > J.

> > > <ryan.meyer@katten.com (mailto:ryan.meyer@katten.com); Joe Grier
> > > <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);

> > > Sanders,

> > > Jeremy (CRM) <Jeremy.Sanders@usdoj.gov (mailto:Jeremy.Sanders@usdoj.gov)

> > > Subject: [EXTERNAL] Re: Draft Final Supplement to
> > > Restitution

> > > Report

> > > Dan and Michael,

> > > (1) Do you have the financial reports data we asked
> > > for
> > > below?

> > > Did

> > > you use it in your report?

> > > We are looking for all financial reports and all
> > > board
> > > reports

> > > for

> > > all primary restitution assets, specified affiliated
> > > companies

> > > for

> > > the last four years and all letter of intents and
> > > offers
> > > to

> > > purchase

> > > received. It is going to take us a month to analyze
> > > all
> > > this

> > > data.

> > > (2) Specifically the mid low high you filed with the
> > > court
> > > in

> > > July

> > > 2026 is going to trigger a forfeiture worth millions
> > > of
> > > dollars.

> > > So

> > > you need to let the defendant see this data on the

> > > court
> > > docket

> > > and

> > > this needs to be on the docket so that this can be
> > > appealed.

> > > (3) Do you have the data you used to arrive at the
> > > valuation
> > > of

> > > all

> > > assets you quoted in the sealed report in July 2026?

> > > (4) Do you have the data you said you will share with
> > > the
> > > court

> > > under

> > > seal on March 2026?

> > > (5) Where is the updated data from March 2026 for the
> > > same
> > > where

> > > you

> > > said that because AAPC is now valued less it needs to
> > > be

> > > downgraded?

> > > You are going to place all of the above on the record
> > > today
> > > under

> > > seal.

> > > Without this the sentencing is going to be based on a
> > > blackbox

> > > and

> > > attorney arguments.

> > > Dan, the government may not stand silent in all this.
> > > This
> > > is
> > > a [2]

> > > criminal proceeding where you sent someone to prison
> > > for
> > > 12
> > > years [2]

> > > based on data he cannot see and will not be allowed
> > > to
> > > see?
> > > And [2]

> > > [2] restitution worth billions of dollars based on
> > > data
> > > he
> > > cannot see

> > > and

> > > you will not place on the record under seal?

> > > Sorry, I am having trouble with scruples. I am
> > > flummoxed
> > > that

> > > anyone

> > > thinks this is ok in a criminal proceeding and if we
> > > ask
> > > for
> > > it

> > > as a

> > > criminal defendant we are delaying the proceedings.

> > > Thank you.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 11:08, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > wrote:

> > > Michael,

> > > Let me get this straight you are evaluating the
> > > assets
> > > with
> > > a

> > > range

> > > that you put on the record to trigger forfeiture but
> > > will
> > > not

> > > share

> > > that information with the defendant?

> > > You are going to share the valuation you said you
> > > have
> > > on
> > > all

> > > the

> > > assets from March 26, 2026 report. Either that was a
> > > lie
> > > or
> > > you

> > > have

> > > that data. You are going to place this on the record
> > > today
> > > under

> > > seal which we will contest.

> > > Dan, you are going to sentence someone based on data
> > > he
> > > cannot

> > > even

> > > see. You need to get this on the docket today
> > > please.
> > > And
> > > this

> > > is

> > > not for lack of asking as was represented to the
> > > court.
> > > You

> > > represented to the court when you had questionable
> > > authority
> > > to

> > > prevent product as the government and you want a

> > > sentence
> > > on
> > > an

> > > incomplete record. You need to explain this to the
> > > court.

> > > We want this on the record today under seal. You
> > > forced
> > > the

> > > deadline

> > > you need to give us the data now on the court
> > > records
> > > under
> > > seal

> > > if

> > > it needs to be.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 10:35, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > wrote:

> > > Michael,

> > > Let me get this straight you are evaluating the
> > > assets
> > > with
> > > a

> > > range

> > > that you put on the record to forfiture but will not
> > > share
> > > that

> > > information with the defendant?

> > > You are going to share the valuation you said you
> > > have
> > > on
> > > all

> > > the

> > >  assets from March 26, 2026 report. Either that was a
> > >  lie
> > >  or
> > >  you

> > >  have

> > >  that data. You are going to place this on the record

> > > today
> > > under

> > > seal which we will contest.

> > > Dan, you are going to sentence someone based on data
> > > he
> > > cannot

> > > even

> > > see. You need to get this on the docket today
> > > please.
> > > And
> > > this

> > > is

> > > not for lack of asking as was represented to the
> > > court.
> > > You

> > > represented to the court when you had questionable
> > > authority
> > > to

> > > prevent product as the government and you want a
> > > sentence
> > > on
> > > an

> > > incomplete record. You need to explain this to the
> > > court.

> > > We want this on the record today under seal. You
> > > forced
> > > the

> > > deadline

> > > you need to give us the data now on the court
> > > records
> > > under
> > > seal

> > > if

> > > it needs to be.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 10:24, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > wrote:

> > > Dan,

> > > Also as suggested, we have raised concerns about the
> > > relevance

> > > to

> > > some of this data to an independent criminal
> > > investigation.

> > > The government needs to act and get this data on
> > > file.
> > > Thank

> > > you.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-17 10:19, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > wrote:

> > > Dan,

> > > As a prosecutor you should be aware that this is not
> > > just
> > > about

> > > Greg

> > > Lindberg. This data belongs to the victims and
> > > should
> > > be
> > > known

> > > to

> > >   the general public. Sentencing without disclosing

> > > all
> > > of
> > > this

> > > information on the record is illegal.
> > > Unconstitutional.
> > > You
> > > need

> > > to

> > > let the Special Master know that he needs to file
> > > everything

> > > under

> > > seal if he so wants to.

> > > This is a criminal proceeding. You have a duty to
> > > place
> > > this

> > > information on the docket. This is exceptional. You
> > > delay
> > > the

> > > proceedings and then blame it on the defendant. Then
> > > seek
> > > a

> > > confidentiality agreement. You have the burden of
> > > proof.
> > > Are
> > > you

> > > going to meet it or not?

