**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br><br>Judge Max O. Cogburn, Jr. |

**SUPPLEMENTAL ADDENDUM TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER OF AUGUST 31, 2026 (DOC. 347) — THE ARES RECORD AND THE AAPC VALUATION**

Defendant Greg E. Lindberg respectfully submits this Supplemental Addendum to his Motion for Reconsideration of the Order of August 31, 2026 (Doc. 347), filed September 14, 2026. The materials identified below were filed under seal on August 23, 2026 in support of Defendant's Response in opposition to the United States' Consolidated Position Regarding Restitution, and were ordered sealed by this Court. Doc. 316; Doc. 318; Doc. 321; Doc. 325. They bear directly on two of the matters the Motion raises—the Government-induced intervening cause of the asset dispositions the Order treats as Defendant's loss-causing conduct, and the valuation of AAPC—and they are placed before the Court again here so that they are part of the record on reconsideration. Defendant provides as follows:

1. Sealed Ares Transactions and AAPC Prep Valuations. No exhibits are attached to this Addendum. The materials are described below and incorporated by reference as if fully set forth herein. They were filed under seal on August 23, 2026,

together with their exhibits, and this Court ordered them sealed until otherwise ordered. Doc. 318; Doc. 321; Doc. 325. They are filed under seal again, as Exhibit A, by separate entry and pursuant to Defendant's contemporaneous Motion to Seal, so that they are part of the record on reconsideration. They address two subjects, in two parts.

2. **Part One — the Ares record.** The contemporaneous records of the Ares transaction: the letter of intent of November 22, 2018, under which the affiliated investments were to be resolved through a securitization that required no sale of any operating company; the independent structured-finance proposal to the same effect; the January 2019 electronic mail memorializing that the lender withdrew that structure after a meeting with the Department of Justice, on the advice of a third party it refused to name; and the interview memoranda of December 19, 2018, March 25, 2019, and June 14, 2019. The Motion states the fact of that transaction and its abandonment. *See* Doc. 347, at 11 n.5; *id.* at 40. The sealed filing is the contemporaneous record behind it.

3. **Part Two — the AAPC valuation.** The materials bearing on the value of Defendant's interests in AAPC Holdings, LLC and its operating subsidiary, one of the Primary Restitution Assets. The Special Master's valuation of that asset, and the basis he assigns for it, appear in Appendix 1 to his Second Supplement (Doc. 245) and remain under seal. Defendant continues to ask that Appendix 1 be unsealed so that the valuation and its premises may be examined and answered on an open record.

4. These issues were raised and preserved before the Motion was filed. Defendant's Response in opposition to the United States' Consolidated Position Regarding Restitution runs eighty-five pages and preserves each of them. Doc. 316. Defendant separately filed his Notice of Objections to Entry of Any Final Order of Restitution and Forfeiture, and Reservation of Constitutional and Statutory Issues. Doc. 329. Nothing has been abandoned, and this Addendum is not an attempt to raise anything new. Defendant supplements the record because the Government has repeatedly asserted waiver notwithstanding preservation, and he declines to leave any margin for that argument.

5. The Government's waiver position is untethered from the record. It contends, for example, that Defendant has waived any objection to the contents of the Government's ex parte communications with the Special Master and with third parties—communications Defendant has never seen, and which the Government has never produced. Six written requests for those communications, made between August 26 and August 28, 2026, went unanswered, Doc. 331-2, at 25–27, and the Government's response does not address them, Doc. 341. A party cannot waive an objection to material that has been withheld from him. Defendant has not waived, does not waive, and will not waive or condone the Government's ex parte communications with the Special Master or with third parties relating to the restitution, or any objection to them. Defendant was not aware of the constitutional and legal implications of ex parte communication until his current counsel informed him in August 2026.

6. The same is true of the Special Master's ex parte communications. The Special Master states that he "has conducted an independent investigation into the legal and factual circumstances pertaining to restitution issues in this case, outside of the rules of evidence or criminal procedure," and that "[f]rom the outset, the Special Master has had ex parte communications with various interested parties," "has gained and reviewed private information not subject to public disclosure, and has otherwise taken into account documents and information that exist outside of the formal record." Doc. 288, at 10. Defendant moved to compel their production, Doc. 332, and the Special Master opposed, Doc. 344. They have not been produced, and Defendant has never seen them. Defendant has not waived, does not waive, and will not waive or condone the Special Master's ex parte communications with the Government or with third parties relating to the restitution, or any objection to them.

7. Given those positions, and out of an abundance of caution, Defendant expressly preserves every issue he has raised on the docket in these proceedings—including every objection, motion, response, reply, notice, and reservation filed in No. 3:23-CR-48 and No. 5:19-CR-22—and does not abandon or waive any of them by supplementing here, by addressing any issue in any particular filing, or by declining to repeat an argument already made. Each is preserved for determination by this Court, de novo, and for review by the Fourth Circuit.

8. As to each issue, the Government and the Special Master were given an opportunity to respond and expressly declined, or left the issue unanswered on the

merits. Defendant raises each issue again and preserves each for de novo determination by this Court and for review by the Fourth Circuit.

## PRESERVATION AND RESERVATION

Defendant raises each of the foregoing facts and issues again and expressly preserves each—including his Fifth Amendment due-process, Sixth Amendment, Article III and separation-of-powers, Eighth Amendment Excessive Fines, and Ex Post Facto challenges, and his challenges under 18 U.S.C. § 3664 and Federal Rule of Civil Procedure 53—for determination by this Court, de novo, and for review by the Fourth Circuit. Because the Government and the Special Master were given an opportunity to respond and expressly declined, or failed to answer these issues on the merits, each remains open and unrebutted.[1]

The Addenda filed on September 15 and September 16, 2026 do not reproduce the exhibits attached to the filings they consolidate; those exhibits are expressly preserved as if attached to each Addendum, and are omitted solely to avoid burdening the docket with duplicate copies of documents already of record.

Nothing is attached to this Addendum, and nothing in it is sealed. Exhibit A is filed under seal by separate entry, pursuant to Defendant's contemporaneous Motion to Seal and for the reasons this Court has already found sufficient as to the same materials. Doc. 325.

This Supplemental Addendum is filed in both of the above-captioned cases.

[1] The Court has yet to determine, de novo, causation, offsets, and credits—whether on motions practice or at the hearing—which will further change the restitution determination. Defendant expressly reserves this determination.

Dated: September 16, 2026

Respectfully submitted,


*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*/s/ Vivek Ramachandran*
Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
Email: vramachandran@dhammalaw.com
*Admitted pro hac vice*

*Counsel for Greg E. Lindberg*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: September 16, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*