**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br><br>Judge Max O. Cogburn, Jr. |

**DEFENDANT'S MOTION TO SEAL EXHIBIT A TO HIS SUPPLEMENTAL ADDENDUM TO HIS MOTION FOR RECONSIDERATION OF THE ORDER OF AUGUST 31, 2026 (DOC. 347)**

Defendant Greg E. Lindberg respectfully moves, pursuant to Local Criminal Rules 49.1.1 and 47.1, for leave to file under seal Exhibit A to his Supplemental Addendum to his Motion for Reconsideration of the Order of August 31, 2026 (Doc. 347), and in support states as follows:

1. **Non-confidential description of the material.** Exhibit A is the sealed filing made on August 23, 2026, together with its exhibit. It addresses two subjects. Part One comprises the contemporaneous records of the Ares transaction, including three Federal Bureau of Investigation interview memoranda (Form FD-302) memorializing meetings between the Government and a third party, dated December 19, 2018, March 25, 2019, and June 14, 2019, together with the transaction records referenced in the Supplemental Addendum—a letter of intent dated November 22, 2018, an independent structured-finance proposal, and a January 2019 electronic mail memorializing the lender's withdrawal of the affiliated-loan structure.

The three interview memoranda are the materials whose protection requires sealing. Part Two comprises the materials bearing on the valuation of AAPC, which address the Special Master's valuation of that asset set out in Appendix 1 to his Second Supplement (Doc. 245), a document that is itself filed under seal; that portion is filed under seal because it discusses the contents of that sealed appendix.

2. **This Court has already ordered the same materials sealed.** These materials were filed under seal on August 23, 2026 in support of Defendant's Response in opposition to the United States' Consolidated Position Regarding Restitution. Doc. 316; Doc. 318. On August 25, 2026, the Court granted Defendant's corrected motion to seal and directed that the sealed filing remain under seal until otherwise ordered. Doc. 325; *see* Doc. 321. Defendant seeks the same relief, as to the same materials, in their present posture as an exhibit to the Supplemental Addendum. No party opposed the earlier motion, and nothing has changed that would call for a different result. Defendant recognizes that the prior order supports this request but does not substitute for the findings the Court must make as to this exhibit. *See United States v. Doe*, 962 F.3d 139, 147 (4th Cir. 2020). The specific interests served by continued sealing are therefore set out below.

3. **Sealing is necessary, and no less-restrictive alternative will suffice.** The three interview memoranda are law-enforcement records produced to the defense subject to the protective order or orders entered in this matter and in the related proceedings governing the Government's discovery. On their face, they are "the property of the FBI" and "are not to be distributed outside your agency." Filing

them in the public record would violate those orders and publicly disclose protected law-enforcement material. Redaction is not a workable alternative: the evidentiary value of the memoranda on the intervening-causation issue lies in their substance—the very content the protective orders protect—so redaction sufficient to satisfy those orders would defeat the purpose of the filing. Sealing the memoranda, and the discrete portions of the exhibits that quote them, is the least restrictive means of protecting that interest while preserving the material for the Court's review.

4. **Manner and duration of sealing.** Defendant requests that Exhibit A be filed and maintained under seal, available to the Court and to counsel of record, until the protective orders are lifted or modified or the Court orders otherwise. Defendant does not seek to seal the material permanently; upon the expiration or modification of the protective orders, or upon further order of the Court, the materials may be unsealed or otherwise handled as the Court directs.

5. **The governing standard.** The public enjoys a right of access to judicial records, grounded in the common law, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), and, as to documents filed as exhibits to pretrial motions in a criminal case, in the First Amendment, *In re Time Inc.*, 182 F.3d 270 (4th Cir. 1999); *see Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Before sealing, the Court must give the public notice of the request and a reasonable opportunity to object, must consider less drastic alternatives, and, if it seals, must state its reasons with specific supporting findings and explain why the alternatives were rejected. *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984); *Va. Dep't of*

*State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004); *Company Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). This Motion is filed publicly and on the docket, which supplies the notice that framework requires.

6. **The findings that support sealing.** On this record the Court may find that: (a) the three interview memoranda are law-enforcement records produced to the defense in discovery and subject to the protective order or orders governing that discovery, and bear on their face the legend that they are "the property of the FBI" and "are not to be distributed outside your agency"; (b) public filing would violate those orders and would disclose protected law-enforcement material, including information concerning third parties who spoke with the Government; (c) redaction is not an adequate alternative, because the evidentiary value of the memoranda on the intervening-causation issue lies in the very substance the orders protect; (d) the Court has already ordered the same materials sealed, Doc. 325; and (e) the sealing sought is narrow—it reaches the exhibit alone, the Supplemental Addendum itself being filed in the public record and disclosing no protected material. Protecting law-enforcement material and the third parties identified in it is a recognized interest. *See United States v. Doe*, 962 F.3d at 147; *Va. Dep't of State Police*, 386 F.3d at 579 (recognizing a compelling interest in protecting the integrity of a law-enforcement investigation). Defendant is prepared to submit the exhibit for the Court's review *in camera* if that would assist the Court in making these findings.

7. **The relief sought is limited, and Defendant continues to seek unsealing elsewhere.** Defendant does not ask to seal the Supplemental Addendum,

which is public. Nor does this Motion ask the Court to keep the Special Master's valuation of AAPC from the public record: Defendant has asked, and asks again, that Appendix 1 to the Special Master's Second Supplement (Doc. 245) be unsealed so that the valuation and its premises may be examined and answered on an open record. The AAPC portion of Exhibit A is filed under seal only because, and only for so long as, Appendix 1 remains sealed.

8. For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file Exhibit A to his Supplemental Addendum under seal, and grant such other relief as is just and proper.

This Motion is filed in both of the above-captioned cases.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*/s/ Vivek Ramachandran*
Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
Email: vramachandran@dhammalaw.com
*Admitted pro hac vice*

*Counsel for Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: September 15, 2026

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*