UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>GREG E. LINDBERG,<br>*Defendant*. | No. 5:19-CR-22-MOC<br>No. 3:23-CR-48-MOC |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER**

The United States respectfully submits that the Court should deny Defendant's Motion for Reconsideration (Doc. 347), wherein the Defendant, over the course of 65 pages, flyspecks the Court's August 28, 2026 Order ("Order" (Doc. 330)) denying various of Defendant's motions to disqualify the Special Master and set aside his reports. Defendant claims that the Court should reconsider its prior Order because it is clearly erroneous and would cause manifest injustice. (Doc. 347 at 4). Even assuming this is the proper standard, Defendant fails to articulate a clear error, much less a manifest injustice, that merits reconsideration. Instead, Defendant rehashes, for dozens of pages, his revisionist history of his fraudulent conduct,[1] and he again repeats his interpretation of

[1] For example, Defendant now claims that while he caused the victim insurance companies to invest in billions of dollars of "illiquid" assets, including zero coupon bonds with 30 year maturities, he did not cause any losses because had his victims just been willing to wait until all of those investments paid off decades later, they would have gotten their principal back. (Doc. 347 at 25-26). This argument ignores reality and the time value of money, among other things. None of the cases cited by Defendant suggest that so long as a defendant plans to pay the victim back at any point in the future no matter how far, then no restitution is owed. Following Defendant's logic, the death of thousands of his insurance policyholders before the guarantee associations were able to pay them back was an "intervening cause" that renders him not responsible for their losses.

the record and his complaints about the form of pleadings and hearings in this case. Defendant raises the same arguments -- relying on largely the same inapposite cases[2] -- about these proceedings that new counsel had raised in hundreds, if not thousands, of pages of pleadings and attachments before this Court issued the Order. Indeed, much of the Motion simply narrates and quotes various proceedings and transcripts with which the Court is already familiar and was familiar when it previously ruled. There is nothing new here; the record spoke before and speaks now for itself; the Court did not err; and there is not any manifest injustice as to the restitution proceedings, which have not yet been completed. Mere disagreement with a ruling evinces neither error nor injustice.

Therefore, this Court should deny the Motion for Reconsideration.

---

[2] For example, Defendant criticizes the Order for not citing *United States v. Squirrel*, 588 F.3d 207 (4th Cir. 2009), which Defendant claims "rejected" the "very language" contained in Defendant's plea agreement wherein Defendant agreed to expand his restitution obligations under Section 3663A. (Doc. 347 at 57-58). Defendant's characterization of the language at issue in *Squirrel* is incorrect, as the language of Defendant's plea agreement is substantially broader than that in *Squirrel*. *Compare* Order at 1 with *Squirrel,* 588 F.3d at 216. Moreover, in *Squirrel*, unlike Defendant here, defendants had no part ("but for," "proximate," "indirect," or otherwise) in causing the victim's losses because they were solely accessories after the fact to the victim's murder and did not have a part in killing the victim.

RESPECTFULLY SUBMITTED, this 21st day of September, 2026.

DALLAS J.E. KAPLAN
ATTORNEY FOR THE UNITED STATES[3]

LORINDA I. LARYEA
CHIEF
WHITE COLLAR AND CORPORATE ENFORCEMENT SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

***/s/ Daniel Ryan***
Daniel Ryan
Dana Washington
Benjamin Bain-Creed
Assistant United States Attorneys
United States Attorney's Office
Western District of North Carolina

227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-3222
daniel.ryan@usdoj.gov

***/s/ Lyndie M. Freeman***
Lyndie M. Freeman
Trial Attorney
United States Department of Justice
1400 New York Avenue
Washington, DC 20005
Telephone: 202-616-5315
lyndie.freeman@usdoj.gov

[3] Acting under authority conferred by 28 U.S.C. § 515.