**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC<br><br>Judge Max O. Cogburn, Jr. |

## DECLARATION OF VIVEK RAMACHANDRAN

I, Vivek Ramachandran, declare as follows:

1. I am an attorney admitted pro hac vice in this matter and counsel of record for Defendant Greg E. Lindberg. I make this Declaration on personal knowledge in support of Defendant's Reply in support of his Motion for Reconsideration (3:23 Doc. 347).

2. Defendant's prior counsel in the restitution proceedings were Ryan J. Meyer and Brandon N. McCarthy of Katten Muchin Rosenman LLP.

3. On August 26, 2026, at 12:27 PM, Mr. McCarthy wrote that he was "not sure what specific items are needed" and asked for "the specific items to look for." At 12:39 PM I identified them: the data and spreadsheets behind the approximately $1.6 billion figure and the methodology; the calculations, spreadsheets, and data behind the offsets and credits; and the valuations of the Primary Restitution Assets and the Specified Affiliated Companies, including the updated valuation that had been disclosed only as a range. 3:23 Doc. 331-2, at 27–28.

4. Later on August 26, 2026, Mr. Meyer proposed a call. On the afternoon of August 27, 2026, Mr. McCarthy, Mr. Meyer, and I conferred by telephone for close to half an hour. Based on prior counsel's search and my own, we discussed the items that had been received and the items that had been requested but never produced by the Government.

5. Between August 26 and August 28, 2026, before and after that call, I spent hours reviewing the contemporaneous correspondence and records of what had been requested and what had been received. From that review I prepared a request-and-refusal chronology, running from the Special Master's appointment forward, and a list of the categories of materials that had been requested and not produced.

6. Based on that review of the correspondence, I went back to Mr. McCarthy and Mr. Meyer with the resulting chronology and list and circulated them for their review. I sent it to the Government only after that Mr. McCarthy had reviewed the list and chronology.

7. On August 28, 2026, at 3:14 PM, I sent the chronology and the list to counsel for the Government, on a new e-mail thread captioned "THIS IS A BRADY/GIGLIO SUPPRESSION, NOT A DISCOVERY SQUABBLE," with Mr. McCarthy and Mr. Meyer copied. 3:23 Doc. 345-2, at 7–19.

8. At 4:31 PM the same day, counsel for the Government acknowledged it, describing it as "a list of 54 overly broad categories," and did not identify any item on it as having been previously produced. He also wrote: "feel free to file whatever

additional motions you feel are appropriate with the Court, and we will respond as appropriate." 3:23 Doc. 345-2, at 6–7.

9. At 5:55 PM I reported the result of the search to counsel for the Government: "We went back to former counsel made them do a search and came back with what we don't have." *Id.* at 4. On August 30, 2026, I confirmed it again: "As already provided former counsel and current counsel have looked for all the requests and shown when each request was made." 3:23 Doc. 331-2, at 103.

10. The Government's opposition to the motions to compel states that I "refused to identify any material that he claimed was missing," that I "never made any genuine attempts to identify what information Defendant already received," and that, "rather than take prior counsel up on [the] offer" to search, I "incorrectly explained" that prior counsel had never received the information. 3:23 Doc. 341, at 12, 14–15. Those statements are not correct. The exhibit attached to that opposition ends at 9:58 AM on August 26, 2026, 3:23 Doc. 341-1, at 1, before each of the events described in paragraphs 3 through 9 above.

11. On September 14, 2026, Defendant's Reply in support of his motion to compel set out this chronology, with the e-mails attached, and asked that the Government correct the record. 3:23 Doc. 345, at 27–29; 3:23 Doc. 345-2. The Government has not withdrawn or corrected those statements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026.

*/s/ Vivek Ramachandran*
Vivek Ramachandran