> > > I would like an answer by 12.00 P.M.

> > > Sincerely,

> > > Vivek

> > > Michael,

> > > This is a criminal case. Whatever you want to
> > > produce
> > > you
> > > need

> > > to

> > > produce now. I need to get this to my client so that
> > > we
> > > can

> > > defend

> > > on August 24th which you are forcing on the
> > > defendant.

> > > The data is subject to the court's sealing
> > > procedures.
> > > You
> > > are

> > > not

> > > going to condition this data on anything other than
> > > the
> > > court's

> > > own

> > > processes.

> > > Any failure to produce the data means you are
> > > unwilling
> > > to

> > > establish

> > > these on the record as required under the MVRA. That
> > > is
> > > a

> > > failure to

> > > prosecute by the government.

> > > Please file on the record the methodology and the
> > > data
> > > we

> > > requested

> > > underseal by August 17, 2026 noon. We will contest

> > > the
> > > sealing

> > > with

> > > the court if necessary.

> > > This is not a civil proceeding.

> > > Sincerely,

> > > viek

> > > On 2026-08-17 10:13, Michael Martinez wrote:

> > > Vivek:

> > > The Special Master disagrees with your legal
> > > analyses
> > > and

> > > conclusions below.

> > > That said, the Special Master would not be opposed
> > > in
> > > concept to

> > > producing (on a reasonable timeline) documents in
> > > our
> > > possession

> > > under a confidentiality agreement and protective
> > > order
> > > limiting

> > > the

> > > public disclosure of proprietary information. If
> > > your
> > > client
> > > is

> > > amenable to preserving the confidentiality of
> > > sensitive

> > > proprietary

> > > information, then I can draft a confidentiality

> > > agreement
> > > and

> > > protective order for your review and edit. If your
> > > client
> > > is
> > > not

> > > amenable to preserving the confidentiality of
> > > sensitive

> > > proprietary

> > > information, then a court order compelling us to
> > > produce
> > > these

> > > materials with no restrictions on subsequent
> > > disclosure
> > > will
> > > be

> > > required.

> > > Without limiting the foregoing, our proposed
> > > methodology
> > > for

> > > unrealized offsets/credits is that your client will
> > > receive
> > > a

> > > credit

> > > against his restitution obligation as the assets are
> > > monetized

> > > rather than him receiving a credit now based on our
> > > estimation

> > > of

> > > what the Primary Restitution Assets might fetch for
> > > victims.
> > > The

> > > purpose of the estimation was to satisfy the mandate
> > > in
> > > the

> > > special

> > > master order that the special master identify assets
> > > “and
> > > to

> > > the

> > > extent those assets are not readily convertible to
> > > cash,

> > > determine a

> > > reasonable estimated value for those assets.” In
> > > other
> > > words,

> > > evaluating our estimation of what the Primary
> > > Restitution
> > > Assets

> > > might generate for victims in the future is not an
> > > integral

> > > component of the Court’s restitution
> > > determination,
> > > and
> > > those

> > > estimated figures do not appear anywhere in the
> > > proposed

> > > restitution

> > > order.

> > > Michael L. Martinez

> > > Grier Wright Martinez PA

> > > 521 E. Morehead St., Ste. 440, Charlotte, NC 28202

> > > (704) 332-0209 (direct dial)

> > https://protect2.fireeye.com/v1/url?k=d7e8bd0a-b2a4d458-d7ef99ef-74fe4867716e-429552d0fc93fb87&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F

> > > [2]
> > > [1 (https://sparkmailapp.com/source?from=signature)] [3] [1 (https://sparkmailapp.com/source?from=signature)] [1 [2]]

> > > mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > -----Original Message-----

> > > From: vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com)
> > > <vramachandran@dhammalaw.com (mailto:vramachandran@dhammalaw.com)

> > > Sent: Monday, August 17, 2026 6:03 AM

> > > To: Michael Martinez <mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > Cc: barnesatty@aol.com (mailto:barnesatty@aol.com); Daniel Ryan
> > > (Daniel.Ryan@usdoj.gov (mailto:Daniel.Ryan@usdoj.gov))

> > > <daniel.ryan@usdoj.gov (mailto:daniel.ryan@usdoj.gov); Freeman, Lyndie (CRM)

> > > <lyndie.freeman@usdoj.gov (mailto:lyndie.freeman@usdoj.gov); Bain-Creed, Benjamin
> > > (USANCW)

> > > <benjamin.bain-creed@usdoj.gov (mailto:benjamin.bain-creed@usdoj.gov); Meyer, Ryan J.

> > > <ryan.meyer@katten.com (mailto:ryan.meyer@katten.com); Joe Grier
> > > <jgrier@grierlaw.com (mailto:jgrier@grierlaw.com);
> > > Jeremy

> > > Sanders <jeremy.sanders@usdoj.gov (mailto:jeremy.sanders@usdoj.gov)

> > > Subject: Re: Draft Final Supplement to Restitution
> > > Report

> > > Caution: This message is from an external sender.

> > > Michael and Dan,

> > > I do want to remind you that unlike a bankruptcy
> > > proceeding,

> > > these

> > > companies are not just worth debt. They have
> > > revenues
> > > in
> > > the

> > > millions, so your methodology of evaluation has to
> > > be
> > > disclosed

> > > to

> > > the defendant on the record.

> > > We are looking for all financial reports and all
> > > board
> > > reports

> > > for

> > > all primary restitution assets, specified affiliated
> > > companies

> > > for

> > > the last four years and all letter of intents and
> > > offers
> > > to

> > > purchase

> > > received. It is going to take us a month to analyze
> > > all
> > > this

> > > data.

> > > Without this the sentencing is going to be based on
> > > a
> > > blackbox

> > > and

> > > attorney arguments.

> > > This does not meet the MVRA accounting requirement.
> > > Please
> > > get

> > > us

> > > this information by noon August 17, 2026.

> > > A fiduciary duty applies to the Special
> > > Master/Receiver.

> > > If you cannot establish your burden of proof, the
> > > government
> > > has

> > > a

> > > duty to let the court know that you cannot do it.
> > > Failure
> > > to
> > > do

> > > that

> > > to win is striking a foul blow.

> > > Katten has asked for this in the past. We do not

> > > have
> > > this

> > > information.

> > > Thank you.

> > > Sincerely,

> > > Vivek

> > > On 2026-08-15 14:59, vramachandran@dhammalaw.com
(mailto:vramachandran@dhammalaw.com)
> > > wrote:

> > > Michael and Dan,

> > > (I) In your March 2026 report, you stated that
> > > publicly

> > > disclosing

> > > too much detail regarding the Primary Restitution

> > > Assets
> > > and
> > > the

> > > Special Master's value determinations concerning the
> > > same
> > > would

> > > negatively impact liquidation efforts and could, in
> > > itself,

> > > decrease

> > > the value of the Primary Restitution Assets, and
> > > that
> > > the

> > > Special

> > > Master therefore erred on the side of caution by
> > > including
> > > in

> > > the

> > > report a single range encompassing all Primary
> > > Restitution

> > > Assets

> > > lumped together.

> > > Please provide all of the data you stated you would
> > > provide
> > > to

> > > the

> > > Court in that March 2026 report, together with any
> > > other

> > > documents

> > > the Special Master intends to rely on for the
> > > valuations
> > > in

> > > this

> > > proceeding. Please do so by noon on August 17,
> > > 2026.
> > > To
> > > the

> > > extent

> > > you have any additional information these have to
> > > be

> > > established on

> > > the record under § 3664(f)(1)(A) by placing them
> > > on
> > > the

> > > record.

> > > Under the MVRA that material belongs with the
> > > defendant:
> > > the

> > > burden

> > > of demonstrating the amount of loss is on the
> > > Government,
> > > 18

> > > U.S.C.

> > > §

> > > 3664(e); the statute requires "a complete
> > > accounting
> > > of
> > > the

> > > losses

> > > to

> > > each victim," id. § 3664(a); and restitution must
> > > be
> > > set
> > > "in

> > > the

> > > full

> > > amount of each victim's losses as determined by the
> > > court,"
> > > id.

> > > §

> > > 3664(f)(1)(A). A single lumped range, with its
> > > particulars

> > > withheld,

> > > cannot satisfy those provisions or permit the de
> > > novo

> > > determination

> > > the Court is required to make. Id. § 3664(d)(6).

> > > (II) We will also file a motion on to unseal the
> > > Appendix
> > > to

> > > the

> > > final report. Other than attorney argument, there
> > > is
> > > nothing in

> > > that

> > > Appendix, and we will file our own argument saying
> > > so
> > > --
> > > both

> > > to

> > > highlight this issue and to preserve the record for
> > > the
> > > Fourth

> > > Circuit. Neither the defendant's right to contest
> > > the
> > > loss

> > > amount

> > > nor

> > > the Court's de novo review under § 3664(d)(6) can
> > > be
> > > exercised

> > > against a figure whose basis is kept under seal.
> > > See
> > > §

> > > 3664(e).

> > > (III) We are going to file a motion for
> > > reconsideration
> > > of
> > > the

> > > denial

> > > of the subpoenas -- not because we expect the Court
> > > to
> > > change

> > > its

> > > mind, but to make sure the record is clear on three
> > > points.

> > > First,

> > > under the MVRA the burden of proof lies with the
> > > Government,

> > > not

> > > the

> > > defendant. § 3664(e). Second, to the extent the
> > > valuations

> > > of

> > > the

> > > companies rest with the Special Master, they must
> > > be

> > > provided

> > > to

> > > the

> > > defendant under the accounting provisions of the
> > > MVRA.
> > > §§

> > > 3664(a),

> > > (f)(1)(A). Third, restitution under the MVRA must
> > > be
> > > accurate;

> > > if

> > > it

> > > cannot be made accurate, or if the issues are too
> > > complex,
> > > the

> > > Court's option is to decline restitution rather
> > > than
> > > order
> > > an

> > > inaccurate amount. § 3663A(c)(3)(B). To the extent
> > > you
> > > again

> > > press

> > > the August 24 deadline, we preserve this issue for
> > > the
> > > Fourth

> > > Circuit: the deferred determination is expressly
> > > contemplated

> > > by

> > > §

> > > 3664(d)(5), and that ninety-day date is directory,
> > > not
> > > a

> > > license

> > > for an inaccurate award.

> > > See Dolan v. United States, 560 U.S. 605 (2010) (a
> > > court
> > > that

> > > misses

> > > the § 3664(d)(5) deadline retains authority to
> > > order

> > > restitution,

> > > because the deadline is meant to protect victims,
> > > not
> > > to
> > > create

> > > a

> > > windfall for defendants). Where loss is not yet
> > > ascertainable,

> > > the

> > > MVRA's remedy is to develop the record -- or to
> > > decline

> > > restitution

> > > under § 3663A(c)(3)(B) -- not to adopt a guess.

> > > (IV) We will additionally file a motion on the AAPC
> > > valuation

> > > and

> > > on

> > > Ares causation, tied to the subpoena request, to
> > > highlight
> > > the

> > > live

> > > issues that remain pending and that the Government

> > > and
> > > the

> > > Special

> > > Master are resisting. Causation and amount are the
> > > Government's

> > > to

> > > prove by a preponderance of the evidence, §
> > > 3664(e),
> > > and
> > > the

> > > value

> > > of

> > > the property must be established on the record
> > > under
> > > §

> > > 3664(f)(1)(A).

> > > Attorney arguments about AI and AAPC do not
> > > establish
> > > value
> > > of

> > > the

> > > property on the record.

> > > We are happy to state that you are opposed to these
> > > motions.

> > > Sincerely,

> > > Vivek

> > > On 2026-07-22 16:48, Michael Martinez wrote:

> > > Please find attached our current draft of a final
> > > supplement
> > > to

> > > the

> > > restitution report in the 3:23-CR-48 case. Also
> > > attached
> > > is

> > > a

> > > proposed final order of restitution and appendix to
> > > the

> > > supplement

> > > discussing the primary restitution assets.

> > > Here is what we said about the other parties
> > > positions
> > > on
> > > this

> > > supplement: "The Special Master has conferred with
> > > both
> > > the

> > > government and the Defendant's counsel in relation
> > > to
> > > this

> > > Supplement.

> > > Although the government does not oppose the
> > > positions

> > > articulated

> > > by

> > > the Special Master through this Supplement, the
> > > Defendant

> > > opposes

> > > the majority of the Special Master's recommendations
> > > appearing

> > > in

> > > this Supplement." If I have not accurately stated
> > > your
> > > client's

> > > position on our supplement, please let me know by
> > > the
> > > end
> > > of
> > > the

> > > day

> > > tomorrow.

> > > We have to file this by Friday.

> > > Thank you.

> > > Michael L. Martinez

> > > Grier Wright Martinez, PA

> > > 521 E. Morehead St., Ste. 440

> > > Charlotte, NC 28202

> > > 704/332.0209 (direct)

> > > 704/332.0215 (fax)

> > > mmartinez@grierlaw.com (mailto:mmartinez@grierlaw.com)

> > > Disclaimer

> > > This e-mail may contain confidential and
> > > attorney-client

> > > privileged

> > > material for the sole use of the intended recipient.
> > > Do
> > > not

> > > accept

> > > wiring instructions from us by email. If you are not
> > > the

> > > recipient,

> > > you are hereby notified that any disclosure,
> > > copying,

> > > distribution

> > > or taking action in relation of the contents of this
> > > information

> > > is

> > > strictly prohibited and may be unlawful, please
> > > contact
> > > the

> > > sender

> > > and delete this e-mail.

> > > This email has been scanned for viruses and malware,
> > > and
> > > may

> > > have

> > > been automatically archived by Mimecast Ltd, an
> > > innovator
> > > in

> > > Software as a Service (SaaS) for business. Providing
> > > a
> > > safer
> > > and

> > > more useful place for your human generated data.
> > > Specializing

> > > in;

> > > Security, archiving and compliance. To find out more
> > > Click
> > > Here

> > > [1

> > > [1 [3]]].

> > > Links:

> > > ------

> > > [1 (https://sparkmailapp.com/source?from=signature)]

> >   https://protect2.fireeye.com/v1/url?k=b4a86c6f-d1e4053d-b4af488a-74fe4867716e-51e0532dcd107cc3&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [3]
> > > [4] [4]

> > > Links:

> > > ------

> > > [1 (https://sparkmailapp.com/source?from=signature)]

> >   https://protect2.fireeye.com/v1/url?k=686a9d19-0d26f44b-686db9fc-74fe4867716e-a368940ed31d1681&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [4]
> > > [5] [5]

> > > Disclaimer

> > > This e-mail may contain confidential and
> > > attorney-client

> > > privileged

> > > material for the sole use of the intended recipient.
> > > Do
> > > not

> > > accept

> > > wiring instructions from us by email. If you are not
> > > the

> > > recipient,

> > > you are hereby notified that any disclosure, copying,

> > > distribution or

> > > taking action in relation of the contents of this
> > > information

> > > is

> > > strictly prohibited and may be unlawful, please
> > > contact
> > > the

> > > sender and

> > > delete this e-mail.

> > > This email has been scanned for viruses and malware,
> > > and
> > > may
> > > have

> > > been

> > > automatically archived by Mimecast Ltd, an innovator
> > > in
> > > Software

> > > as a

> > > Service (SaaS) for business. Providing a safer and
> > > more
> > > useful

> > > place

> > > for your human generated data. Specializing in;
> > > Security,

> > > archiving

> > > and compliance. To find out more Click Here [2 [6]].

> > > Links:

> > > ------

> > > [1 (https://sparkmailapp.com/source?from=signature)]

> >  https://protect2.fireeye.com/v1/url?k=1256fbba-771a92e8-1251df5f-74fe4867716e-5a41341f986a8499&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [5]
> > > [6] [7]

> > > [2]

> >   https://protect2.fireeye.com/v1/url?k=b875bf00-dd39d652-b8729be5-74fe4867716e-a15d6b5aa53271f9&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [6]
> > > [7] [8]

> > > Links:

> > > ------

> > > [1 (https://sparkmailapp.com/source?from=signature)]

> >   https://protect2.fireeye.com/v1/url?k=b3214c9a-d5e409a4-b326687f-c400add0b6f2-b0f035d2a11fd9ff&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [7]
> > > [3]

> > > [8]

> > > [2]

> >   https://protect2.fireeye.com/v1/url?k=e9f097bc-8f35d282-e9f7b359-c400add0b6f2-c4743b7b59bdd01d&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [8]
> > > [4]

> > > [9]

> > > [3]

> >   https://protect2.fireeye.com/v1/url?k=12a32567-74666059-12a40182-c400add0b6f2-ae54406c5cb0daf0&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [9]
> > > [5]

> > > [10]

> > > [4]

> >   https://protect2.fireeye.com/v1/url?k=36fafe39-503fbb07-36fddadc-c400add0b6f2-6fafbb72a6d03376&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [10]
> > > [6]

> > > [11]

> > > [5]

> > https://protect2.fireeye.com/v1/url?k=f61eaf3f-90dbea01-f6198bda-c400add0b6f2-af89ff6354a1d166&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [11]
> > > [7]

> > > [12]

> > > [6]

> > https://protect2.fireeye.com/v1/url?k=620d41e3-04c804dd-620a6506-c400add0b6f2-aa491b58f642012f&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [12]
> > > [8]

> > > [13]

> > > [7]

> > https://protect2.fireeye.com/v1/url?k=42df8291-241ac7af-42d8a674-c400add0b6f2-79b98e28ef7d1681&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [13]
> > > [9]

> > > [14]

> > > [8]

> > https://protect2.fireeye.com/v1/url?k=2fe87868-492d3d56-2fef5c8d-c400add0b6f2-cbb29ed8819504b6&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [14]
> > > [10]

> > > [15]

> > > Disclaimer

> > > This e-mail may contain confidential and
> > > attorney-client
> > > privileged

> > > material for the sole use of the intended recipient. Do
> > > not
> > > accept

> > > wiring instructions from us by email. If you are not
> > > the
> > > recipient,

> > > you are hereby notified that any disclosure, copying,
> > > distribution

> > > or taking action in relation of the contents of this
> > > information is

> > > strictly prohibited and may be unlawful, please contact
> > > the
> > > sender

> > > and delete this e-mail.

> > > This email has been scanned for viruses and malware,

> > > and
> > > may
> > > have

> > > been automatically archived by Mimecast Ltd, an
> > > innovator
> > > in

> > > Software as a Service (SaaS) for business. Providing a
> > > safer
> > > and

> > > more useful place for your human generated data.
> > > Specializing
> > > in;

> > > Security, archiving and compliance. To find out more
> > > Click
> > > Here

> > > [16].

> > > Links:

> > > ------

> > > [1] https://sparkmailapp.com/source?from=signature

> > > [2]

> >   https://protect2.fireeye.com/v1/url?k=255d2cc9-439869f7-255a082c-c400add0b6f2-ef3d6ebaede0607b&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [15]
> > > [11]

> > > [3]

> >   https://protect2.fireeye.com/v1/url?k=58de74e3-3e1b31dd-58d95006-c400add0b6f2-c480a08ec262503a&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [16]
> > > [12]

> > > [4]

> >   https://protect2.fireeye.com/v1/url?k=b21c0063-d4d9455d-b21b2486-c400add0b6f2-a89226c8521b3cfb&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F

> > > [17]
> > > [13]

> > > [5]

> >   https://protect2.fireeye.com/v1/url?k=cc6968bb-aaac2d85-cc6e4c5e-c400add0b6f2-2e8d6cc528df355f&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [18 (https://sparkmailapp.com/source?from=signature)]
> > > [14]

> > > [6]

> >   https://protect2.fireeye.com/v1/url?k=a22959de-c4ec1ce0-a22e7d3b-c400add0b6f2-90df1e1e64bd4ff1&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [19]
> > > [15]

> > > [7]

> >   https://protect2.fireeye.com/v1/url?k=9f3909c3-f9fc4cfd-9f3e2d26-c400add0b6f2-50b7993eed216485&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [20]
> > > [16]

> > > [8]

> > https://protect2.fireeye.com/v1/url?k=b3214c9a-d5e409a4-b326687f-c400add0b6f2-b0f035d2a11fd9ff&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [7]
> > > [3]

> > > [9]

> > https://protect2.fireeye.com/v1/url?k=e9f097bc-8f35d282-e9f7b359-c400add0b6f2-c4743b7b59bdd01d&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [8]
> > > [4]

> > > [10]

> > https://protect2.fireeye.com/v1/url?k=12a32567-74666059-12a40182-c400add0b6f2-ae54406c5cb0daf0&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [9]
> > > [5]

> > > [11]

> > https://protect2.fireeye.com/v1/url?k=36fafe39-503fbb07-36fddadc-c400add0b6f2-6fafbb72a6d03376&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [10]
> > > [6]

> > > [12]

> > https://protect2.fireeye.com/v1/url?k=f61eaf3f-90dbea01-f6198bda-c400add0b6f2-af89ff6354a1d166&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [11]
> > > [7]

> > > [13]

> > https://protect2.fireeye.com/v1/url?k=620d41e3-04c804dd-620a6506-c400add0b6f2-aa491b58f642012f&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [12]
> > > [8]

> > > [14]

> > https://protect2.fireeye.com/v1/url?k=42df8291-241ac7af-42d8a674-c400add0b6f2-79b98e28ef7d1681&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [13]
> > > [9]

> > > [15]

> > https://protect2.fireeye.com/v1/url?k=2fe87868-492d3d56-2fef5c8d-c400add0b6f2-cbb29ed8819504b6&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [14]
> > > [10]

> > > [16]

> > https://protect2.fireeye.com/v1/url?k=1c82a97f-7a47ec41-1c858d9a-c400add0b6f2-92ca2cca7ec81edf&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [21]
> > > [17]

> > > Links:
> > > ------
> > > [1 (https://sparkmailapp.com/source?from=signature)]

> > https://protect2.fireeye.com/v1/url?k=5698ca81-33d4a3d3-569fee64-74fe4867716e-28d93030ca2e1c11&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [22]
> > > [2]

> > https://protect2.fireeye.com/v1/url?k=2137e668-447b8f27-2130c28d-74fe4868cd43-1f354b13c23ee39e&q=1&e=acab17db-132a-430a-a710-caa9d1ae50c8&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [23]
> > > [3]

> > https://protect2.fireeye.com/v1/url?k=b3214c9a-d5e409a4-b326687f-c400add0b6f2-b0f035d2a11fd9ff&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [7]
> > > [4]

> > https://protect2.fireeye.com/v1/url?k=e9f097bc-8f35d282-e9f7b359-c400add0b6f2-c4743b7b59bdd01d&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F

> > > [8]
> > > [5]

> >   https://protect2.fireeye.com/v1/url?k=12a32567-74666059-12a40182-c400add0b6f2-ae54406c5cb0daf0&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [9]
> > > [6]

> >   https://protect2.fireeye.com/v1/url?k=36fafe39-503fbb07-36fddadc-c400add0b6f2-6fafbb72a6d03376&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [10]

> > > [7]

> >   https://protect2.fireeye.com/v1/url?k=f61eaf3f-90dbea01-f6198bda-c400add0b6f2-af89ff6354a1d166&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [11]
> > > [8]

> >   https://protect2.fireeye.com/v1/url?k=620d41e3-04c804dd-620a6506-c400add0b6f2-aa491b58f642012f&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [12]
> > > [9]

> >   https://protect2.fireeye.com/v1/url?k=42df8291-241ac7af-42d8a674-c400add0b6f2-79b98e28ef7d1681&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [13]
> > > [10]

> >   https://protect2.fireeye.com/v1/url?k=2fe87868-492d3d56-2fef5c8d-c400add0b6f2-cbb29ed8819504b6&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [14]
> > > [11]

> >   https://protect2.fireeye.com/v1/url?k=255d2cc9-439869f7-255a082c-c400add0b6f2-ef3d6ebaede0607b&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [15]
> > > [12]

> >   https://protect2.fireeye.com/v1/url?k=58de74e3-3e1b31dd-58d95006-c400add0b6f2-c480a08ec262503a&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [16]

> > > [13]

> > https://protect2.fireeye.com/v1/url?k=b21c0063-d4d9455d-b21b2486-c400add0b6f2-a89226c8521b3cfb&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [17]
> > > [14]

> > https://protect2.fireeye.com/v1/url?k=cc6968bb-aaac2d85-cc6e4c5e-c400add0b6f2-2e8d6cc528df355f&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [18 (https://sparkmailapp.com/source?from=signature)]
> > > [15]

> > https://protect2.fireeye.com/v1/url?k=a22959de-c4ec1ce0-a22e7d3b-c400add0b6f2-90df1e1e64bd4ff1&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [19]
> > > [16]

> > https://protect2.fireeye.com/v1/url?k=9f3909c3-f9fc4cfd-9f3e2d26-c400add0b6f2-50b7993eed216485&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [20]
> > > [17]

> > https://protect2.fireeye.com/v1/url?k=1c82a97f-7a47ec41-1c858d9a-c400add0b6f2-92ca2cca7ec81edf&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [21]
> > > [18] https://sparkmailapp.com/source?from=signature


> > > ================================================================
> > > CONFIDENTIALITY NOTICE:
> > > This electronic mail message and any attached files contain
> > > information intended for the exclusive
> > > use of the individual or entity to whom it is addressed and may
> > > contain information that is
> > > proprietary, privileged, confidential and/or exempt from
> > > disclosure
> > > under applicable law. If you
> > > are not the intended recipient, you are hereby notified that any
> > > viewing, copying, disclosure or
> > > distribution of this information may be subject to legal
> > > restriction
> > > or sanction. Please notify
> > > the sender, by electronic mail or telephone, of any unintended
> > > recipients and delete the original
> > > message without making any copies.
> > > ================================================================

> > > NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited
> > > liability partnership that has
> > > elected to be governed by the Illinois Uniform Partnership Act
> > > (1997).

> > > ==============================================================

> > > Links:
> > > ------
> > > [1 (https://sparkmailapp.com/source?from=signature)]

> >   https://protect2.fireeye.com/v1/url?k=27d1ab0d-429dc25f-27d68fe8-74fe4867716e-08c48172a4f75ca0&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [2]

> >   https://protect2.fireeye.com/v1/url?k=d7e8bd0a-b2a4d458-d7ef99ef-74fe4867716e-429552d0fc93fb87&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [3]

> >   https://protect2.fireeye.com/v1/url?k=b4a86c6f-d1e4053d-b4af488a-74fe4867716e-51e0532dcd107cc3&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [4]

> >   https://protect2.fireeye.com/v1/url?k=686a9d19-0d26f44b-686db9fc-74fe4867716e-a368940ed31d1681&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [5]

> >   https://protect2.fireeye.com/v1/url?k=1256fbba-771a92e8-1251df5f-74fe4867716e-5a41341f986a8499&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [6]

> >   https://protect2.fireeye.com/v1/url?k=b875bf00-dd39d652-b8729be5-74fe4867716e-a15d6b5aa53271f9&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [7]

> >   https://protect2.fireeye.com/v1/url?k=b3214c9a-d5e409a4-b326687f-c400add0b6f2-b0f035d2a11fd9ff&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [8]

> >   https://protect2.fireeye.com/v1/url?k=e9f097bc-8f35d282-e9f7b359-c400add0b6f2-c4743b7b59bdd01d&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F

> > > [9]

> > https://protect2.fireeye.com/v1/url?k=12a32567-74666059-12a40182-c400add0b6f2-ae54406c5cb0daf0&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [10]

> > https://protect2.fireeye.com/v1/url?k=36fafe39-503fbb07-36fddadc-c400add0b6f2-6fafbb72a6d03376&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [11]

> > https://protect2.fireeye.com/v1/url?k=f61eaf3f-90dbea01-f6198bda-c400add0b6f2-af89ff6354a1d166&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [12]

> > https://protect2.fireeye.com/v1/url?k=620d41e3-04c804dd-620a6506-c400add0b6f2-aa491b58f642012f&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [13]

> > https://protect2.fireeye.com/v1/url?k=42df8291-241ac7af-42d8a674-c400add0b6f2-79b98e28ef7d1681&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [14]

> > https://protect2.fireeye.com/v1/url?k=2fe87868-492d3d56-2fef5c8d-c400add0b6f2-cbb29ed8819504b6&q=1&e=08ea5c6d-8163-4e16-89b9-8f97a2c47e86&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [15]

> > https://protect2.fireeye.com/v1/url?k=255d2cc9-439869f7-255a082c-c400add0b6f2-ef3d6ebaede0607b&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [16]

> > https://protect2.fireeye.com/v1/url?k=58de74e3-3e1b31dd-58d95006-c400add0b6f2-c480a08ec262503a&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [17]

> > https://protect2.fireeye.com/v1/url?k=b21c0063-d4d9455d-b21b2486-c400add0b6f2-a89226c8521b3cfb&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F

> > > [18 (https://sparkmailapp.com/source?from=signature)]

> > https://protect2.fireeye.com/v1/url?k=cc6968bb-aaac2d85-cc6e4c5e-

c400add0b6f2-2e8d6cc528df355f&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [19]

> > https://protect2.fireeye.com/v1/url?k=a22959de-c4ec1ce0-a22e7d3b-c400add0b6f2-90df1e1e64bd4ff1&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [20]

> > https://protect2.fireeye.com/v1/url?k=9f3909c3-f9fc4cfd-9f3e2d26-c400add0b6f2-50b7993eed216485&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [21]

> > https://protect2.fireeye.com/v1/url?k=1c82a97f-7a47ec41-1c858d9a-c400add0b6f2-92ca2cca7ec81edf&q=1&e=a6705d1f-d38d-426b-88ff-6538cfab6e48&u=http%3A%2F%2Fwww.mimecast.com%2Fproducts%2F
> > > [22]

> > https://protect2.fireeye.com/v1/url?k=5698ca81-33d4a3d3-569fee64-74fe4867716e-28d93030ca2e1c11&q=1&e=390e473a-8f5f-4c98-a129-17549e1ff525&u=http%3A%2F%2Fwww.grierlaw.com%2F
> > > [23]

> > https://protect2.fireeye.com/v1/url?k=2137e668-447b8f27-2130c28d-74fe4868cd43-1f354b13c23ee39e&q=1&e=acab17db-132a-430a-a710-caa9d1ae50c8&u=http%3A%2F%2Fwww.grierlaw.com%2F

> > Links:
> > ------
> > [1] https://sparkmailapp.com/source?from=signature

**EXHIBIT B-2**
**Draft Final Supplement to Restitution Report**

**Subject:** Re: [EXTERNAL] Re: Draft Final Supplement to Restitution Report
**From:** vramachandran@dhammalaw.com
**Date:** Sun, 30 Aug 2026 16:55:47 -0400
**To:** "Daniel (USANCW) Ryan" <daniel.ryan@usdoj.gov>
**Cc:** Barnesatty <barnesatty@aol.com>, "Lyndie (FRD) Freeman" <lyndie.freeman@usdoj.gov>, "Benjamin (USANCW) Bain-Creed" <benjamin.bain-creed@usdoj.gov>, Joe Grier <jgrier@grierlaw.com>, "Jeremy (FRD) Sanders" <jeremy.sanders@usdoj.gov>, "Dana (USANCW) Washington" <dana.washington@usdoj.gov>, Michael Martinez <mmartinez@grierlaw.com>, "Ryan J. Meyer" <ryan.meyer@katten.com>, "Brandon N. McCarthy" <brandon.mccarthy@katten.com>

---

Jermey,

The reason it should goto up the chain in the DOJ. What was the government representative at the distirct court an in front of the tribunal doing in light of extensive ex-parte communications from M3, NHC, NCICs, Wes Camden, Willams Mullen law firm, Mike Dinius which directly affect the $1.6 Billion restitution?

Why did the government not goto the Judge and let the Judge know about the ex parte communication that was the norm here from everyone. I am still flummoxed having realized the entire proceeding was fundamentally flawed at such a basic level in a criminal proceeding? I was here looking at the constitution and everything else. Judge Rader chief judge of the Federal Circuit had to resign after just one ex-parte contact for something innocuous. Here the contact seems to be so extensive, with no access to any of that data available to the Defendant that I don't know what to make of this.

Why did the government think it was ok to engage in it's own ex parte communications for months on end with a tribunal in a criminal proceedings?

You need to get someone else to look into this so that the government can at least do the right thing moving forward.

Sincerely,
Vivek

On 2026-08-30 16:39, vramachandran@dhammalaw.com wrote:
> Jermey,

> This should goto ODAG.

> Sincerely,
> Vivek

> Dan and Jermey,

> Additionally, counsel is unsure what the position of the government
> is:

> There are numerous submissions that were entirely ex parte from M3,
> NHC, NCICs, Wes Camden, Willams Mullen law firm, Mike Dinius which
> directly affect the $1.6 Billion restitution or forfiture that were
> never provided to Defendant. Moreover, since these were provided to
> the forum ex parte.

> It's like the government which is the party with the burden of proof
> is asking us to ask a tribunal for information that it used to arrive
> at a decision. Since the submissions themselves were ex parte, none of
> this was ever properly before the tribunal. Finally, even if it was
> before a the tribunal, Defendant has never had the ability to test the
> data because it was never shared with the defendant. As already
> provided former counsel and current counsel have looked for all the
> requests and shown when each request was made.

> To the extent, government is adopting the results of this ex parte
> data from M3, NHC, NCICs, Wes Camden, Willams Mullen law firm, Mike
> Dinius which directly affect the $1.6 Billion restitution or
> forfeiture, it's the government's burden to give us this information.
> Asking us to go ask a tribunal is a weird position under the law for
> the government in an MVRA dispute. Unless you claim the special master
> is a paid prosecutor.

> The government has to disclose all ex parte communication with the
> special master M3, NHC, NCICs, Wes Camden, Willams Mullen law firm
> and/or Mike Dinius. It's independently fatal.

> Finally, the Defendant is in a position where it has to petition the
> Judge Cogburn here to give us information from someone in the shoes of
> Magistrate Keesler, because the submissions were made ex parte to
> Magistrate Keesler. This is just not constitutional in a criminal
> proceeding. I don't see how the government gets around ex parte data
> from M3, NHC, NCICs, Wes Camden, Willams Mullen law firm, Mike Dinius
> which directly affect the $1.6 Billion restitution or forfeiture, it's
> the government's burden. For example, NCICs numbers on losses drove
> the restitution 1.6 billion. Similarly, Mike Dinius's numbers drove
> the 1.6 Billion restitution calculations themselves. Each of the 54
> identified categories is related to 1.6 Billion in restitution itself
> or the forfiture.

> On the straw man argument the government (Dan Ryan) threw up to

> mislead the court and the 4th circuit:

> I spoke to Greg Lindberg today:
> (i) Greg Lindberg has made a handful of submissions to the financial
> advisor to the special master (all of the memos had a cc to the
> special master from his email. All were addressed to the tribunal
> (e.g., with a cc to the special master) and all of which are for
> release to everyone and to the general public. He did not mark Dan

> Ryan or any other government attorney because he was represented by
> counsel and was not sure he could copy the government attorney on
> these submissions.
> (ii) Greg Lindberg has no issues with submissions to the tribunal
> (special master and his advisors) being given to the government and it
> was always his intention that all of these be available publicly and
> to the government.
> (iii) Current counsel will forward every email that was sent to the
> tribunal (special master or his advisor) from Greg Lindberg's email to
> the government because none of these were submitted in secret and were
> for wider distribution. There are a handful. All of these were on
> information and belief of Greg Lindberg made available to the
> government at the time through the tribunal and have since been used
> by the government and tribunal in their analysis. In some instances,
> Dan Ryan remarked that Greg Lindberg has given more data than the
> NCICs have while claiming to be a victim.
> (iv) Everything else referenced in the chronology, were based on
> weekly calls and follow ups for data from those weekly calls that is
> still the government's responsibility to produce. None of these are ex
> parte.
> (v) Other than these here is no non-privileged emails that Greg
> Lindberg has of any ex parte submissions.
> (vi) To the extent government claims something else is ex parte,
> current counsel are happy to go look at them but our research over the
> last two days did not turn up anything that Greg Lindberg has other
> than the handful of emails.

> Sincerely,
> Vivek

> On 2026-08-29 15:48, vramachandran@dhammalaw.com wrote:

>> Dan and Jermey,

>> I will talk to Greg Lindberg tomorrow. We will go through our
>> messages and produce everything that was ever sent to the Special
>> Master and Paladin. We do NOT have anything to hide. We will have
>> our paralegal go through the messages and create a production set.

>> We expect the government to give us all of the message you ever send
>> ex parte. In any case, we will file a motion to compel forthwith.

>> It's not appropriate for a tribunal to be making decisions based on
>> ex parte submissions. And in the case of the government in a
>> criminal proceeding, that is fatal.

>> Thank you.

>> Sincerely,
>> Vivek

>> On 2026-08-29 07:50, Vramachandran wrote: Dan and Jermey,

>> The government ( believe Dan Ryan) chose the special master. The
>> government (Dan Ryan via edits) made him a receiver ( illegally and
>> unconstitutionally with no basis in MVRA and the constitution)over
>> the
>> objections of the defendant with threats of filing with or without
>> Lindberg.

>> Then tried to claim in a filing that Greg Lindberg wanted a
>> receiver/special master. He did not. The government made the special
>> master a part of the plea agreement. Then the government made the
>> special master a receiver using characterizations in your email that
>> had no basis in facts. Greg Lindberg wanted to retain control so
>> that
>> any dissipation was at fair market value. Then the government in a
>> filing claimed Greg Lindberg wanted the special master as a receiver
>> at the district court just two weeks ago. To claim consent that
>> never
>> existed to an illegal taking under the constitution and illegal
>> appointment. With that filing the government breached the provisions
>> of Hunter and other cases once again. I can't recall how many other
>> times this has happened.The government can hit hard but cannot play
>> foul.

>> The government needs to give us all the ex parte communication. This
>> filing from two weeks ago is an independent reason why we need that
>> information.

>> You own the constitutional crisis. The defense is trying to document
>> things so that the defendant Greg Lindberg does not end up with
>> multiple punishments in the form of restitution again and again
>> stemming from the mistakes of the government.

>> And part of that includes all ex parte communication to the special
>> master and the other named entities in the list from the government
>> being logged right now before it is dissipated.

>> On multiple punishments. Already Beckett plus Damovo is 1.5 Billion
>> in
>> losses.

>> Government taking a position that is contrary to DOJ policy in
>> pre-restitution order interest is another few million dollars. In
>> all
>> that's one punishment even assuming the faulty figures which have
>> never been verified because Defendant does not have the numbers. The
>> email from Dan disclaims having the numbers yesterday in some part.

>> The second punishment was ClanWilliams was sold and the government
>> (Dan Ryan) orally with Katten copied on this email on a weekly call/
>> phone call claimed it would allow Greg Lindbeg to argue for offsets
>> at
>> a price of $800 million. Similar promises by government (Dan Ryan)

>> made on a phone call with Katten that NCICs loans would be offsets.

>> For all of the reasons above Defendant should have access to all ex
>> parte communications the government had with the special master,
>> Paladin, M3, NCICs, Mike Dinius, Wes Camden and the Mullin law firm.
>> To preserve evidence that will be dissipated. Preservation so
>> multiple
>> criminal punishments can stop.

>> When this issue goes to the 4th circuit or the district court.

>> Jermey,

>> I have advised you multiple times about conflict. Here is a live
>> example.

>> The government has been told via you that there are severe issues
>> that
>> cannot be ignored needing an internal government ethics review. The
>> government just does not care to self-correct.

>> Defendant and his counsel have tried multiple times to bring
>> awareness
>> to this issue without success and need to get this on the record.
>> After repeated failure.

>> Sincerely,
>> Vivek

>> On Aug 29, 2026 at 3:31 AM, <Vramachandran> wrote:

>> Dan,

>> I will follow up every day until I get this from the government.
>> Please give us all of the government's ex parte communications

>> with the special master, Wes Camden, Williams Mullin, playing, NHC,
>> NCICs and M3.

>> Greg Lindberg has nothing to hide. We are happy to provide all data
>> we shared with the special master. We did indeed share information.
>> We never got back anything from any other party.

>> Prosecutor all Brady/Gigilo info should be shared.

>> Once again we don't live in the USSR. We don't have secret
>> courts. We don't send people to prison using confidential data
>> that defense cannot get under the discovery order.

>> Please follow MVRA and the constitution.

>> Sincerely,
>> Vivek

>> On Aug 28, 2026 at 4:40 PM, <Vramachandran> wrote:

>> Dan

>> Let me know when you are going to produce all the ex parte
>> communications?

>> You responded to the other email so let me know when you will
>> product the ex parte emails?

>> Sincerely,
>> Vivek

>> Sent with Spark [1 [1]]
>> On Aug 28, 2026 at 4:40\u202fPM -0400, vramachandran@dhammalaw.com,
>> wrote:

>> Dan

>> Let me know when you are going to produce all the ex parte
>> communications?

>> You responded to the other email so let me know when you will
>> product the ex parte emails?

>> Sincerely,
>> Vivek

>> Links:
>> ------
>> [1] https://sparkmailapp.com/source?from=signature

> Links:
> ------
> [1] https://sparkmailapp.com/source?from=signature